# IN THE UNITED STATES DISTRICT COURT
## For The Eastern District of VIRGINIA
### Norfolk Division

DeVinche Javon AlBritton, #1016653

                Plaintiff,

    V.                    Civil Action No. 2:18cv689

S. Carpenter, et al,

                Defendant(s).

## Motion to Amend and Supplement Action

Comes Now DeVinche J. AlBritton, pro se, the Plaintiff in the above Styled Cause of action who respectfully moves this Honorable Court pursuant to Rule 15 (d) of the Federal Rules of Civil procedure to Amend and Supplement this Cause of action with New Cause(s) of action(s) and Newly Named Defendant(s), thereby alleging Subsequent Retaliation, discrimination, equal protection, and Due Process Violations in defiance of his 1st, 5th, 6th, and 14th Amendment Rights U.S.C. and States the following in Support thereof:

Plaintiff AlBritton while housed at the Sussex II State prison filed this Current § 1983 civil action to redress the violations of his Rights by Individually named prison officials, alleging Claim(s) of Retaliation for the exercise of his 1st Amendment and Violations of Equal protection and Due process under the 14th Amendment, stemming from his assistance to a Federal Court's Investigation and adjudication of a 2015 prison Rape case there at Sussex II, his persistent filing of Complaints and grievances, and pending personal Injury Lawsuits Whereupon AlBritton was stripped of his prison Job and privileges, and

page 1

Placed into Administrative Segregation, and robbed of his personal property by staff in retaliation. see e.g. > Martin V. Duffy, 858 F.3d 239, 249-50 (4th Cir. 2017) (finding that placing an inmate in administrative Segregation constitutes an adverse action of retaliation). Plaintiff Albritton now alleges further retaliation for his continued legal activities, filed Complaints, grievances, and refusal to cease his pending Court Lawsuits against the prison and staff.

## Applicable Standard of Review for Claim(s) of Retaliation

"Incarceration does not divest prisoners of all Constitutional protections." see > Shaw V. Murphy, 532 U.S. 223, 228-29, 121 S.Ct. 1475 (2001). Prison officials may not retaliate against prison inmates for filing a Lawsuit, > Turner V. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254 (1987). The right of access of the Courts is a Constitutionally protected right, and that right also encompasses access to the prison grievance process. see e.g. > Sherratt V. Utah Dep't of Corr, 545 Fed. Appx. 744 (10th Cir. 2013) (citing Fogle V. Pierson, 435 F.3d 1252, 1264 (10th Cir. 2006). Moreover, The Fourth Circuit has specifically recognized that, while there is No Constitutional right to access to prison grievance procedures, where an Inmate does engage in such procedures, "a reasonable prison official has fair warning that retaliation against one who filed a prison grievance is unlawful." > Booker V. South Carolina Dep't of Corr, 855 F.3d 533, 546 (4th Cir. 2017). "In order to prevail on a Claim of retaliation, plaintiff must allege either that the retaliatory act was taken in responce to the exercise of a Constitutional protected right or that the act itself Violated such a right." see > Adams V. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Prison Officials may not retaliate against a prisoner for exercising his First Amendment Rights. See > Atkinson V. Taylor, 316 F.3d 257, 270 (3rd Cir. 2003)

page 2

## Statement of the Fact(s)

Plaintiff AlBritton having endured the initial round of retaliation by Named Sussex II State Prison Officials was released from their administrative Segregation lock-up unit on September 21, 2018, whereupon he was placed back into 1-building and despite pressure from prison Staff to either withdraw or cease his Court litigation, AlBritton refused and continue to process this pending §1983 action and his State personal injury Lawsuit(s). On January 7, 2019, this District Court issued an order Conditionally filing Plaintiff AlBritton's retaliation Claim(s) against prison staff. (Exhibit #1) On January 21, -2019, upon a verbal agreement with Warden Cabell, Plaintiff AlBritton in exchange for dropping her name from his Lawsuit and protection from further Staff retaliation, AlBritton was allowed to return to his Kitchen Job which had been previously taken and barred by the Sussex II administration out of retaliation for his assistance with the U.S. District Court in Alexandria, Virginia's investigation of a 2015 prison Rape there at the prison. see (Exhibit # 2), However, because of Plaintiff AlBritton's refusal to end both his pending State and Federal Lawsuits in their entirety despite being restored back to his Kitchen Job, U/M Turner in retaliation arranged to have Plaintiff AlBritton robbed of all of his property, by moving his cell Partner C. Ulrich to another building when he knew that AlBritton was away at work in the Kitchen. See (Exhibit #3), Prior to the robbery and AlBritton's return to work in the Kitchen, he had spoken to U/M Turner about Offender Ulrich and his property concerns and that Turner had been sent an "Email" by former Senior Counselor Shaw Concerning the matter. see (Exhibit #4). Additionally, a few days prior to the February 14th, 2019, robbery, Sussex II Investigators delivered two Seperate Court service of process orders regarding his personal Injury

page 3

Lawsuit against the prison and his Federal §1983 retaliation Case against the Chief Investigator, both of which he refused to withdraw. see (Exhibit(s) #5, copy of Motion for Judgment and Order of the Richmond City Circuit Court, and #6, copy of this U.S. District Court's Order on February 11, -2019). Nevertheless, Plaintiff AlBritton frustratedly continued to pursue his complaint against W/M Turner and relevant staff regarding the February 14, 2019, robbery of his personal property while he was at work in the kitchen, where 30 days later, on March 26, 2019, Plaintiff AlBritton was given $99.74 worth of commissary to compensate the food and hygene stolen, however, at that time AlBritton refused A. Critton's, the prison's Grievance Coordinator's demand that he sign the voluntary withdrawal of his Grievance concerning the robbery, AlBritton citing that he was still owed for the electronics that were taken, to which A. Critton in response stated that she would now handle all future paperwork filed by Plaintiff AlBritton accordingly. Thereafter, Plaintiff AlBritton received the Warden's response to his robbery and compensation Complaint upon which Warden Cabell due to the fact that he had been given $99.74 compensation, found that his Grievance was "unfounded" to which his Appeal to the regional Administrator was also denied. see > - -(Exhibit #7). Thereafter, as Plaintiff AlBritton continued to work to fund his pending Court actions, he encountered being purposely placed in certain areas of the kitchen which for years had gone neglected and were in disrepair thereby presenting unsafe & hazardous condition, prompting Plaintiff after almost injuring himself, to write a complaint against Sussex II's maintenence Dept for them to come fix the cited kitchen Hazards, However, Kitchen Supervisor Intercepted Plaintiff's Complaint and answered his Complaint. (Exhibit #8). Nevertheless, Because the Maintenence Dept never came to repair the hazard in the kitchen, AlBritton further filed a Regular Grievance on the matter, upon which A. Critton, refused to file

Page 4

his grievance to the Warden for a response, stating that the issue did not affect AlBritton personally, and also contacted Ms Poarch, see - - (Exhibit #9). Ms Poarch, the next time seeing Plaintiff AlBritton told him that he would be fired for continuing to write complaints after he was told she would handle the matter. Thereafter, there was a Complaint filed by muslim offenders during "officer appreciation week" alleging that Kitchen Supervisor, Ms Poarch had allowed and facilitated prison staff C/m Turner, Captain Gills, and others to bring in unclean Pork products and Cook the food using "Common Fare" and Trinity Group Inc., materials, to which when confronted by Staff Plaintiff AlBritton disavowed any involvement with the filing of the Complaint. On May 20, 2019, Plaintiff AlBritton defiantly filed his response to the Prison's motion to dismiss his personal injury Lawsuit. (Exhibit #10) Three (3) days later, on May 23, 2019, a surprize Shakedown was conducted by Captain Gills and staff where numerous Kitchen Items were found from multiple offenders, and Sgt G. Parris who is well known and rumored to be a Racist amongst the Sussex II Offender general population, at the direction of Captain Gill who was present and conducted the shakedown, wrote Plaintiff AlBritton a false disciplinary charge of Stealing, where Sgt Parris falsely stated that Plaintiff AlBritton had stated to him that he had taken "all of the items from the dining hall" therefore the Charge was written and the Charge falsely written was processed by Captain Gill. see (Exhibit #11). Plaintiff AlBritton first was told that he was suspended pending the outcome of the Charge, however he later was told that he was Immediately terminated from his Job by the direction of Ms Poarch and Ms Taylor based upon Sgt Parris and Captain Gill's Stealing Charge, prompting AlBritton to write his Complaint as he was never given any paperwork or Due Process against the false Stealing Change as he was Innocent and Being Retatrated against, see (Exhibit #12). Plaintiff AlBritton after receiving the unsatisfactory response to his Complaint from Ms Poarch, filed a further Grievance to Warden Cabell where he had the Grievance Notarized and witnessed being placed into the Grievance Collection box, However, A. Critton, refused to acknowledge or

Page 5

file Plaintiff AlBritton's grievance, thus keeping her promise not to file anymore of AlBritton's grievances. see (Exhibit #13), Nevertheless, despite the fact that Sussex II prison staff extraordinarily moved for unusually long and unwarranted "Authorized Continuance(s)" delays for their false stealing charge against Plaintiff AlBritton as a means to pressure him into ending his pending Lawsuits against the prison to which he refused. see (Exhibits #14, #15, and #16), Consequently, Plaintiff AlBritton as a result of his legal activities, utilization of the prison's grievance process, and refusal to cease his pending civil lawsuits, has been the subject of retaliation where Plaintiff was robbed, given a false disciplinary charge, discriminately terminated from his prison work assignment without being afforded his rights of due process, and denied equal protection of the Law under the U.S. Constitution.

## Plaintiff's Argument and Memorandum of Law in Support

Plaintiff AlBritton argues that W/M Turner, Ms Poarch, Trinity Group Inc, Ms Taylor, A. Critton, Captain Gill, and Sgt Parris, including Sussex II's IHO Brown are all proper parties to this pending cause of action for their retaliatory actions towards him in violation of his Rights under the U.S. Constitution and therefore must be amended as Defendant(s) thereby. See > Griffin V. County School Board, 377 U.S. 218, 227, 84 S.Ct. 1226 (1964). Retaliation by public and prison Official(s) for the exercise of a Constitutional right is actionable under 42 U.S.C. §1983, even if the act, when taken for different reasons, would have been proper. > Mt. Healthy City School Dist. Bd of Education V. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977); see e.g. > ACLU V. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993) (instigation of Lawsuit implicates First Amendment right of access to courts) (quoting > Turner V. Safley, supra...) Additionally, Prisoners have a right under the First Amendment to

page 6

File a prison grievance free from retaliation, > quoting Booker V., -
-S. Carolina Dep't of Corr, 855 F.3d 533, 545 (4th Cir. 2017). An allegation
that prison official(s) filed false disciplinary charge(s) in retaliation
for the exercise of Constitutionally protected rights, such as filing of a
Civil rights suit or a prison grievance against prison officials states
a Cause of action under §1983. > Milhouse V. Carlson, 652 F.2d 371, -
-373-74 (3rd Cir. 1984); also > Goff V. Burton, 7 F.3d 734, 738 (8th Cir. 1993)
In order to prove a retaliation claim, the prisoner must demonstrate
that his litigation activities Constituted the actual motivating factor, -
-See McDonald V. Hall, 610 F.2d 16 (1st Cir. 1979), or the "but for" Cause
of the Conduct, > Huang V. Board of Governors, 902 F.2d 1134, 1140 (-
-4th Cir. 1990) (Citations omitted). A Jury will be permitted to assess
punitive damages in an action under §1983 when the defendant(s)
Conduct is shown to be motivated by evil motives or intent or when
it involves reckless or callous indifference to federally protected rights
of others. > Smith V. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625 (1983)

Here, these individuals named as defendant(s) operating under the
authority of the Commonwealth of Virginia and the regular policy or
Custom of an entity Contracted by the Commonwealth have taken
adverse action(s) against Plaintiff AlBritton in clear retaliation
for his pending litigation activities and filed prison grievances as
demonstrated by the relevant numbered Exhibit(s) presented herewith in
support of this motion to Amend and Supplement Action.
Plaintiff AlBritton argues that "but for" his pending legal activities
and prison grievances filed against relevant prison staff, then he
would not have been set up to be robbed after U/m Turner was
notified, refused complete compensation therefrom, or denied the
filing of any further prison grievances there after by A. Critton
for refusing to voluntarily withdraw the grievance against U/m Turner,

page 7

given a false disciplinary charge for stealing by Sgt Parris and Captain Gill, discriminately terminated from his Kitchen work assignment based upon the false disciplinary stealing charge which was never heard and dismissed without being afforded due process by Ms Poarch and Ms Taylor which is the regular policy and custom of Trinity Group Inc, towards VA Dept of Corrections Offenders, and denied equal protection and due process to have filed further Challenge to said violations through the prison's grievance procedure per A. Critton's intent as alleged. see > <u>Whitus v. Georgia</u>, 385 - - U.S. 545, 550, 87 S.Ct. 643 (1967).

## Closing Statement

Wherefore Plaintiff DeVinche AlBritton prays this Honorable Court for the reasons given herein and upon Consideration of the Evidence submitted in support thereof, to Grant his foregoing Motion to Amend and Supplement his pending <u>§1983</u> Civil action pursuant to Rule 15(d) of the Federal Rules of Civil Procedure thereby Naming: Unit Manager Turner, A. Critton, Captain Gill, Sgt Parris, Ms Poarch, Trinity Group, Inc., Ms Taylor, and IHO Brown as defendant(s) upon Claim(s) of Subsequent Retaliation, discrimination, due process and equal protection violations under the U.S. Constitution to be adjudicated by this Court with a Jury.

Respectfully Submitted.

DeVinche J. AlBritton #1016653
Sussex II State Prison
24427 Musselwhite Dr
Waverly, VA 23891

Page 8

## Plaintiff's sworn Statement

I, DeVinche Javon AlBritton do hereby swear under the penalty of perjury that each and every statement of the facts given herein this foregoing Motion to Amend and Supplement Action to be the absolute truth and accurately stated to the best of my ability on this ___3rd___ day of ___September___ 20_19_.



DeVinche J. AlBritton #1016653

## Certificate of Service

I, DeVinche AlBritton do swear that a true Copy of this foregoing Motion to Amend and Supplement Action has been mailed to: Wm Turner, A. Gritton, Captain Gill, Sgt Parris, Ms Taylor, IHO Brown, and Ms Poarch; at their Place of business, Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891, Trinity Group, Inc, 477 Commerce Blvd, Oldsmar, Florida 34677, and to the office of the Attorney General, 202 North 9th St, Richmond, VA 23219 on this ___3rd___ day of ___September___ 20_19_.

DeVinche AlBritton #1016653
Sussex II State Prison
24427 Musselwhite Dr
Waverly, VA 23891



Page 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED
JAN - 7 2019
CLERK, US DIST'R'CT COURT
NORFOLK, VA
```

DEVINCHE ALBRITTON,

        Plaintiff,

  v.

                                  ACTION NO. 2:18cv689

S. CARPENTER, *et al.*,

        Defendants.

## ORDER

Plaintiff, a Virginia inmate, submitted this *pro se* action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. Compl., ECF No. 1. Plaintiff, however, has not submitted either the statutory filing fee of $350.00 or an *in forma pauperis* application. The Court cannot process Plaintiff's Complaint until he pays the statutory filing fee or submits an *in forma pauperis* application. *See* 28 U.S.C. §§ 1914(a), 1915(a)(1). Accordingly, if Plaintiff wishes his submission to be considered by the Court, he is **DIRECTED** to either remit the statutory filing fee of $350.00, or complete and submit an *in forma pauperis* application, within thirty days of the date of entry of this Order. Plaintiff is ADVISED that if he fails to do so, the Court will dismiss this action without prejudice.

The Clerk is **DIRECTED** to send a copy of this Order and a copy of the Court's *in forma pauperis* application to Plaintiff.

IT IS SO **ORDERED**.

Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia

_____, 2019

*(Exhibit #2)*

To:  D. Albritton #1016653 (1D30)

Mr. Albritton, I have asked Administrative staff if you could return back to the kitchen.  I was informed, "no."

Senior Counselor Shaw



$\left( Exhibit \#2 \right)$

# Victor M. Glasberg &Associates ATTORNEYS

121 South Columbus Street  Alexandria VA 22314  telephone: (703) 684-1100  fax: (703) 684-1104
www.robinhoodesq.com

Victor M. Glasberg
vmg@robinhoodesq.com

Maxwelle C. Sokol
msokol@robinhoodesq.com

*Of Counsel*
Stephen G. Cochran
Bruce A. Fredrickson

August 14, 2018

Mr. DaVinche Albritton
#1016653
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

Dear DaVinche:

      If you have been penalized for providing assistance to Elijah Maven without having violated any lawful prison rules or procedures, that is a serious offense for which I will seek to have the correctional officers in question held accountable in court. You may – *may* – be entitled to money damages if they have acted improperly as you advise.

      In order to proceed, I need from you a statement that begins with: "I, DaVinche Albritton, declare under penalty of [perjury that the following is true," and then states the following:

    1.    A very brief introductory statement regarding your status at Sussex II.

    2.    Your description of what you have done to assist Elijah. You should point out that your assistance was begun at your initiative, not anyone else's. Be as specific as you can, with names, dates or approximate dates, etc.

    3.    Your explanation of what the prison authorities apparently learned about your effort to help Elijah, and how they learned of it.

    4.    Your infraction history, and whether you have done anything (other than helping Elijah) that might, in the view of correctional officers,

(Exhibit #2)

Mr. DaVinche Albritton
August 14, 2018
Page 2

justify your being placed in segregation.  Keep in mind that they
will attempt to justify their actions by blaming you for some kind
of misconduct.  If you have received an infraction, please describe
it.  If it was bogus, explain why.  In that case you should have
grieved it, and should do so now if you did not do so previously.

5.   You have grieved your placement in solitary for having helped
     Elijah.  (If you have not done so, you must do so ASAP.)

Sign and date the statement.  It need not be notarized.  I enclose a stamped
self-addressed
envelope for you to send your statement.

If there is no justification for your placement in solitary, this is a very
serious offense by prison staff and I will not ignore it.  Please get back to me as
promptly as possible.

Sincerely,

Victor M. Glasberg

Enclosure

MavenElijah\Letters\Albritton2018-0814



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

ELIJAH MONTRELL MAVEN, #1188199

      Plaintiff,

v.

                                     Civil Action No. 1:16-cv-998

BARCLIFF, et al.,

      Defendants.


### ANSWER

Defendants R. Wallace, A. Jones, S. Barcliff, W. Dickerson, and A. Bentley, by counsel, answer the Complaint as follows:

### FIRST DEFENSE

The Defendants deny that the present action is cognizable under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

### SECOND DEFENSE

The Defendants deny that the Plaintiff has been denied any rights protected by the United States Constitution or any portion of the United States Code.

### THIRD DEFENSE

This Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

The Defendants deny that the Plaintiff has suffered any cognizable injuries or damages as a result of any act or omissions on the part of the Defendants and demand strict proof thereof.


*(Exhibit #2)*



VIRGINIA
DEPARTMENT OF CORRECTIONS
SUSSEX II STATE PRISON

Offender Request 801_FSA_7-12

## Offender Request

**DIRECTIONS**
1. Fill in your Name, Number, Full Housing Assignment
2. Please Print your request; KEEP IT BRIEF
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| A/Britton | DeVinche | J | 1016653 | 3A-17 |

| WORK ASSIGNMENT | ASSIGNED COUNSELOR | TODAY'S DATE |
|---|---|---|
| NA | NA | 8-10-18 |

**TO:** ☐ Counselor  ☐ Medical  ☐ Personal Property  ☒ Law Library  ☐ Mailroom
☐ Unit Manager  ☐ Mental Health  ☐ Education  ☐ Hearings  ☐ Accounting
☐ Ombudsman  ☐ Dentist  ☐ Food Service  ☐ Recreation  ☐ Commissary
☐ IPM-Programs Mgr.  ☐ Chaplain  ☐ Workforce Specialist  ☐ Enterprise Laundry  ☐ Laundry
☐ EBP Manager  ☐ Assistant Warden  ☐ Warden  ☐ Other

**CHECK PURPOSE:** ☐ Appointment Request  (Applicable departments only.) ☐ Question/Statement

Dear Ms Vandermark, I am writing you to plead for your Help & Assistance with the Harrassment and Mistreatment being done to me by Lt Carpenter and the other Investigators where they have kept me locked up under Investigation " for 2 weeks ongoing for an alleged fight in 1 Building which I had No Knowledge or involvement of who, what, when, or where! I have been working in the Kitchen for the passed 30 days, 2am-11am, and I have been staying out of the way, However, on 8-3-18 as I was coming from work, I was locked up and wasn't told why until 8-9-18. Lt Carpenter and these Investigators know I had No involvement or Knowledge, yet they still got me locked up; and my mom was Hospitalized from the stress of this matter and her being refused to visit me on 8-5-18! Lt Carpenter should not be allowed to get away with what she's done to me, I lost my Job, visit, and privileges, and Im punished when I am Innocent! please Help me The Warden needs to kn

DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE

## RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____  Date: _____

Intel made the decision to place you under investigation. This will be locked into

**RECEIVED**

OCT 02 2018

Ombudsman Unit
Eastern Region

Offender seen ☐ Yes ☐ No

M Vandermark
Official Responding

*(Exhibit #2)*

**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance** 866_F1_4-1

# REGULAR GRIEVANCE

Log Number: SXII-18-Dec-00218

| AlBritton DeVinche | 1016653 | 4-Delta | 44 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |

| Individuals Involved in Incident  Lt Carpenter, Intel | Date/ Time of Incident  August 3, 2018 |
|---|---|

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) I am dissatisfied with the response given to my Informal Complaint #SXII-18-INF-04610, where I clearly stated that Lt Carpenter on 8-3-18 retaliated against me for my legal activities concerning pending Court actions including my assistance in maven's 2015 prison Rape Case, Lt Carpenter clearly violated my Constitutional Rights where I was stripped of my Kitchen Job, privileges, pay, and housing assignment because I continued to correspond with Maven's Attorney and Lt Carpenter decided to lock me up on some fictitious pretense of an Investa In order to punish me for my legal work and to stop me continuing Lt Carpenter lied to her fellow prison staff to arrange for me to be locked up under investigation for an alleged fight that she knew I had no knowledge or involvement all done out of retaliation and to cover things up!

**What action do you want taken?** I respectfully demand that Lt Carpenter be removed as Chief Investigator, I be given a full apology, I be restored back to my Kitchen Job and that I be Compensated for my pain, suffering, and for every day I missed that I should be paid

RECEIVED

OCT 02 2018

Ombudsman Unit
Eastern Region

| Grievant's Signature: | Date: 8-23-18 |
|---|---|

**RECEIVED**

Warden/Superintendent's Office: H Britton

Date Received: 8-28-18

AUG 28 2018

GRIEVANCE OFFICE Revision Date: 4/28/17
SUSSEX II STATE PRISON



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance** 866_F1_4-'?

**INSTRUCTIONS FOR FILING**: You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*.<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____<br>_____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____ Date: _____

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

Regional Review of Intake (within 5 working days of receipt)

| | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____ Date: _____

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____ Date: _____

Staff Witness: _____ Date: _____

*Revision Date: 4/28/17*

*(Exhibit #2)*



VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level I**

866.1 A-6
DOC Location: SXII Sussex II State Prison
Report generated by Critton, A L
Report run on 09/27/2018 at 2:45 PM

| Offender Name | DOC# | Location | | Grievance Number |
|---|---|---|---|---|
| Albritton, Devinchi J | 1016653 | Current | Sussex II State Prison | SXII-18-REG-00218 |
| **Housing** | | **Filed** | Sussex II State Prison | |
| HU1-D-30-B | | | | |

LEVEL I:     WARDEN/SUPERINTENDENT'S RESPONSE     (To be completed and mailed within 30 calendar days)

**In your grievance you stated,** "That my 1st, 6th, 8th and 14th Amendment Rights U.S Constitution are being violated by the Sussex II Intel Department. I was informed that Lt Carpenter ordered me to be placed on General Detention pending Investigation as of August 3, 2018, where I was stripped of all my rights and privileges, my housing assignment, job in the kitchen and visits with my family. This was a result of my legal activities and in retaliation for my legal activism and filed complaints and court actions. I did nothing wrong to anyone and yet I was locked up on some fictitious pretense of an Investigation as punishment for my legal work!"

**As a result of this grievance,** I respectfully demand that Lt. Carpenter be removed as Chief Investigator. I would like to be given an apology, restored back to my kitchen job, and that I be compensated for my pain and suffering."

**The results of the informal process reveals,** per Unit Manager B. Perkins, "I am reviewing your case with the investigators. Investigation may last up to 15 working days."

**An investigation into your complaint reveals,** per Intel Lt. M. Carpenter, "On August 3, 2018, you were not placed special housing due to the intel department. I do not have any knowledge of your allegations."

**A restricted policy governs your grievance.**

**After thoroughly reviewing the information presented by staff and the policy governing the issue, I find there has not been a violation of policy; therefore, this grievance is UNFOUNDED.**

RECEIVED

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:
Regional Admin. 14545 Old Belfield Road, Capron, VA  23829

OCT 0 2 2018

Ombudsman Unit
Eastern Region

| RWall   RWallace | 0927·18 |
|---|---|
| Warden/Superintendent | Date |

I wish to appeal the Level I response because: *I am dissatisfied with the investigation and response given in the above to my complaint raised in my Grievance where R. Wallace, failed to conduct a fair and reasonable investigation and review of the Violation of my Constitutional Rights committed by Lt M. Carpenter on August 3, 2018, as Wallace purposely ignored facts and clear proof that Carpenter had me placed in Special housing per the Sussex II Intel Dept on August 3, 2018, in favor of only considering Lt Carpenter's statement, which is clearly "belied" by*

Rev. 05/31/2007

| Offender Signature _(signature)_ | Date 9-28-18 |

→ the Institutional Classification Authority Hearing Notification Form · DOC-11, signed by myself on 8-5-18, the Informal Complaint # SXII-18-INF-04610, that I filed on 8-6-18, and the Request form I sent to Ms Vandermark, acting Operation Officer of Sussex II prison on 8-10-18, all of which were submitted and Attached herewith. Ms Wallace clearly is acting in Collusion with Lt Carpenter and is trying to cover up the fact that Carpenter retaliated against me in violation of my 1st, 6th, 8th, and 14th Amendment Rights by having me locked up on 8-3-18 when I was coming from work in the Kitchen that morning and placed in special Housing Unit #3 on General Detention status, Pending Investigation for no valid reason, but for my Legal work activities and refusal to withdraw my pending Lawsuits, while citing that she had received an "Anonymous" "Kite" saying I had violated a Sussex II prison Rule as a pretense to lock me up under Investigation, and each and every Time Unit Manager Perkins did his ICA hearing and asked wheather I could be released from Segregation lock up, Lt Carpenter and her Intel Dept told U/M Perkins I was still being Investigated and needed to Remain on Segregation Pending Investigation Status. the fact of the Matter is that Lt Carpenter is now Caught in a lie as shown by the paperwork and her Statement given to ~~the~~ Ms Wallace, where she falsely stated that I was not placed in the special Housing due to the Intel department on 8-3-18, whereas numerous Sussex II staff witness to Lt Carpenter's actions where they were used by her to accomplish her plan to retaliate and lock me up, and the paperwork proves such! As a result of Lt Carpenter's actions against me in violation of my Rights, I have served 35 calender days in Segregation lock up pending a false Investigation when I did nothing wrong and was Innocent and I lost my Kitchen Job where I've been out of work for 60 days losing earnings to pay for my living expenses and legal Fees! It is ridiculous for Ms Wallace to have denied my Grievance as Unfounded based solely on Lt Carpenter's False statement that on August 3, 2018, I was not placed in special Housing due to the Intel department whereas the documentation and facts clearly prove otherwise! I respectfully demand that Lt Carpenter be removed as Chief Investigator, I be given an apology, that I be restored to my Kitchen Job and Compensated for my pain and Suffering Caused by the Violation of my Rights!

*(Exhibit #2)*

## Declaration of DeVince Javon Albritton

I, DeVince Javon Albritton, declare under penalty of perjury that the following is true:

1. I am currently an inmate at Sussex II State Prison. I have a reputation as an inmate with some knowledge of the law due to my time spent in the law library.

2. Previously, I was an inmate at Sussex I State Prison. In November 2016, a fellow inmate, Elijah Maven, requested my help with a civil action he was pursuing against staff at Sussex II. Mr. Maven had been raped by a cellmate at Sussex II after his pleas to be moved to a different cell were ignored. I agreed to help him.

3. On September 27, 2017, I was moved to Sussex II. I began to ask other inmates whether they had any knowledge of Mr. Maven's rape. I located one offender, Shawn King, who had overheard Mr. Maven request help from prison staff shortly before the rape. I accompanied Mr. King to the supervisor's office with the intention of getting his written affidavit signed and notified. There, we were confronted by U/M Rollins, who read over the affidavit and questioned us as to why we were getting involved in Mr. Maven's case. She said we should be investigated, and that we wouldn't be allowed access to a notary because we had failed to submit a request in advance, which would take at least seven days for approval. Mr. King submitted a non-notarized affidavit. I continued to correspond with Mr. Maven's attorney, Mr. Glasberg.

4. On July 23 or 24, 2018, Lt. Carpenter and the intel department called me to the watch commander's office. They had my legal mail from Mr. Glasberg. They asked me if I liked working in the kitchen and whether I was still filing lawsuits. I stated I would never stop fighting for my constitutional rights and I wasn't doing anything wrong or illegal. Someone said, "Yeah, you need to mind your own business."

5.  Subsequently, on August 3, 2018, I was moved to the segregation unit. Initially, staff refused to tell me why I was moved. On August 9, Lt. Carpenter told me she'd heard I was in a fight in 1-Building and asked if that was true. I stated, truthfully, that I was not in a fight like the one she described, and signed a statement to that effect.

6.  On August 17, I was finally released from segregation. Instead of being returned to 1 Building where I was before, I was placed in 4 Building, Delta Pod, where gang members are held. I was prevented by other inmates from using the phones or speaking to others, and I was afraid of being robbed or beaten. I was also not allowed to be reinstated in my position in the kitchen.

7.  I believe Lt. Carpenter had me placed in the segregation unit as retribution for my legal activities, including my assistance to Mr. Maven with his suit against Sussex II staff. Likewise, I believe that she deliberately set up my situation in 4 Building, Delta pod, and that she has prevented me from resuming my job in the kitchen.

_____           Dated: January 21, 2019
DeVince Javon Abritton



VIRGINIA
DEPARTMENT OF CORRECTIONS

FEB 15 2019



(Exhibit #3)

Informal Complaint 866.13.4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: DeVinche J. Albritton   Offender Number: 1016653   Housing Assignment: 1 Delta #30

Individuals Involved in Incident: C/O Coleman & W/M Turner   Date/Time of Incident: 2-14-19 9-10am

- [ ] Unit Manager Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [x] Other (Please Specify): Warden Cabell
- [ ] Institutional Program Manager
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): That on 2-14-19 my 1st, 4,8th, and 14th Constitutional Amendment, State Created Liberty Interest, and Property rights were blatantly violated by W/m Turner and Sgt Coleman who caused, facilitated, and allowed my Former Cell Partner C. Ulrich to pack up with, steal, and rob me of over $100.00 worth of Commissary, Holiday Pack, and Property Item(s) by moving him out of our Cohabitation Cell without me being present and while I was at work in the Kitchen as when I returned at around 11am, I found all my Items listed in the above, food, hygiene, etc... gone I asked for help, No one listened. Turner was warned prior and took No action, this matter is a result of retaliation by Staff for pending Civil Litigation for which all involved will be held judicially accountable

Offender Signature: _DeVinche Albritton_   Date: 2-14-19

### Offenders - Do Not Write Below This Line

Date Received: 2/15/19   Tracking #: SX11-19-INF-60848

Response Due: 3/8/19   Assigned to: Turner

Action Taken Response:

Spoke with Sgt Coleman about this complaint. He informed me that he spoke with you and asked you to present a receipt for the commissary missing. No receipt was presented.

Respondent Signature: _K.S. Turner_   Printed Name and Title: K.S. Turner   W/m   Date: 2-26-19

### WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____   Date: _____

Staff Witness Signature: _____   Date: _____



VIRGINIA
DEPARTMENT OF CORRECTIONS                    (Exhibit #3)          Regular Grievance  866_F1_4-1

## REGULAR GRIEVANCE

Log Number: _____

| AlBritton DeVinche | 1016653 | 1 Delta | 1D-30 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |
| U/m Turner and Sgt Coleman | 2-14-19 | 7am-10am | 30-13 |
| Individuals Involved in Incident  U/m Turner & Sgt Coleman | Date/ Time of Incident | | |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process:  Attach Informal Complaint response or other documentation of informal process.) I am dissatisfied with the response given to my Informal Complaint (Attached) -#SXII-19-INF-60848, regarding the February 14, 2019, robbery of my property by offender C. Ulrich and others which was facilitated, allowed, and sanctioned by U/m Turner and Sgt Coleman while I was at work, in the Kitchen 2am-11am Shift. There has been nothing done in regards to me being compensated for what was precipitated by Staff, as I was supposed to have been protected from being robbed if proper prison procedures was followed. I am very disappointed by the fact that No one has given me any official paperwork stating I will be compensated for my property and the persons responsible being held accountable and I dont understand why I am being ignored for this matter!

**What action do you want taken?** I respectfully demand to be fully compensated for my stolen property and that everyone responsible and involved be held accountable. on face Court and Civil Lawsuit for everyday I am made to suffer this Violation as I gave my reciepts to Turner on 3-1-19

Grievant's Signature: _~~Jellitt~~_ _____    Date: 3-5-2019

Warden/Superintendent's Office: _____

Date Received: _____

R. OWEN
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7506929
My Commission Expires 7/31/19

*Revision Date: 4/28/17*

(*Exhibit #4*)



VIRGINIA
DEPARTMENT OF CORRECTIONS
SUSSEX II STATE PRISON

**Offender Request** 801_F3A_7-12

## Offender Request

**DIRECTIONS**
1. Fill in your <u>Name, Number, Full Housing Assignment</u>
2. Please <u>Print</u> your request; <u>KEEP IT BRIEF</u>
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| AlBritton | DeVinche | V | 1016653 | 1D-30 |
| **WORK ASSIGNMENT** | **ASSIGNED COUNSELOR** | | **TODAY'S DATE** | |
| Kitchen | Ms Owens | | Jan 19, 2019 | |

TO: ☒ Counselor ☐ Medical ☐ Personal Property ☐ Law Library ☐ Mailroom
☐ Unit Manager ☐ Mental Health ☐ Education ☐ Hearings ☐ Accounting
☐ Ombudsman ☐ Dentist ☐ Food Service ☐ Recreation ☐ Commissary
☐ IPM-Programs Mgr. ☐ Chaplain ☐ Workforce Specialist ☐ Enterprise Laundry ☐ Laundry
☐ EBP Manager ☐ Assistant Warden ☐ Warden ☐ Other

**CHECK PURPOSE:** ☒ Appointment Request (Applicable departments only.) ☐ Question/Statement

Dear Counselor Shaw,    Thank you so very much for everything you have done for me in regards to making sure I was treated fairly in the process of me getting my Kitchen job back! Ms Shaw, I would further ask your help with a problem I'm having with my Cell Partner Offender Ulrich, where this young man is acting in a very unproductive and self-destructive manner and that I can no longer live with him, where this past weekend, he damaged my property and legal paperwork by spilling and soaking my stuff with Wine! After I told him not to bring that stuff in the cell! I tried to talk to U/M Turner, but he kind off rebuffed me saying he didn't have the authority! →

DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE To move him?

## RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

You're welcome. I'm going to send this Request to Mr. Turner to handle. I do not have any control over any movements within the housing units. I've also sent an email message as well.

cc: Mr. Turner, Unit Manager (can you handle?)

RECEIVED
APR 29 2019

Offender seen ☐ Yes ☐ No

L. Shaw, Sr. Counselor
**Official Responding**

1-25-2019
**Date of Response**

*(Exhibit #5)*

VIRGINIA:

IN THE _Circuit_ COURT FOR _Richmond_ CITY/COUNTY

_DeVinche Javon AlBritton #1016653_
                              Plaintiff,

v.                                        Case No. _CL18-6367_
                                          _Filed Dec 27th, 2018_
COMMONWEALTH OF VIRGINIA,
                              Defendant.

## MOTION FOR JUDGMENT

COMES NOW the plaintiff, _DeVinche AlBritton, #1016653_, proceeding pro-se, pursuant to Virginia Code § 8.01-195.1, et. seq., and moves this Honorable Court for judgment against the named defendant on the grounds set forth herein. In support of this motion for judgment, plaintiff states as follows:

1.      Plaintiff is an inmate incarcerated at _The Sussex II State Prison,_ _24427 musselwhite Dr, Waverly, Virginia 23891_ _____ and commences this action pursuant to Virginia Code § 8.01-195.1, et. seq.

2.      Plaintiff has exhausted all available remedies provided him via inmate grievance procedure promulgated by the Virginia Department of Corrections. See *Affidavit of Exhaustion of Grievance Procedure*, attached.

3.      Plaintiff submitted a timely filed Notice of Claim to the Director of Risk Management, pursuant to Virginia Code § 8.01-195.6.

4.      Plaintiff has commenced this action within one (1) year of the event(s) that gave rise to it, as required by Virginia § 8.01-195.7, exclusive of the time taken to exhaust all required remedies via the inmate grievance process provided by the Virginia Department of Corrections.

5.      Plaintiff proceeds with this action in this Honorable Court because the events that give rise to this action occurred when plaintiff was housed at a facility located within this Court's jurisdiction.

6.      NATURE OF THE CLAIM:  _See (Attachment #1)_
_____
_____
_____
_____

(Attach additional sheets if necessary)

2

( Attachment # 1 )                                ( Exhibit # 5 )

## Nature of The Claim

That on October 26, 2017, at around 10am, while housed at the Sussex II State Prison, in Housing Unit #1, Delta Pod, I came out of the shower area to speak with the Pod Floor Officer, C/o Dickerson, and to go to my assigned Cell, but as I descended the staircase to the Ground Floor, I tripped and was made to Fall down the staircase which was later found to be damaged and missing edge pieces of concrete from a few of the steps of the staircase. I tumbled down the damaged and defective staircase, where I scraped and injured myself upon hitting the steps as I fell and landed on the ground floor very hard and I hit my head. I was then Immediately taken to Sussex II Prison's Medical, where the First Responder Nurse took a very large and thick hypodermic syringe and injected a Cortisone shot into my Leg muscle as to prevent further damage, swelling, and pain to my Joints and ligaments and to keep such from locking up is what I was told. I stayed in the Prison's Medical Infirmary for 24 hours as it was too painful for me to walk but then I was Forced to leave the Infirmary at the Direction of the Prison's Staff.

Respectfully Submitted

DeVinche Albritton #1016653
Sussex II State Prison
24427 musselwhite Dr
waverly, VA 23891

R. OWEN
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7505929
My Commission Expires 7/31/19



7.   As a direct and proximate cause of actions, inactions, negligence or fault of defendant, plaintiff lost or has been deprived of the following: _Offender Work assignment(s)_

which was valued at $ _1,500.00_            ; and/or

8.   As a direct and proximate cause of actions, inactions, negligence or fault of defendant, plaintiff has suffered great pain and/or emotional distress, and has received permanent injuries to his person, and has incurred and will continue to incur medical treatments, bills and expenses in an attempt to be cured.

WHEREFORE, plaintiff seeks judgment against the defendant(s), jointly and severally, in the amount of $ _25,000.00_, not excluding further cost or expenses which may be deemed by this Court.

_* Assigned to Judge Snukalas_

Respectfully submitted;

Plaintiff _DeVinche AlBritton #1016653_

Name: _DeVinche AlBritton_
Inmate No.: _1016653_
Address: _Sussex II State Prison_
_24427 Musselwhite Dr_
_Waverly, VA 23891_

R. OWEN
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7553929
My Commission expires _7/31/19_

COMMONWEALTH OF VIRGINIA:
CITY/COUNTY OF _____:

The plaintiff being first duly sworn, says that he signed the foregoing motion for judgment and that the facts stated in the motion are true to the best of his information and belief.

_____
Signature of Plaintiff

Subscribed and sworn to before me this ____24th____ day of ___November___,

20 _18_.

My commission expires: ___July 31, 2019___

_____
Notary Public

3

*(Exhibit #5)*

**VIRGINIA:**

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

DEVINCHE JAVON ALBRITTON, #1016653,

     Plaintiff,

v.                                 CASE NO. CL18-6367 – S

COMMONWEALTH OF VIRGINIA,

     Defendant.

## ORDER

     On this day the Court considered the pleadings of the parties and the arguments advanced therein.

     UPON CONSIDERATION WHEREOF, it appearing that Plaintiff is an inmate who is bringing a *pro se* civil action for monetary damages, that as of July 1, 2002 all *pro se* civil actions for "money damages brought under the laws of this Commonwealth, or for injunctive, declaratory or mandamus relief, brought by prisoners incarcerated in any state or local correctional facility" are subject to the Virginia Prisoner Litigation Reform Act contained in Virginia Code §8.01-690; that Plaintiff was incarcerated at Sussex II State Prison located in the County of Sussex at the relevant times; that pursuant to Virginia Code § 8.01-693 venue is proper in the County of Sussex; it is therefore

     ADJUDGED, ORDERED AND DECREED that this case is, and the same shall be, transferred to the Circuit Court of Sussex County and Defendants shall file their responsive pleadings within thirty (30) days after the date of entry of this order.

     Pursuant to Rule 1:13 Rules of the Supreme Court of Virginia endorsement of Plaintiff is waived and his objections and exceptions are duly noted.

*(Exhibit #5)*

It is further ORDERED that the Clerk of this Court shall send an attested copy of

this order to the Plaintiff and counsel for the Defendant.

ENTER: *9/6/19*

*Beverly at Snukals*
                                 Judge

I ASK FOR THIS:

*Stacie A. Sessoms*
Stacie A. Sessoms
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-4486
(804) 786-4239 (Fax)
VSB #70876

BY:_____D.C.

CL18-6367

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
┌─────────────────────────────┐
│           FILED             │
│  ┌───────────────────────┐  │
│  │      FEB 1 1 2019      │  │
│  └───────────────────────┘  │
│   CLERK, US DISTRICT COURT  │
│        NORFOLK, VA          │
└─────────────────────────────┘
```

DEVINCHE ALBRITTON,

        Plaintiff,

v.                                          ACTION NO. 2:18cv689

S. CARPENTER, *et al.*,

        Defendants.

## ORDER

    Plaintiff, a Virginia inmate, filed this *pro se* action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. Compl., ECF No. 1. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*. Mot. Leave Proceed *In Forma Pauperis*, ECF No. 3.

    Plaintiff is ADVISED that, under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action who applies to proceed *in forma pauperis* must pay the full amount of the filing fee.[1] 28 U.S.C. § 1915(b)(1); *see* 28 U.S.C. § 1914(a) (requiring payment of a full filing fee for all actions except

---

[1] The relevant portion of 28 U.S.C. § 1915 provides:

    (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

        (A) the average monthly deposits to the prisoner's account; or

        (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

    (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

petitions for writs of habeas corpus). Accordingly, if Plaintiff chooses to pursue this action, he will be required to pay the statutory filing fee of $350.00. However, if Plaintiff is allowed to proceed *in forma pauperis*, he may pay the filing fee in installments. An initial partial filing fee will be assessed equal to twenty percent of the greater of (1) the average monthly deposits to Plaintiff's inmate account or (2) the average monthly balance in Plaintiff's inmate account for the six-month period immediately preceding the filing of this Complaint. Thereafter, Plaintiff is required to make monthly payments of twenty percent of the preceding month's income. After the initial partial filing fee is paid, payments will be deducted automatically from Plaintiff's inmate account and forwarded, by the institution at which Plaintiff is incarcerated, to the Clerk in accordance with § 1915(b)(2). Payments will continue to be deducted even after the action has been resolved. However, if Plaintiff does not wish to make installment payments, Plaintiff may pay the entire $350.00 filing fee in one lump sum.

If Plaintiff wishes to proceed with this action, he is **ORDERED** to either sign the enclosed Consent to Collection of Fees form and RETURN IT TO THE COURT or to submit the full statutory filing fee in the amount of $350.00 **within thirty days of the date of entry of this Order.** If Plaintiff does not sign and return the Consent to Collection of Fees form or submit the statutory filing fee of $350.00 within the thirty-day period, the Court will assume that Plaintiff does not wish to pursue this action. Accordingly, Plaintiff is ADVISED that failure to return the Consent to Collection of Fees form or to submit the full statutory filing fee will result in the DISMISSAL of this action without prejudice. Plaintiff is further ADVISED that if he does not wish to continue with this action, he may move to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).

Additionally, Plaintiff is ADVISED that the Court will not act upon any other motion, pleading, or request until any assessed initial partial filing fee has been paid. *See* 28 U.S.C. § 1914(c) (stating that courts may require advance payment of mandatory filing fees). Any document submitted in violation of this provision will be filed subject to defect. If Plaintiff wishes the Court to act on any such document, it must be resubmitted in its entirety after Plaintiff has paid any required initial partial filing fee.

The Clerk is **DIRECTED** to send a copy of the document titled, "Selected Procedural Information for Prisoners Who Have Filed a Civil Rights Complaint" to Plaintiff. Plaintiff is **DIRECTED** to comply with the procedural requirements outlined in that document. Plaintiff is ADVISED that failure to comply with these requirements may result in the dismissal of this action. Plaintiff should maintain a copy of "Selected Procedural Information for Prisoners Who Have Filed a Civil Rights Complaint" for reference throughout the course of this litigation.

The Clerk is **FURTHER DIRECTED** to send a copy of this Order and a copy of the Consent to Collection of Fees form to Plaintiff.

IT IS SO **ORDERED.**

Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia

February 8th , 2019

3

RECEIVED
APR 2 9 2019
Eastern Region

*(Exhibit # 7)*



VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level I**

866.1 A-6
DOC Location: SXII Sussex II State Prison
Report generated by Critton, A L
Report run on 04/18/2019 at 9:49 AM

| Offender Name | DOC# | Location | | Grievance Number |
|---|---|---|---|---|
| Albritton, Devinchi J | 1016653 | Current | Sussex II State Prison | SXII-19-REG-00046 |
| Housing | | Filed | Sussex II State Prison | |
| HU1-D-30-B | | | | |

LEVEL I:    WARDEN/SUPERINTENDENT'S RESPONSE    (To be completed and mailed within 30 calendar days)

**In your grievance you stated,** "On February 14, 2019, Unit Manager Turner and Sgt. Coleman, allowed my former cell partner to pack up without me being present. Therefore, he stole over $100.00 worth of commissary, holiday pack items, and property items."

**As a result of this grievance,** I respectfully demand to be fully compensated for this violation of my rights and property stated and shown.

**The results of the informal process reveals,** per Unit Manager K. Turner, "Spoke with Sgt. Coleman about this complaint. He informed me that he spoke with you and asked you to present a receipt for the commissary. No receipt was forwarded."

**An investigation into your complaint reveals,** per Lt. Carpenter, "The only items that the Intel Department is aware of, is his commissary item being stolen. Nothing was mentioned about electronics. On March 26, 2019, Albritton was given $99.74 worth of commissary items to compensate the food and hygiene items that was stolen. Ms. Caldwell signed as the witness as well as myself, Institutional Ombudsman A. Critton being present and acknowledging that items were given to Offender AlBritton as compensation.

**Further investigation reveals;** when in the physical possession of the Department of Corrections, the maximum liability for damage, loss, or theft of any item of authorized personal property is limited to $50.00. Items with a value exceeding the limits of this procedure are retained solely at the offender's risk.

**802.1 Offender Property governs your grievance.**

**After thoroughly reviewing the information presented by staff and the policy governing the issue, I find there has NOT been a violation of policy; therefore, this grievance is UNFOUNDED.**

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:

| Warden/Superintendent | B.Cabell | Date | 4 22-1 9 |
|---|---|---|---|

I wish to appeal the Level I response because: *I am dissatisfied with the entire process and result of my grievance regarding the robbery of my personal property while I was at work in the kitchen, which was caused by the Sussex II prison staff and Administration, where all of my property was taken while I was at work due to them gross negligence*

and that the whole situation was done out of retaliation
including how the robbery was handled afterwards, as the

Offender Signature _____      Date  April 23, 2019

unit Manager, MR. Turner Knew in advance that my Former cell
partner was causing me problems and that I wrote Staff who
Emailed Turner that offender Ulrich had spilled wine all over
my Legal paperwork and property and that I asked him to move
Ulrich out of my cell as I had concerns for my property while I was
away at work. See (Exhibit #7). Nevertheless, Turner Ignored my
complaint and he forced me to go to work knowing that Ulrich could
do further harm or damage to my property, then while I was at
work, and because my refusal to End my pending §1983 civil suit
Now in the U.S. District Court, Turner decided to move Ulrich while I
was away at work, and had Sgt Coleman assist in moving the offender
who packed up all my property, Including my T.V. which was given
back to me by other offenders out of fear of an Immediate lock-
and Shakedown, but all my Food, hygene and Small Electronics were
gone, staff refused to take Immediate action, It was only after I wrote
the Court, when I was helped more than 30 days later, and the stuff
that I was given only covered the Food and hygene that was taken.
A. Critton in exchange for the $99.74 demanded that I withdraw the
grievance SXII-19-REG-00046, which I refused due to the fact that
I was still owed my Electronics which were taken and I gave the
prison Officials here my list! A. Critton told me that because I refused to
Sign and withdraw my Grievance, I would get nothing further! Lt Carpenter, lies
about the fact that I gave the prison Officials my list which Included my
Electronics as the Reviewer can clearly see, and Lt Carpenter's Investigation
was clearly biased and Shows that I was retaliated against, where
the Offender Ulrich has not been charged or disciplined for what he
did at the behest and hands of Sussex II Staff! I am fully entitled
to be reimbursed for all of my property not Just Some, that
$50.00 limit went out the window as a matter of Law, when the
prison Staff moved Ulrich without me being present and while
I was at work! And I will not drop my civil Lawsuit pending Unless
I am reimbursed everything that was taken from me!

RECEIVED
APR 29 2019
Ombudsman

VIRGINIA DEPARTMENT OF CORRECTIONS

866.1 A-7 *(Exhibit #7)*

DOC Location:

Report generated by Cosby, K W

Report run on 05/08/2019 at 9:07 AM

## Offender Grievance Response - Level II

| Offender Name | | DOC# | Location | | Grievance Number |
|---|---|---|---|---|---|
| Albritton, Devinchi J | | 1016653 | Current | Sussex II State Prison | SXII-19-REG-00046 |
| Housing | | | Filed | Sussex II State Prison | |
| HU1-D-30-B | | | | | |

**LEVEL II: REGIONAL DIRECTOR, HEALTH SERVICES DIRECTOR OR CHIEF OF OPERATIONS FOR OFFENDER MANAGEMENT SERVICES RESPONSE** (To be completed and mailed within 20 calendar days)

Your grievance appeal has been reviewed along with the response from the Level I respondent and the complaint form.

In your grievance, you alleged that on February 14, 2019, you had property stolen while it was being packed up.

An investigation into your claims did not reveal evidence to overturn the ruling of the Level I respondent.

This grievance is governed by Operating Procedure 802.1, Offender Property.

Based on the information provided, I am upholding the decision of the Level I respondent, which has determined that your grievance was Unfounded.

Level II is the last level of appeal for this grievance. You have exhausted all administrative remedies.

| | | |
|---|---|---|
| *G. Holloway acting ROC* | Date | *5.8.19* |
| Gregory L. Holloway, acting Regional Operations Chief | | |

*(Exhibit # 8)*

VIRGINIA
DEPARTMENT OF CORRECTIONS

RECEIVED
MAY 0 9 2019

Informal Complaint 969-F3-4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: Devinder Allbritton   Offender Number: 1016653   Housing Assignment: ID-30

Individuals Involved in Incident: Sussex II Maintenance   Date/ Time of Incident: 4-9-19  8am

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [ ] Other (Please Specify):
- [ ] Institutional Program Manager
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): That the Sussex II prison Maintenance Dept is refusing to repair and fix the "Metal" Line on B-Side Kitchen which is forcing me to work in a hazardous and defective work station as the metal has been damaged for Months and my complaints to the Maintenance Dept has been ignored as the metal could collapse or injure me, therefore unless the metal on B-Side Line is not Repaired, I will in 48 hours forward this complaint to the office of the VA Inspector General for Investigation and I will seek damages of $100 per day I am put at risk by the damaged metal Line which Sussex II maintenance refuses to fix!!

Offender Signature: _____   Date 4-9-19

### Offenders - Do Not Write Below This Line

Date Received: 4/9/19   Tracking #: SXII-19-INF-01607
Response Due: 4/24/19   Assigned to: Food Service

Action Taken/Response: As the Manager of this kitchen, I have contacted maintenance about the issue. Thank You.

Respondent Signature: JRaich   Printed Name and Title: TRaich FSD   Date: 4/12/19

### WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____   Date: _____
Staff Witness Signature: _____   Date: _____

Revision Date 3/28/17

VIRGINIA
DEPARTMENT OF CORRECTIONS

(Exhibit #9)   Regular Grievance 866_F1_4-

## REGULAR GRIEVANCE

Log Number: _____

| A/Britton DeVinche | 1016653 | 1 Delta | 30 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |

Sussex II maintenance    4-9-19    8 am

Individuals Involved in Incident  Sussex II maintenance   Date/ Time of Incident  4-9-19   8am

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) That I am dissatisfied with the responce given to my Informal Complaint # SXII-19-INF-01607 regarding the Maintenance Dept's refusal to repair and fix the "metal" Line on B-Side Kitchen which is forcing me to work in a hazardous and defective work station, despite the fact that Kitchen Supervisor Ms Poarch Contacted the Maintenance Dept here at Sussex II, again the B-Side Line metal has not been fixed and continues to hang down as to possible cut, pinched, or scrape my Body and fingers when I work, and therefore, true to my word I have forwarded a copy of these complaints to the VA Inspectors General's Office to ascertain why should the Maintenance Dept continue to receive tax payer funds into the Hundreds of Thousands when all of the equipment in Sussex II Kitchen is either broke or unfixed! where Injurys could happen

**What action do you want taken?** That an Investigation into the Maintenance Dept be started as to why and where is the money going to fix the Sussex II prison Kitchen equipment and why are the Maintenance workers refusing to fix the B-Side Metal line Knowing that it is hazardous & defective

Grievant's Signature: _____   Date: _____

Warden/Superintendent's Office: _____

Date Received: _____

RECEIVED

SUSSEX II STATE PRISON

Revision Date: 4/28/17



VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING**: You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | **INTAKE**: Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. ☐ Matters beyond the control of the Department of Corrections |
| ☑ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office |
| ☐ | within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator C. Bitten     Date: 4-25-19

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

Regional Review of Intake (within 5 working days of receipt)
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
|---|---|
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____     Date: _____

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____     Date: _____

Staff Witness: _____     Date: _____

*Revision Date: 4/28/17*

(Exhibit #10)

VIRGINIA:

IN THE SUSSEX COUNTY CIRCUIT COURT

DeVinche Javon AlBritton, #1016653

V.          Plaintiff,                          Case No. CL19-32

Commonwealth of VIRGINIA,
            Defendant.

Plaintiff's Response to The Defendant's Plea of Sovereign
Immunity and Motion For Summary Judgment

Comes Now DeVinche J. AlBritton, pro se, the plaintiff in the
above styled cause of action, who respectfully offers this
Honorable Court his response to the defendant's Plea of
Sovereign Immunity and Motion for Summary Judgment,
and moves the Court upon review to reject and deny
the defendant's Plea and Motion upon the following:

(1) Plaintiff AlBritton states that the defendant is not entitled to
Sovereign Immunity for his alleged failure to exhaust,
whereas he offers evidence of his exhaustion of his state remedies
Sufficient to invoke Virginia's Statutory Waiver of Sovereign
Immunity as a matter of fact and law, see > Bates V. ‾
‾Commonwealth, 267 Va. 387, 394-95 (2004). Code § 8.01-195.3 (7)
provides that tort claims by prisoners against the Commonwealth
are excluded from the operation of the Act .... unless the claimant
verifies under oath, by affidavit, that he has exhausted his remedies
under the adult institutional inmate grievance procedures promulgated
by the Department of Corrections. Under VDOC's O.P. 866.1, to fully
exhaust, an offender must timely appeal the grievance through all
available levels of review before filing a lawsuit. The defendant
contends that Plaintiff AlBritton did not appeal his Level I response

page 1

(Exhibit #20)

to Level II, thereby offering the Affidavit of A. Crhton, the Institutional Ombudsman at Sussex II State Prison, attached therewith "Enclosure A-C in support thereof. However, Albritton contends that he did appeal his Level I response to the Level II regional Administrator as a matter of fact where he had the document Notarized as his proof that he placed it in the prison mailing System on Monday December 25, 2017, 3 days after he received his Level I response, see (Exhibit #1). "[T]he moment at which . . . prisoner necessarily lose control over and contact with their notices of appeal is at delivery to prison authorities, not receipt by the clerk." > Houston V. Lack, 487 U.S. 266 (1988). The Court reasoned that a "prisoner has no choice but to hand his notice over to prison authorities for forwarding to the clerk." Id at -275. See generally > Frieden V. Cluett, Peabody & Co., 142 Va. 738, -747-48, 128 S.E. 61, 64 (1925) (letter properly addressed and put in the post office or delivered to the postman is presumed to reach its destination); also > Keyes V. Commonwealth, 39 Va. App. 294, 572 S.E. 2d -512 (2002). Code §8.01-195.3 (7) requires that inmates exhaust their available administrative remedies. It does not require inmates to craft new procedures when prison officials demonstrate as done so here that they will refuse to abide by the established ones, where Albritton after not receiving a response to his timely Level II appeal mailed to the regional Administrator on December 25, 2017, unsuccessfully appealed the matter to the Chief of Operations, who's office forwarded his request to the regional Administrator's office, who informed Albritton that his Level II Appeal was never received, see (Exhibit(s) #2 and #3. The Virginia Supreme Court holds that "reasonable compliance with the requirements of the Virginia Tort Claims Act, not perfect compliance is sufficient to invoke its statutory waiver of sovereign immunity." > Bates V. Commonwealth, supra... "[P]rison authorities may not employ their own mistake to shield them from possible liability, relying upon the likelihood that a prisoner will not

page 2

(Exhibit #20)

Know what to do when a timely appeal is never received." see > -
- Cole V. Chandler, 438 F.3d 804, 811 (7th Cir. 2006); also > Turner V. -
-Burnside, 541 F.3d 1077, 1083 (C.A. 11 (Ga.) 2008), The U.S. Supreme
Court holds that a Notice of appeal is filed at the time a prisoner
delivers it to the prison authorities for forwarding to the Court
Clerk. Houston V. Lack, 487 U.S. at 276. Consequently,
Plaintiff AlBritton's Level I appeal to the Level II regional Admin
which was Notarized and placed into the Sussex II prison's
mailing System on December 25, 2017, (Exhibit #1), was timely
filed on that date to sufficiently invoke Virginia's Statutory
waiver of Sovereign Immunity whereupon this Court must deny
the defendant's Plea of Sovereign Immunity as a matter of
fact and Law.

(2) Additionally, Plaintiff AlBritton asserts that this Court should and
must deny the defendant's Plea of Sovereign Immunity and Motion
for Summary Judgment, whereupon a review of the record and
the evidence presented, the Court will find that the defendant
and its witnesses have committed fraud upon the Court in regards
to Plaintiff's alleged failure to exhaust his administrative remedies.
A cause of action for actual fraud requires the plaintiff to prove:
(1) a false representation, (2) of a material fact, (3) made intentionally
and knowingly, (4) with intent to mislead, (5) reliance by the party
misled, and (6) resulting damage to the party misled. See > -
- Evaluation Research Corp. V. Alequin, 247 Va. 143, 148, 439 S.E.2d -
- 387 (1994). "When prison officials prevent inmates from using the
administrative process... the process that exists on paper
becomes unavailable in reality." > Hill V. O'Brien, 387 Fed -
-Appx. 396, 400 (4th Cir. 2010). Thus in considering defendant's failure
to exhaust argument, I am: "Obligated to ensure that any defects in
exhaustion were not procured from the action or inaction of prison

page 3

(Exhibit #10)

officials." > Id at. 401 (citation omitted) see also > Finley v. Gonzales,-
- 2009 WL 382744 at *5 (E.D. Cal. Feb 13, 2009) ("Exhaustion occurs
when prison officials prevent exhaustion from occurring through
misconduct or fail to respond to a grievance within policy time
limits." (citing supporting decisions from 3rd, 4th, Fifth, Sixth, 7th, 8th,
and 9th Circuit Courts)), report and recommendation adopted, > -
- 2009 WL 982082 (E.D. Cal. April 9, 2009). Here, the defendant
in an effort to mislead this Court to dismiss Plaintiff Albritton's Case
falsely represents that Albritton failed to properly exhaust his prison
Grievance within time limits by submitting the Affidavit of A. Critton
with Enclosure(s) "A-D" as documentary evidence in support thereof.
However, as a matter of fact, nowhere in A. Critton's Affidavit does
she mention or state the fact that she had initially dismissed and
rejected Albritton's properly and timely filed Grievance on November 27-
-2017, for "expired filing period" Ten (10) days after he had submitted
it on November 17, 2017, see (Exhibit #4) and that it was only after
Albritton had filed an Informal Complaint regarding her misconduct with
proof that he had also filed a Notarized Copy of his Grievance on that
same November 17, 2017, date that Ms Critton was forced to file his
Grievance which she fraudulently attempted to dismiss and prevent
exhaustion from occurring by falsely stating it was untimely for
"expired filing period," see (Exhibit(s) #5 and #6 ). Additionally, this
Court should take notice of the defendant and A. Critton's effort
and attempt to suppress her misconduct and fraudulently represent
that Plaintiff's Grievance was timely filed on November 27, 2017, without
any issue of obstruction, where they presented Defendant's Enclosure "C"
which is an incomplete Copy of Plaintiff's actual Grievance without
the reverse side of page #2 which shows the misconduct committed
by A. Critton during the intake process of Albritton's Grievance,
see (Exhibit #4, a complete Copy of Plaintiff's November 17, 2017, Grievance
dismissed by Grievance Coordinator Critton on November 27, 2017.).

Page 41

(Exhibit #10)

Moreover, this Court should also take notice and reject the defendant and prison official's proposition that Plaintiff AlBritton did not appeal his Level I response to his Grievance to the Level II, where they present "Enclosure D" as their proof, whereas AlBritton's alleged failure to appeal his Level I response is clearly belied by the fact that AlBritton wrote, Notarized, and placed his Level II appeal in the Sussex II prison's mailing system on December 25, -2017 (Exhibit #1), despite the defendant's blatant attempt to prevent Plaintiff's appeal by responding to his Grievance on Friday December 22, 2017, a Holiday weekend, Knowing Christmas was on Monday, December 25, 2017, with No outgoing mail until on December 26, 2017, and (5) "Calender days" to timely appeal. Accordingly, this Court should find that based upon the facts and evidence submitted by Plaintiff AlBritton, that the Sussex II prison officials committed misconduct as to prevent and thwart AlBritton's diligent efforts to exhaust his administrative remedies; that the Affidavit of A. Critton along with Enclosure(s) B-D presents false and misleading evidence which amounts to Fraud upon the Court to be Stricken as such, and that the defendant is not entitled to their Plea of Sovereign Immunity therefrom. "No litigant.... will be permitted to approbate and reprobate -- to invite error... and then to take advantage of the situation created by their own wrong." > Fisher V. Commonwealth, 236 Va. 403, 417, 374 S.E.2d -46, 54 (1988). The Virginia Supreme Court holds, where an Inmate took all necessary steps to do so, the Inmate has exhausted their administrative remedies to effectuate the Statutory waiver persuant to Va. Code § 8.01-195.3 (7). see Billups V. Carter, -268 Va. 701, 604 S.E.2d 414 (2004). Accordingly, the Defendant's Plea of Sovereign Immunity for Plaintiff AlBritton's failure to exhaust is without merit as a matter of fact and Law, and must be denied.

page. 5

## Legal Standard for Summary Judgment

Summary Judgment shall not be entered unless no material fact is generally in dispute on a Controlling issue or issue(s) and the moving party is entitled to such Judgment as a matter of Law. see > Mount Aldie, LL.C, V. Land Trust of Va., Inc., 293 Va. 190, 196, 796 - S.E.2d 549, 553 (2017) (quoting Rule 3:20). When deciding a Motion for Summary Judgment, the Court can rely on Exhibit(s) submitted with Pleadings. see > Murphy V. Holiday Inns, Inc., 216 Va. 490, 219 - S.E.2d 874 (1975); also George Robbrecht Seafood, Inc., V. Maitland - Brothers Co., 220 Va. 109, 255 S.E.2d 682 (1979). If the evidence is conflicting on a material point or if reasonable persons may draw different conclusions from the evidence, then the non-moving party is entitled to proceed to a trial on the merits. see > Fultz V. - Delhaize Am., Inc., 278 Va. 84, 88, 677 S.E.2d 272, 274 (2009).

(3) The Defendant's argument in the alternative that the Commonwealth is entitled to Summary Judgment is without Merit as a matter of fact and Law, where Plaintiff Al.Britton presents sufficient evidence in the form of Sworn Witness Affidavit(s) to support a Jury's finding that the Defendant(s) possessed Constructive knowledge of the damaged and defective steps on the staircase which caused his fall and injury. see (Exhibit(s) #7, Affidavit of Offender R. Spainhour, and Exhibit #8, Affidavit of Offender S. Edmonds) "Actual or Constructive knowledge on the part of the owner of a defect Causing the injury is necessary to render them Liable." see > - Culpepper V. Neft, 204 Va. 800, 804, 134 S.E.2d 315 (1964). "In order to hold the owner of the property liable for injuries sustained by an Invitee due to unsafe condition(s) of the premisis, it must be shown that the owner had knowledge of the alleged unsafe condition, or that it had existed for such length of time as to make it the owners duty in

page 6

the exercise of ordinary care to have discovered it, "see > —
—Roll 'R' Way Rinks, Inc., V. Smith, 218 Va. 321, 327, 237 S.E.2d 157 (1977)
(quoting Cannon V. Clarke, 209 Va. 708, 712, 167 S.E.2d 352 (1969).
With regard to property, the Common Law requires that "every person
must exercise ordinary care in the use and maintenance of their own
property to prevent injury to others." > Perlin V. Chappell, 198 Va. 861, —
—864, 96 S.E.2d 805, 808 (1957) (quoting > Rice V. Turner, 191 Va. 601, 605—
—62 S.E.2d 24, 26 (1950). In Gumenick V. United States, 213 Va. 510, 193—
—S.E.2d 788 (1973) a case analogous to Plaintiff Albritton's, the Court held
that the defendant Landlord was liable to the plaintiff for injuries they
sustained in a fall resulting from the collapse of a back porch railing
where plaintiff was visiting the defendant's apartment building > —
—Gumenick, 213 Va. at 511. The porch railing in that case was "open and
unprotected" and served two adjoining apartments, and the evidence
presented at trial showed that segments of the railing were decayed and
"rotten all the way out," > Id at 514. The Court held that: it was the duty
of the Landlord to maintain the porch and the railings.... in a reasonable
state of repair. In the exercise of reasonable care the landlord had full
authority and duty to make reasonable inspections and to make needed
repairs. If in the exercise of ordinary care the landlord could have
discovered the defective condition of the rail in time to have repaired it or
replace the defective rail prior to the occasion of plaintiff's fall and injury,
They should have done so. > Id at 516. Here, Plaintiff Albritton presents
the Court with sworn witness Affidavits stating that Sussex II prison
officials knew of the damage and defective steps on the staircase
months and even years prior to his fall and injury as Sussex II
prison officials regularly walked thru and inspected the staircase
and immediate area surrounding the staircase, and that the damage
is so open and obvious. Accordingly, the evidence provides that the
Commonwealth is liable for Plaintiff Albritton's injuries where it possessed
Constructive knowledge of the damaged and defective staircase for a substantial
period of time and failed to repair or replace the defective steps prior
to plaintiff's injury.

page 7

(Exhibit #10)

(4) Moreover, This Court must reject the Commonwealth's argument that it is not liable for AlBritton's injuries, because it owed no legal or special duty to AlBritton regarding the damaged and defective Steps on their Staircase, whereas their very own "Offender Orientation — "Manual" belies their position. see (Exhibit #9, Copy of Virginia Department of Corrections, Sussex II State Prison, Offender Orientation Manual, pg 3). Negligence lies where there has been failure to perform some legal duty when the defendant owes to the party injured. see > — Balderson V. Robertson, 203 Va. 484, 487, 125 S.E.2d 180 (1962).

Accordingly, the Commonwealth owed Plaintiff a Legal duty and responsibility to protect Plaintiff from personal injury and failed to perform its duty by its disregard and failure to repair or replace the damaged and defective Steps on their Staircase prior to AlBritton's injury, when they had constructive knowledge of the hazardous condition. Gumenick V. United States, supra...

(5) The Commonwealth's argument that Plaintiff AlBritton was Contributorily negligent in his fall and injury upon which this Court may Summarily rule is without merit and must fail as a matter of fact and law. "Unless the evidence is without conflict or unless fairminded men can not differ on the inferences to be drawn from it, the questions as to whether the owner of the premisis has exercised the required care toward his invitee, and whether the Latter has been guilty of Contributory negligence are matters for the Jury." see > Knight V. — Moore, 179 Va. 139, 146, 18 S.E.2d 266 (1942). While Contributory Negligence involves the question of Carelessness, the essence of assumption of risk is venturousness. > Waters V. Safeway Stores, Inc., 246 Va. 269, — 435 S.E.2d 380 (1993). Assumption of Risk connotes Venturousness and involves a Subjective test i.e., whether a plaintiff fully understood the nature and extent of a known danger and voluntarily exposed himself to it. > Artrip V. E.E. Berry Equip. Co., 240 Va. 354, 358, 397 S.E.2d 821 (1990) The determination of whether a Condition is so open and obvious that the Plaintiff Could or should have observed the unsafe Condition in the

Page 8

(Exhibit #10)

exercise of Ordinary Care is generally a question left to the Jury's sound discretion. > Culpepper v. Neff, supra.... Here, with nothing more than the sole Affidavit of T. Birckhead, a former Sussex II prison official, the Commonwealth attempts to convince this Court to find that Plaintiff AlBritton was Contributorily negligent in causing his own fall and injury, whereby stating that AlBritton opted to enter an area in which he was not authorized to shower on the top tier when he was assigned to a Cell on the bottom tier, and that AlBritton is also shown to have descended the damaged Staircase from the second floor area "with his shower bag dangling loosely near his legs." see (Birckhead Aff. at 5 & 6). However, Plaintiff AlBritton entirely rebuts the sworn statements given by Birckhead regarding him being assigned to the bottom tier, yet opting to take his shower in an unauthorized area on the Top tier and proves such to be false, whereas there is absolutely no written Rule or policy stating that Plaintiff AlBritton, being assigned to a bottom tier Cell was prohibited from taking his Shower on the top tier. In fact, AlBritton provides a Copy of Sussex II prison's Orientation Manual which Clearly states that the Top tier Shower was an authorized area for AlBritton to have taken his Shower without restriction, see (Exhibit #9 pg11). Moreover, Plaintiff AlBritton vehemently disputes T. Birckhead's false allegation that he descended the stairs from the second floor Shower area "with his shower bag dangling loosely near his legs," where AlBritton states that he did not walk down the stairs with his Shower bag hanging near his legs and only because of the damaged step was he made to trip and fall down, see (--Exhibit #10, Plaintiff AlBritton's Affidavit), and that AlBritton has requested for a Copy of the "Rapid Eye System" Video for the area and time that his fall and injury occurred to be produced for a review by both himself and this Court, see (Exhibit #11, -a Copy of Plaintiff AlBritton's pending request for a Subpoena Duces Tecum). "When a defendant relies upon contributory negligence as a

page 9

(Exhibit #10)

defense, he has the burden of proving by the greater weight of the evidence not only that the plaintiff was negligent, ..., but also "that his negligence was a proximate cause; a direct, efficient contributing cause of the accident,"' quoting > Burks V. Webb, Administratrix, – – 199 Va, 296, 307 (1957). Accordingly, the defendant has failed to satisfy its burden where the sole evidence presented is not only in dispute, but has been shown to be false and unsupported by available security camera footage that Plaintiff has requested to be produced for his and the Court's review; therefore, the Defendant's allegation and defense that Plaintiff AlBritton was contributorily negligent is without merit and must be rejected as a matter of fact and law.

## Closing Statement

Wherefore, Plaintiff DeVinche J. AlBritton, prays This Honorable Court for the reasons given herein and for good cause shown to find that the defendant is not entitled to be granted Sovereign Immunity for Plaintiff's alleged failure to Exhaust, that based upon the evidence submitted they possessed Constructive Knowledge upon which a Jury could find negligence, and that Plaintiff was not Contributorily negligent in his fall and injury, where the defendant has failed to satisfy its burden and to present sufficient evidence to prove such as a matter of fact of law, Therefore, further proceedings is necessary, and a Jury Trial must be Scheduled, the defendant's Motion is denied.

Respectfully Submitted

DeVinche AlBritton #1016653
Sussex II State Prison

Page 10

(Exhibit #20)

## Certificate of Service

I, DeVinche J. AlBritton do swear that a true Copy of This foregoing Response to the Defendant's Plea of Sovereign Immunity and motion for Summary Judgment with 11 numbered Exhibit(s) has been mailed to the Attorney for the Defendant; Stacie A. Sessoms, Asst Attorney General, at: The Office of the Attorney General, 202 North- -9th Street, Richmond, VA 23219 on this- -20th day of May 2019.

DeVinche AlBritton
#1016653
Sussex II State Prison
24427 mussel white Dr
Waverly, VA 23891

page 11

*(Exhibit #11)*



VIRGINIA DEPARTMENT OF CORRECTIONS

## Disciplinary Offense Report

861.1 A-1
Report generated by Gill, M
Report run on 05/23/2019 at 4:18 PM

| | | | |
|---|---|---|---|
| Case Number: SXII-2019-1822 | Offender Name: Albritton, Devinchi J | DOC # 1016653 | Housing HU1-D-30B |
| Facility: Sussex II State Prison | Reference: | | |
| Offense Code: 111B | Offense Title: Stealing State or any Person's Property | | |
| Offense Date: 5/23/2019 | Approximate Time: 10.50 AM | Location | |

**DESCRIPTION OF THE OFFENSE**
Provide a summary of the details of the offense (i.e : who, what, when, where and how any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On Thursday 23 May 2019 at approximately 10:50am I Sergeant G. Parris was conducting shakedown of off going in the Dining B Hall of off going Kitchen workers. The following forms are available to the offender I visually observe offender Albritton D State ID# 1016653 with a bag of dates lying next to his feet. During the shakedown sliced turkey, a bag of ice, two large bags of cookies, tomatoes, dates, green peppers a small bag of yeast, a small bag of coffee boiled eggs was found in the dining hall. Offender Albritton stated to me that he had taken all of these items from the dining hall. Therefore this charge is being written.

☐ Investigation          Date Completed _____        ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

| Witnesses: | | Reporting Officer   Parris. G |
|---|---|---|
| _____ | | Title   Sergeant |
| _____ | | Date   5/23/2019        Time   2.31 PM |

| Officer -In-Charge   Gill, M | Title   Captain |
|---|---|
| OIC Signature | Date   5/23/2019        Time   4.09 PM |

**ADVISEMENT OF RIGHTS**

By signing below, you indicate your preference regarding the rights indicated. Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit: *Witness Request Form, Documentary Evidence Request Form,* and the *Reporting Officer Response Form.* The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served

| | Yes | No | REFUSED TO RESPOND |
|---|---|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☑ | ☐ | ☐ |
| DO YOU WISH TO REQUEST WITNESSES? | ☑ | ☐ | ☐ |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☑ | ☐ | ☐ |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ | ☑ | ☐ |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing | ☑ | ☐ | ☐ |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER? In person for Category I Offenses by submitting a Reporting Officer Response Form for Category   Offenses

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER

YOU MAY REMAIN SILENT  Silence does NOT constitute an admission of guilt

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE WHICH CAN BE A HIGHER EQUIVALENT OR LESSER OFFENSE CODE

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE IN ACCORDANCE WITH OPERRATING PROCEDURE 861.1

**You  have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing.**

| Served and Witnessed By: | Offender's Signature |
|---|---|
| Print Name | Print Name   Devinchie Albrition |
| Date of Service   5/24/19        Approximate Time   0655 | |

**IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL:** _____

| ADVISOR AT SERVICE OF DOR: _____ | FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes  ☐ No |
|---|---|
| Date of Hearing   5/28/2019        Revised Date _____ | Revised Date _____        Revised Date _____ |

*Copy Provided*

Rev  01/01/2016

(Exhibit #12)

VIRGINIA
DEPARTMENT OF CORRECTIONS

JUN 12 2019

Informal Complaint  866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING**: Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

**An Informal Complaint is not required for an alleged incident of sexual abuse.**

A. Britton DeVinche _____ 1016653 _____ 1 Delta #30
Offender Name _____ Offender Number _____ Housing Assignment

Ms Poarch and Trinity Group Inc _____ June 12, 2019 3am
Individuals Involved in Incident _____ Date/ Time of Incident

☐ Unit Manager/Supervisor    ☒ Food Service    ☐ Institutional Program Manager
☐ Personal Property          ☐ Commissary      ☐ Mailroom
☐ Medical Administrator      ☒ Other (Please Specify): Warden Cabell

Briefly explain the nature of your complaint (be specific): That on June 12, 2019, my 1st, 8th and 14th Amendment Rights were violated by Employees working for the Trinity Group Inc out of Oldsmar Florida, who without cause terminated me from my work assignment in violation of my Due Process Rights where I was never served notice, given a suspension pending a disposition and that I was found not guilty of an alleged false charge, I was Terminated out of retaliation and in discrimination of my Rights upon which I will seek damages from Trinity Group Inc if it is not corrected!

Offender Signature _____ Date June 12, 2019

### Offenders - Do Not Write Below This Line

Date Received: 6/12/19 _____ Tracking # 62934

Response Due: 6/27/19 _____ Assigned to: Food service

Action Taken/Response:

An suspension, was written. And an termination was written for taking unauthorize items from kitchen

_____
Respondent Signature

T Poarch _____ 6/14/19
Printed Name and Title _____ Date

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: _____

Staff Witness Signature: _____ Date: _____

Revision Date: 4/28/17



VIRGINIA
DEPARTMENT OF CORRECTIONS

*(Exhibit #13)*

Regular Grievance 866_F1_4-?

**REGULAR GRIEVANCE**

R. OWEN
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7505929
My Commission Expires  7/31/19

Log Number: _____

| AlBritton DeVinche | 1016653 | 1 Delta | 30-B |
|---|---|---|---|
| **Last Name, First** | **Number** | **Building** | **Cell/Bed Number** |

| MS Poarch and Trinity Group, Inc | 6-12-99, 3 am |
|---|---|
| **Individuals Involved in Incident** | **Date/ Time of Incident** |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process:  Attach Informal Complaint response or other documentation of informal process.) That I am dissatisfied with the response given to my Informal Complaint #SXII-19-INF-02934 stating that my 1st, 8th, and 14th Amendment Rights were violated by Employees working for Trinity Group, Inc., out of Oldsmar Florida, who without cause terminated me without Due Process based upon a falsely alleged stealing charge that was later dismissed where the charge was written out of spite and in retaliation and that I was never given no such paperwork of any Suspension or Termination per O.P. 841, as to afford me any opportunity to challenge and prove my Innocence of that charge, where on June 12, 2019 when I went into work upon being told the charge was being dismissed I was told to leave, that I was fired because of the charge. which was obviously the result of discriminatory and retaliatory practices condoned by Trinity Group, Inc, which has caused me to suffer loss and position I was never to this day given paperwork or due process prior to being Terminated which was unwarranted.

**What action do you want taken?** I respectfully request that I be reinstated back to my work assignment in the Kitchen as the false charge of stealing which was the basis of my Termination was dismissed as I was Innocent and that I be given back pay for the loss of work hours where, I could have been working, as I was never given Due Process

| Grievant's Signature: *[signature]* | Date: June 21, 2019 |
|---|---|

Warden/Superintendent's Office: _____

Date Received: _____

Revision Date: 4.28.17

(Exhibit #14)



VIRGINIA DEPARTMENT OF CORRECTIONS

## Notice of Continuance Report

861.1 A-5
DOC Location: SXII Sussex II State Prison
Report generated by Seeley, A
Report run on 06/19/2019 at 10:09 AM

---

Case #: SXII-2019-1822

Current Housing #: HU1-D-30-B

Offender Name: Albritton, Devinchi J

DOC #: 1016653

Offense Code: 111B

Offense Title: Stealing State or any Person's Property (Feb 17 2016 - Dec 31 9999)

Offense Date: 05/23/2019

Reporting Officer: Parris, G

Title: Sergeant

**NOTICE OF AUTHORIZED CONTINUANCE:**

This is to inform you that your Disciplinary Hearing for the above listed offense has been rescheduled for:

Date: 06/25/2019

- Per written authorization of the Offender Discipline Unit

Offender's Signature: _____   Date: _____   Time: _____

Notice Served By: _____   Date: 6/20/19   Time: _____

**Original to Hearings Officer – Copy to Offender**

*(Exhibit # 15)*



VIRGINIA DEPARTMENT OF CORRECTIONS

**Notice of Continuance Report**

861.1 A-5
DOC Location: SXII Sussex II State Prison
Report generated by Seeley, A
Report run on 06/27/2019 at 2:26 PM

---

| | | | |
|---|---|---|---|
| Case #: | SXII-2019-1822 | Current Housing #: | HU1-D-30-B |
| Offender Name: | Albritton, Devinchi J | DOC #: | 1016653 |
| Offense Code: | 111B | Offense Title: | Stealing State or any Person's Property (Feb 17 2016 - Dec 31 9999) |
| Offense Date: | 05/23/2019 | Reporting Officer: | Parris, G |
| | | Title: | Sergeant |

**NOTICE OF AUTHORIZED CONTINUANCE:**

This is to inform you that your Disciplinary Hearing for the above listed offense has been rescheduled for:

Date:  07/11/2019

• Per written authorization of the Offender Discipline Unit

Offender's Signature: _____  Date: _____  Time: _____

Notice Served By: _____  Date: _____  Time: _____

**Original to Hearings Officer – Copy to Offender**

Page 1 of 1

(Exhibit # 16)

Operating Procedure: 861.1
January 1, 2016

**XIII. TIME LIMITS RELATED TO DISCIPLINARY HEARING**

A. The OIC will schedule the case for a Disciplinary Hearing.

1. If the offender's behavior does not warrant assignment to Pre-Hearing Detention for behavior management purposes, the disciplinary hearing should be held no sooner than midnight of the second working day and no later than 30 calendar days after service of the *Disciplinary Offense Report*, unless a valid reason exists.

2. If the offender has been placed on PHD or any other detention status for the *Disciplinary Offense Report*, the hearing should be held no sooner than midnight of the second working day and no later than 15 calendar days after service of the *Disciplinary Offense Report*, unless a valid reason exists.

3. If an offender has been physically moved to general population before the expiration of the 15-day time limit, the time limit for hearing the *Disciplinary Offense Report* will be 30 calendar days.

4. Institutions that choose to comply with ACA Standard 4-4238 should maintain an Implementation Memorandum specifying that if an offender receives a *Disciplinary Offense Report*, the hearing should be held no sooner than midnight of the second working day and scheduled no later than seven working days after service of the *Disciplinary Offense Report*. Note: ACA Standard 4-4238 is not mandatory for institutions that are unable to comply. (4-4238)

5. The offender will be given 24-hour notice of the hearing date unless the offender waives this right during the service of the *Disciplinary Offense Report*. Notice will be satisfied with documented hearing date on the *Disciplinary Offense Report*. (4-4238)

6. When a hearing must be rescheduled and the new date is within the authorized time limit, a *Notice of Postponement* (see sample, Attachment 4) must be given to the offender at least 24 hours prior to the rescheduled hearing date.

7. When the offender receives more than one *Disciplinary Offense Report*, the Hearings Officer will hear each *Disciplinary Offense Report* individually.

8. After a Disciplinary Hearing has started, the Hearings Officer may temporarily adjourn if necessary and reconvene the hearing at a later time or date.

   a. Reconvening the hearing does not require 24-hour notice.

   b. When the hearing does not reconvene on the same day, the offender will be notified at least one hour before the hearing reconvenes.

B. Authorized Continuances (4-4239)

1. An Authorized Continuance is required for a hearing not completed within 30 calendar days after the initial service of the *Disciplinary Offense Report*, or 15 calendar days if the offender is assigned to PHD. The Hearings Officer shall notify the offender of the continuance by using *Notice of Continuance* (see sample, Attachment 5).

2. Authorized continuances are:

   a. Reporting Officer, voluntary staff advisor, or witnesses are off duty or away from the institution on the date of the hearing

   b. Unavailability of the accused offender due to a medical condition, hospitalization, or temporary transfer to another location for medical purposes, court appearances, or other reasons

   c. The institution is awaiting determination of restitution amounts or results of blood or other laboratory tests

   d. Unavailability of staff due to escape, disturbance, or natural disaster

   e. Prolonged absence of Reporting Officer due to illness, temporary leave of absence, mandatory training or military leave

   f. Escape of the accused offender

   g. Awaiting the outcome of criminal charges as a result of this offense