# IN THE UNITED STATES DISTRICT COURT
## For The Eastern District of VIRGINIA

DeVinche J. AlBritton, #1016653,

Plaintiff,

V.

Sara Carpenter, et al,

Defendant(s)



FILED

DEC - 9 2019

CLERK U.S. DISTRICT COURT
NORFOLK, VA

Civil Action No. 2:18cv689

## Plaintiff's Motion to Amend and Supplement

Comes Now Plaintiff DeVinche J. AlBritton, pro se, who respectfully moves this Honorable Court pursuant to Rule 15(d) of the Federal Rules of Civil Procedure (F.R.C.P.) to Amend and Supplement his pending Cause of action with Newly named Defendant(s) and additional Claim(s) of Constitutional Rights Violations and states the following in Support thereof:

(1) Plaintiff AlBritton States that M. Vandermark, Operations Officer of Sussex II State Prison is to be properly amended as a Newly named defendant to his pending Cause of action in this Court, where on November 21, 2019, Vandermark, further retaliated against him in Violation of his 1st and 14th Amendment Rights in response to Plaintiff exercising his Constitutional protected right of access to the Courts. The Supreme Court has expressly approved the addition of New Parties under "F.R.C.P. Rule 15(d) which plainly permits supplemental amendments to Cover events happening after suit, and it follows, of Course, that persons participating in these new events may be added if necessary." see> Griffin V. County School Board, 377 U.S. 218, 227, 84 S.Ct. 1226 (1964).

(2) Plaintiff AlBritton States that Defendant Vandermark retaliated against him by writing him a Institutional Disciplinary Offense report on November 21, 2019, for serving Defendant U/M Turner with a Copy of a Motion to Compel filed against him on November 15, 2019

page 1

RECEIVED
2019 DEC 10 A 9:00
CLERK US DISTRICT COURT
NEWPORT NEWS, VIRGINIA

Stating that Plaintiff used an "Indigent Legal Mail envelope" to Serve Defendant U/M Turner with a Copy of the Legal Papers. See (Exhibit #1, Copy of the Disciplinary Offense Report by M. Vandermark). Retaliation by public and prison Officials for the exercise of a Constitutional right is actionable under 42 U.S.C. §1983, even if the act, when taken for different reasons, would have been proper. > –

– Mt Healthy City School Dist, Bd of Education V. Doyle, 429 U.S. 274, – – 975. Ct. 568 (1977); see e.g.> ACLU V. Wicomico County, 999 F. 2d 780, – – 785 (4th Cir. 1993) (instigation of Lawsuit implicates First Amendment right of access to the Courts) (quoting > Turner V. Safley, 482 U.S. 78, 84, – – 107 S. Ct. 2254 (1987). Prison Officials May not retaliate against a prisoner for exercising his First Amendment Rights, see > – – Atkinson V. Taylor, 316 F. 3d 257, 270 (3rd Cir. 2003). "In order to prevail on a Claim of retaliation, plaintiff must allege either that the retaliatory act was taken in response to the exercise of a Constitutionally protected right or that the act itself Violated Such a right." > – – Adams V. Rice, 40 F. 3d 72, 75 (4th Cir. 1994).

(3) Plaintiff AlBritton argues that he had a Constitutionally protected Right under the 1st and 14th Amendments to have used the relevant "Legal mail stamped" envelope in mailing and serving Defendant U/M Turner with a Copy of the pending motion to Compel filed against him on November 15, – – 2019, in Compliance with Federal Rule 5, whereas the relevant envelope used by Plaintiff AlBritton and alleged by Defendant Vandermark to be an "Indigent Legal Mail Envelope" in Violation of O.P. 861.1, was nothing more than a plain white 4 1/8 IN X 9 1/2 IN envelope with "Legal Mail" Stamped on the bottom Corner, see (Exhibit #2, a duplicate of the envelope used by Plaintiff AlBritton in mailing and serving Defendant U/M Turner a Copy of the motion to Compel on 11-15-19, Stamped as "Legal Mail" for which he was Charged by Defendant Vandermark on 11-21-19).

page 2

(4) Additionally, Plaintiff AlBritton asserts that where his repeated orders to the SussexII prison's Commissary for manilla envelopes for weeks prior went unfilled due to lack of inventory, he was thereby forced & entitled under both Prison Rule(s) and Federal Law to use the Prison's legal Supply Item(s) to effectuate the mailing of Legal papers regarding his pending §1983 Civil suit for Service of process upon designated Prison Officials named as Defendant(s) (e.g. W/M Turner) pursuant to Rule 5 of the Federal Rules of Civil Procedure. See > - - (Exhibit #3, Copy of SussexII Prison Memo on Rules for Indigent legal Supplies are to be used ONLY on legal matters related to incarceration); also > Bounds V. Smith, 430 U.S. 817 (1977). Accordingly, Defendant Vandermark retaliated against Plaintiff AlBritton for exercising his Constitutionally protected Rights of pursuing his pending §1983 Legal Civil action against her fellow prison Official who violated his legal Rights. "No person reporting conditions which may constitute a Violation under this Act shall be subjected to retaliation in any manner for so reporting." > 42 U.S.C. §1997e. See, e.g. Goff V. Burton, 7 F.3d 734, - - 738 (8th Cir. 1993) (prison officials may not "impose a disciplinary Sanction against a prisoner in retaliation for the prisoner's exercise of his Constitutional right").

(5) Moreover, Plaintiff AlBritton now asserts a Claim of a "Campaign of harassment" being pushed against him by the Defendant(s) Prison Official(s) at Sussex II State Prison for his legal activities and Refusing to withdraw his pending Lawsuits against them. See > Calhoun V. - - Hargone, 312 F.3d 730 (5th Cir. 2002). "The filing of a Lawsuit carries Significant Constitutional protections, implicating the First Amendment right to petition the government for redress of grievances, and the right of access to Courts." > Hoeber on Behalf of NLRB V. Local 30, - - 939 F.2d 118, 126 (3rd Cir. 1991). Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individual's exercise of Constitutional Rights. See > Perry V. Sindermann, 408 U.S. 593, 597 (1972).

page 3

(4) Additionally, Plaintiff [illegible] asserts that while he was [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] service of process upon [illegible] [illegible] [illegible] [illegible] [illegible] See > Exhibit #3, Copy of [illegible] Memo on Rules for Indigent legal Supplies [illegible] see > Bounds v. Smith, 430 U.S. 817 (1977). Accordingly, Defendant [illegible] [illegible] [illegible] [illegible] civil action against [illegible] [illegible] who violated his legal rights. [illegible] [illegible] 42 U.S.C. § 1997d; see, e.g., Gill v. [illegible], 7 F.3d 734 [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] of his Constitutional right.")

(5) Moreover, Plaintiff [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] See [illegible] [illegible] The filing of a lawsuit carries significant constitutional protections, implicating the First Amendment right to petition the government for redress of grievances, and the right of access to courts. > [illegible] [illegible] [illegible] 937 F.2d 118 [illegible] [illegible] Retaliation [illegible] referred to in the Constitution [illegible] [illegible] actionable because retaliatory [illegible] may tend to chill individuals' exercise of constitutional rights. See [illegible] [illegible] U.S. 583 [illegible] (1972).

Plaintiff AlBritton argues that a chronological examination of the prior and most recent events in his case where he has been continuously subjected to a "Saturation" of false and retaliatory Disciplinary Charges as supported by documentary Evidence collected and already filed with the Court, such clearly establish his previous and Current Prison Official Retaliation Claim(s), and further proves that it is an ongoing Campaign of Retaliation that he is being Subjected to by Sussex II Prison Officials who are named as Defendant(s). We hold that a [Defendant's] alleged filing of disciplinary proceedings to retaliate for a report of misconduct "would chill a person of ordinary firmness for Continuing to engage in that activity." > Poole v. County of OTERO, 271 F.3d 955, 960(--10th Cir. 2001).

(6) Plaintiff AlBritton exemplifies his claim of an ongoing Campaign of retaliatory harassment as alleged in this supplementary complaint by providing this Court with the facts, details, and documentary Exhibits of the most recent events as unrefutable proof that Defendant(s) Vandermark and Inmate Hearings Officer (IHO) Brown, who is also named as a Defendant, both conspired and moved against Plaintiff in violation of his rights.

(7) Plaintiff AlBritton avers that on November 22, 2019, Defendant Brown found him Guilty of a false Disciplinary Charge written by a Correctional Officer J.M. Smith, who had wrote Plaintiff the false Disciplinary Charge the day before She had resigned her commission as a Correctional officer for smuggling Street Drugs and Cell Phones in exchange for cash from Sussex II Prison Offenders, which allegedly included Offender(s) housed in Plaintiff's Pod, one such offender involved with Smith housed near Plaintiff's Cell. Plaintiff AlBritton had previously prior to the disciplinary Hearing Conducted by IHO Brown informed and showed relevant Sussex II prison officials about Officer Smith's False Charge and how he had been Violated in the Service of Smith's false Charge by the Serving Officer. see >--(Exhibit #4, Copy of Informal Complaint, and Exhibit #5, Copy of the Charge)

page 4

Plaintiff Allen Harmon argues that a [illegible] real examination of the prior and most recent events in this case where he has been continuously subjected to a "Substantial" risk of false and retaliatory Disciplinary Charges as supported by circumstantial Evidence (attached) and already filed with the Court, such clearly establishes [illegible] current Prison Official Retaliation Conduct, [illegible] further proves that there is an ongoing campaign of Retaliation that he is being subjected to by Sussex II Prison Officials who are named as Defendant(s). "We hold that a [Defendant's] alleged filing of disciplinary proceedings to retaliate for a report of the conduct would chill a person of ordinary firmness from [illegible] in that activity." > Poole v. County of Otero, 271 F.3d 955, 960-1 (10th Cir. 2001).

(6) Plaintiff Allen Harmon exemplifies his claim of an ongoing campaign of retaliatory harassment as alleged in the Supplemental Complaint by providing this Court with the facts, details, and circumstantial Evidence of the most recent events as it relates to co-defendant(s) Vanderburgh and Inmate Hearings Officer (IHO) Brown who is also named as a Defendant, and conspired with [illegible] against Plaintiff in retaliation [illegible].

(7) Plaintiff Allen Harmon avers that on November 22, 2019, Defendant Brown found him Guilty of a false Disciplinary Charge written by a Correctional Officer T.M. Smith, who had wrote Plaintiff the false Disciplinary Charge two days before he had resigned his commission as a Correctional Officer for smuggling Street Drugs and Cell Phones in exchange for cash from Sussex II Prison Offenders, which allegedly included Offender(s) housed in Plaintiff's housing unit [illegible] involved with Smith [illegible] Plaintiff [illegible] Allen Harmon had previously prior to the disciplinary hearing conducted by IHO Brown informed and showed Plaintiff Sussex II prison officials about officer Smith's false charge and that he had been [illegible] in the service of Smith's false Charge by the former Officer. See > (Exhibit #4, copy of Internal Complaint, and Exhibit #5, copy of the Charge)

(8) Nevertheless, Defendant Brown, for no valid reasons other than the facts of Officer Smith's resignation for misconduct of Smuggling Drugs and Contraband, continued Plaintiff Al.Britton's disciplinary hearing date to November 21, 2019. see (Exhibit #6, Copy of the Notice of Postponement for Smith's disciplinary Charge). On the revised disciplinary Hearing date of November 21, 2019, Defendant Brown, when presented with the fact that Officer Smith had resigned for reasons of misconduct immediately after writing Plaintiff the false disciplinary Charge and clear documentary proof that Plaintiff's Due Process rights had been violated in the service of Smith's false Charge, chose to adjourn the hearing on the pretext that he would both view the security camera footage and confer with Officer E. Garrett, who was away from the prison on vacation. However, Brown's adjournment of Plaintiff's disciplinary hearing was done on the same day that Defendant Vandermark wrote Plaintiff Al.Britton a new disciplinary Charge out of Retaliation for Serving Unit Manager Turner of 1 Building, who is also named as a Defendant, with Court papers of a Copy of the motion to Compel and Exhibits filed in this Court, the hearing date for Vandermark's disciplinary Charge is set for November 28, 2018, Thanksgiving Day. see (Exhibit #7, Copy of Defendant Vandermark's disciplinary Charge written on November 21, 2019, and Set for a hearing date of November 28, 2019, Thanksgiving Day).

(9) The next day on November 22, 2019, Defendant Brown reconvened Plaintiff's Disciplinary hearing for Smith's False Charge, where Brown Stated for the record that he had Conferred with Serving Officer Garrett, who was still away from the prison on vacation, that Officer Garrett assured him that the disciplinary Charge was served properly and that it did not matter that Plaintiff Al.Britton's Copy of the Charge showed that he was never informed or advised of his rights, see -(Exhibit #5, Copy of the false disciplinary Charge showing Plaintiff was never advised of his rights during the service thereof). Plaintiff Al.Britton Objected and Brown refused his request to view the Camera footage the day Smith wrote the false Charge, Stating that he was finding Plaintiff Guilty Based Solely upon Smith's Word as

page 5

the reporting officer, to which when Plaintiff Al Britton objected and argued that he should not be found guilty based solely on the word of Officer Smith when her credibility and veracity as a Correctional Officer is in question due to her resignation for misconduct and criminal activity, that his due process rights were clearly violated, and that the charge was false, Defendant Brown had Plaintiff removed from the hearing and gave him an unknown penalty upon finding him guilty as Brown continued the hearing without Plaintiff Al Britton being present.

(10) Moreover, Plaintiff Al Britton asserts that all of the recent actions taken against him have occurred right before Defendant Captain Gill was in the process of arranging to have Plaintiff Al Britton restored back to his kitchen job assignment that he was falsely and improperly terminated from in exchange for withdrawing his pending civil complaint against those relevant Sussex II prison staff who had caused him to be falsely and improperly terminated from his job, an arrangement which Defendant(s) IHO Brown and Vandermark have now foreclosed. A Jury may be permitted to assess punitive damages in an action under 42 U.S.C. §1983 when the defendant(s)' conduct is shown to be motivated by evil motives or intent, or when it involves reckless or callous indifference to federally protected rights of others. see Smith v. Wade, 461 U.S. 30, 56, - — 103 S.Ct. 1625 (1983). Accordingly, Plaintiff Al Britton asserts that upon his previous and current claims of Retaliation by prison officials, he is clearly entitled to, can and will prove to a Jury as factfinder that "but for" the pursuit of his legal activities and refusal to withdraw his pending Lawsuits, that the Defendant prison official(s) would not have and continue to Retaliate against him with filing false disciplinary charges, denying him due process for the Hearing on the false disciplinary charges by holding a "Kangaroo Court," refusing and denying Plaintiff a fair opportunity for a Job or participation in Program Privileges, and threatening to transfer Plaintiff to a Level-5 prison.

page 6

the reporting officer, to which when plaintiff Whitton objected and argued that he should not be found guilty based solely on the word of Officer Smith without credibility and [illegible] as a Correctional Officer [illegible] to his [illegible] Misconduct and Criminal activity [illegible] due process rights were clearly violated, and that the charge was [illegible] Defendant Brown then Plaintiff removed from the [illegible] and gave an unknown Penalty upon finding him guilty as shown [illegible] the Hearing without Plaintiff Whitton being present.

(10) Moreover, Plaintiff Whitton asserts that after the Recent events taken against him, [illegible] right as Defendant Captain Gill was in the process of arranging to have Plaintiff Whitton restored back to the Prison Job that he was falsely and improperly terminated from in exchange for withdrawing his pending Civil Complaint against those relevant Sussex II Prison Staff who had caused him to be falsely and improperly terminated from his job [illegible] of which Defendants Lt. Brown and [illegible] have now [illegible]. It may be permitted to assess punitive damages in an action under 42 U.S.C. § 1983 when the defendant(s) conduct is shown to be motivated by evil motives or intent, or when it involves reckless or callous indifference to federally protected rights of others. See Smith v. Wade, 461 U.S. 30, 56 — 103 S.Ct. 1625 (1983). Accordingly, Plaintiff Whitton asserts that upon his previous and current claims [illegible] by prison officials, he is clearly entitled to, and will prove to a Jury as factfinder that "but for" the pursuit of his legal claims and lawsuits [illegible] his [illegible] lawsuits, that the Defendant prison officials would not have and continue to retaliate against him with false disciplinary charges, denying him due process in the hearing of the false disciplinary charges, holding a "kangaroo court", removing and denying Plaintiff a fair opportunity for a job [illegible] in program privileges, and threatening to transfer Plaintiff to a Level-5 Prison.

## Closing Statement

Wherefore Plaintiff DeVinche J. AlBritton prays this Honorable Court upon his Verified Complaint and supporting documentary Evidence Submitted herewith to Grant his Motion to Amend and Supplement thereby amending M. Vandermark, Sussex II State Prison's Operations Officers, as a Defendant to his pending Cause of action for Retaliation against Plaintiff and to Further Supplement his Claim of an ongoing Campaign of Retaliatory harassment against him, matters of Which Plaintiff AlBritton demands to be tried by Jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

11/26/19.

Respectfully Submitted

DeVinche AlBritton #1016653
Sussex II State Prison
24427 Musselwhite Dr
Waverly, VA 23891,

## Certificate of Service

I, DeVinche J. AlBritton do swear under the penalty of perjury that each and every statement given herein to be the absolute truth to the best of my knowledge and that a true Copy of this foregoing Motion to Amend and Supplement has been served to: Warden Cabell, Asst Warden J. Darden, M. Vandermark, Ms Taylor, Captain Gill, Anita Critton, Lt Parris, W/m Turner, Lt. Carpenter, Officer Liggins, and IHO Brown at their Place of Business; The Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891 and to the Office of the Attorney General, 202 North 9th St, Richmond, VA 23219 on This 26 th day of November 2019.

DeVinche AlBritton #1016653
Sussex II State Prison
24427 Musselwhite Dr
Waverly, VA 23891,



BARBARA ANN WARD
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7805093
My Commission Expires Feb. 28, 2022

page 7

BARBARA ANN WARD
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7805083
My Commission Expires Feb. 28, 2022

*(Exhibit#1)*   Copies Given



VIRGINIA DEPARTMENT OF CORRECTIONS                    861.1 A-1

## Disciplinary Offense Report

Report generated by Goodrich, A L
Report run on 11/21/2019 at 06:46 PM

| | |
|---|---|
| Case Number: SXII-2019-4134 | Offender Name: Albritton, Devinchi J    DOC #: 1016653    Housing: HU4-A-34T |

Facility: Sussex II State Prison      Reference:

Offense Code: 228      Offense Title: Unauthorized use or abuse of mail or telephone

Offense Date: 11/21/2019    Approximate Time: 3:57 PM    Location: Mailroom - HU4-A

**DESCRIPTION OF THE OFFENSE**
Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On November 21st, 2019 I was given an indigent legal mail envelope addressed to "U/M Turner Sussex II State Prison 1 Building". The envelope also had written on it "Devinche Albritton #1016653 4A-34 Sussex II State Prison 24427 Musselwhite Dr". Offender Albritton #1016653 has been warned previously about using indigent legal mail envelopes to send mail within the institution. Offender Albritton continues to disregard the guidelines applied to indigent legal mail envelopes, therefore this charge is written.

☐ Investigation      Date Completed: _____      ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

| Witnesses: | Reporting Officer: Vandermark, M |
|---|---|
| _____ | Title: Operations Officer |
| _____ | Date: 11/21/2019    Time: 3:56 PM |

| Officer -In-Charge: Goodrich, A L | Title: Lieutenant |
|---|---|
| OIC Signature: *L A Goodrich* | Date: 11/21/2019    Time: 6:39 PM |

**ADVISEMENT OF RIGHTS**

By signing below, you indicate your preference regarding the rights indicated. Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit: *Witness Request Form, Documentary Evidence Request Form,* and the *Reporting Officer Response Form.* The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served.

| | | | |
|---|---|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes | ☑ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing. | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER.

YOU MAY REMAIN SILENT. Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE.

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing.**

| Served and Witnessed By: *M Jones / W/n* | Offender's Signature: *Devinche Albritton* |
|---|---|
| Print Name: *M Jones* | Print Name: *Devinche Albritton* |
| Date of Service: 11/22/19    Approximate Time: 858 | |

IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL:

| ADVISOR AT SERVICE OF DOR: *M Jones* | FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes ☐ No |
|---|---|
| Date of Hearing: 11/28/2019    Revised Date: _____ | Revised Date: _____    Revised Date: _____ |

Rev. 01/01/2016



VIRGINIA DEPARTMENT OF CORRECTIONS

## Penalty Offer

*(Exhibit #1)*

861.1 A-2

Report generated by Goodrich, A L
Report run on 11/21/2019 at 06:47 PM

Case Number: SXII-2019-4134 ___ Offender Name: Albritton, Devinchi J ___ DOC #: 1016653  Housing: HU4-A-34T

Facility: Sussex II State Prison ___ Reference:

Offense Code: 228 ___ Offense Title: Unauthorized use or abuse of mail or telephone

Offense Date: 11/21/2019  Approximate Time: 3:57 PM  Location: Mailroom - HU4-A  Investigation Complete:

### PENALTY OFFER

The available evidence for this case has been reviewed and you are being offered the following **penalty**:

Penalty : IR 4a - Fine up to $15 - Imposed Value: 3 Dollars

Suspended for (if applicable):

[X] **For the charge of:**  Offense Title:  228 - Unauthorized use or abuse of mail or telephone

[ ] **For the Lesser**  Offense Title:
Included Offense of:

Staff Signature: Lt A Goodrich  Date: 11/21/2019  Time: 6:40 PM

Print Name: Goodrich, A L  Title: Lieutenant

### CONDITIONS OF PENALTY OFFER

1) **ACCEPT** – By accepting, I understand I will be pleading guilty to the offense specified in the offer and accept the penalty indicated above and will waive my right to a Disciplinary Hearing, including any right I may have to present witnesses or other evidence on my behalf, as well as any right I may have to ask questions of anyone who may have given a statement against me. I understand that accepting the Penalty Offer is final, and once I have accepted my Penalty Offer, any appeal of this offense will be limited to a determination of (a) *whether there was a guilty plea;* (b) *whether there was an acceptance of a Penalty Offer;* or (c) *whether there was any serious procedural error.* No other reason for an appeal will be considered.

2) **DECLINE** – If I decline the Penalty Offer, I will be afforded a Disciplinary Hearing. I will have the right to enter a not guilty plea at the hearing, and this Penalty Offer will in no way influence the outcome of the hearing or the severity of any penalty imposed as a result of the hearing.

3) **24 HOURS TO DECIDE** – – I understand that I have 24 hours from the date that the charge is served to accept this offer, and I will be provided the opportunity to consult with an advisor, upon request. Any staff member, other than the Hearings Officer, can witness the decision.If I fail to make a decision in 24 hours, I understand that I will be scheduled for a formal Disciplinary Hearing and will not have the option to accept the Penalty Offer prior to the hearing.

### DECISION AT TIME OF SERVICE

[ ] **I ACCEPT the Penalty Offer .**

[✓] **I DECLINE the Penalty Offer.** I understand that I will be scheduled for a Disciplinary Hearing.

[ ] **I DEFER my decision.** I understand that I have 24 hours from the time of service to communicate my intention to accept the Penalty Offer.

By signing below, I acknowledge that I have been advised of my rights.

Offender Signature: _____ Print Name: Devincho Albritton  Date: 11/22/19  Time: 0936

Staff Signature: W. Jones  Print Name: W. Jones  Date: 11/22/19  Time: 0900

IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL:

### OFFENDER DECISION WITHIN 24 HOURS OF SERVICE

[ ] **I ACCEPT the Penalty Offer. NOTE:** Offender can have any staff member witness this decision and forward the offender's signed copy to the Hearings Officer within 24 hours from the time of service of the Disciplinary Offense Report and Penalty Offer.

Offender Signature: _____ Print Name: _____ Date: _____ Time: _____

Staff Signature: _____ Print Name: _____ Date: _____ Time: _____

$(Exhibit \#2)$

**Legal Mail**

↗ This was the envelope that was used to
Send Defendant U/M Turner a Copy of the
Motion to Compel filed on 11-15-19
in Case No. 2:18cv689

# Also
↓
(Enclosure)

(Exhibit #3)

# ATTENTION

You have requested an indigent LEGAL package.

The legal supplies items that are stamped "Legal Mail" and, and are to be used **ONLY** on legal matters related to incarceration. (e.g. Appeals of Criminal Convictions, Writ of Habeas Corpus, Notice of Tort Claims, Divorce Packets, General Power of Attorney Forms, etc.)

Indigent Legal Supplies should **NOT** be used for mailing personal letters, offender request forms, grievances, disciplinary, appeals, etc. Correspondence supplies can be used for those things. They are not stamped "legal mail".

Future Indigent legal packages can be denied if you fail to utilize the legal package supplies/materials for legal mail only. The Law Library, OSS and Postal Assistants will record legal mail exiting the facility, and report it monthly, to the Operations Manager.

Any offender misusing these items will have their privileges revoked for:

First Time Offense- One Month restriction of indigent legal supplies

Second Time Offense- Two Month restriction of indigent legal supplies

Third Time Offense- Three Month restriction of indigent legal supplies

More than Three Offenses are subject to a disciplinary charge of 244.

*(Exhibit #4)*

VIRGINIA
DEPARTMENT OF CORRECTIONS

**RECEIVED**

Informal Complaint  866_F3_4-17

NOV 4 2019

Sussex II State Prison

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual al**

| DeVinche AlGriffon 1016653 | 4 A 34 |
|---|---|
| Offender Name       Offender Number | Housing Assignment |

C/O Garrett; U/m mcDonald          10-30-19 / 6pm

Individuals Involved in Incident — Date/ Time of Incident

[X] Unit Manager/Supervisor   [ ] Food Service   [ ] Institutional Program Manager
[ ] Personal Property   [ ] Commissary   [ ] Mailroom
[ ] Medical Administrator   [ ] Other (Please Specify): _____

Briefly explain the nature of your complaint (be specific): That my 1st, 6th, 8th, and 14th Amendment Rights to Due Process under O.P.861, I were violated where on October 30, 2019, at around 11pm, I awoke to having a Copy of a disciplinary false charge on my cell floor that was never served or marked where MR. Foster on Nov 1, 2019 took a picture and forwarded to U/m mcDonald, and this all happened due to the fact that C/O E.Garrett came to my door earlier on 10-30-19, right before shift change and told me that C/O smith wrote me a case for refusing to go in my cell multiple times that day and when I told Garrett that the charge was false and that smith never said anything to me, Garrett said he would go talk to her and he never came back! Garrett never read the charge or any of the paperwork, Garrett did me wrong & lied to me!

Offender Signature _[signature]_          Date _10-31-19_

**Offenders - Do Not Write Below This Line**

Date Received: 11/4/19          Tracking # SX11-19-INF-06020

Response Due: 11/19/19          Assigned to: McDonald

Action Taken/Response:

Sir,
    Please address your concerns during your Hearing on in a Request form to the Hearing Department.


Respondent Signature _[signature]_   um c. McDonald          11-5-19
                              Printed Name and Title          Date

**WITHDRAWAL OF INFORMAL COMPLAINT:**
I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____          Date: _____

Staff Witness Signature: _____          Date: _____

Revision Date: 4/28/17

*(Exhibit #5)*



VIRGINIA DEPARTMENT OF CORRECTIONS

861.1 A-1

## Disciplinary Offense Report

Report generated by Goodrich, A L
Report run on 10/30/2019 at 03:15 PM

| Case Number: SXII-2019-3800 | Offender Name: Albritton, Devinchi J | DOC #: 1016653 | Housing: HU4-A-34T |

Facility: Sussex II State Prison            Reference:

Offense Code: 201A            Offense Title: Disobeying an Order

Offense Date: 10/30/2019            Approximate Time: 12:40 PM  Location: GP Dayroom - HU4-A

**DESCRIPTION OF THE OFFENSE**
Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On The above date And time I Officer Smith gave offender D. Albritton #1016653 a direct order to step into his cell multiple times, he refused and proceeded to the kiosk. Therefore this charge is written.

☐ Investigation            Date Completed: _____            ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

Witnesses: _____

Reporting Officer: Smith, T M
Title: Correctional Officer
Date: 10/30/2019            Time: 1.50 PM

Officer -In-Charge : Goodrich, A L
OIC Signature: *A. Goodrich*

Title: Lieutenant
Date: 10/30/2019            Time: 3.11 PM

**ADVISEMENT OF RIGHTS**

By signing below, you indicate your preference regarding the rights indicated   Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit. *Witness Request Form, Documentary Evidence Request Form,* and the *Reporting Officer Response Form.* The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served.

| | |
|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☐ Yes  ☐ No  ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☐ Yes  ☐ No  ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☐ Yes  ☐ No  ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes  ☐ No  ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing | ☐ Yes  ☐ No  ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER

YOU MAY REMAIN SILENT.  Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You  have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing.**

Served and Witnessed By: *E. Garrett*            Offender's Signature: Refused to Sign

Print Name: E. Garrett            Print Name:

Date of Service: 10-30-A            Approximate Time: 18:18            *E. Garrett*

IF OFFENDER REFUSES TO SIGN,SERVING OFFICER WILL CERTIFY REFUSAL:

ADVISOR AT SERVICE OF DOR: *E. Garrett*   FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes  ☐ No

Date of Hearing: 11/07/2019            Revised Date:            Revised Date:            Revised Date:

*Offender rec'd copy of charge. 861 Copy*

Page 1 of 2

Rev. 01/01/2016



VIRGINIA DEPARTMENT OF CORRECTIONS

## Penalty Offer

*(Exhibit #5)*

861.1 A-2

Report generated by Goodrich, A L

Report run on 10/30/2019 at 03:18 PM

| | | |
|---|---|---|
| Case Number: SXII-2019-3800 | Offender Name: Albritton, Devinchi J | DOC #: 1016653   Housing: HU4-A-34T |

Facility: Sussex II State Prison          Reference:

Offense Code: 201A          Offense Title: Disobeying an Order

Offense Date: 10/30/2019   Approximate Time: 12:40 PM   Location: GP Dayroom - HU4-A      Investigation Complete:

### PENALTY OFFER

The available evidence for this case has been reviewed and you are being offered the following penalty:

Penalty :   IR 4a - Fine up to $15 - Imposed Value: 3 Dollars

Suspended for (if applicable):

[X] For the charge of:   Offense Title:   201A - Disobeying an Order

[ ] For the Lesser   Offense Title:
Included Offense of:

Staff Signature: *A. Goodrich*      Date: 10/30/2019      Time: 3:12 PM

Print Name:   Goodrich, A L      Title:   Lieutenant

### CONDITIONS OF PENALTY OFFER

1) **ACCEPT** – By accepting, I understand I will be pleading guilty to the offense specified in the offer and accept the penalty indicated above and will waive my right to a Disciplinary Hearing, including any right I may have to present witnesses or other evidence on my behalf, as well as any right I may have to ask questions of anyone who may have given a statement against me. I understand that accepting the Penalty Offer is final, and once I have accepted my Penalty Offer, any appeal of this offense will be limited to a determination of (a) *whether there was a guilty plea*, (b) *whether there was an acceptance of a Penalty Offer*, or (c) *whether there was any serious procedural error*. No other reason for an appeal will be considered.

2) **DECLINE** – If I decline the Penalty Offer, I will be afforded a Disciplinary Hearing. I will have the right to enter a not guilty plea at the hearing, and this Penalty Offer will in no way influence the outcome of the hearing or the severity of any penalty imposed as a result of the hearing.

3) **24 HOURS TO DECIDE** – – I understand that I have 24 hours from the date that the charge is served to accept this offer, and I will be provided the opportunity to consult with an advisor, upon request. Any staff member, other than the Hearings Officer, can witness the decision. If I fail to make a decision in 24 hours, I understand that I will be scheduled for a formal Disciplinary Hearing and will not have the option to accept the Penalty Offer prior to the hearing.

### DECISION AT TIME OF SERVICE

[ ] I ACCEPT the Penalty Offer .

[ ] I DECLINE the Penalty Offer. I understand that I will be scheduled for a Disciplinary Hearing.

[ ] I DEFER my decision. I understand that I have 24 hours from the time of service to communicate my intention to accept the Penalty Offer.

By signing below, I acknowledge that I have been advised of my rights:

Offender Signature: *Refused to sign*   Print Name:      Date:      Time:

Staff Signature: *E Garrett*   Print Name: *E Garrett*   Date: 10-30-19   Time: 18:18

IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL:   *E Garrett*

### OFFENDER DECISION WITHIN 24 HOURS OF SERVICE

[ ] I ACCEPT the Penalty Offer.  NOTE:  Offender can have any staff member witness this decision and forward the offender's signed copy to the Hearings Officer within 24 hours from the time of service of the Disciplinary Offense Report and Penalty Offer.

Offender Signature:      Print Name:      Date:      Time:

Staff Signature:      Print Name:      Date:      Time:

*(Exhibit #6)*



VIRGINIA DEPARTMENT OF CORRECTIONS

**Notice of Postponement Report**

861.1 A-5
DOC Location: SXII Sussex II State Prison
Report generated by Seeley, A
Report run on 11/11/2019 at 11:32 AM

| | | | |
|---|---|---|---|
| Case #: | SXII-2019-3800 | Current Housing #: | HU4-A-34-T |
| Offender Name: | Albritton, Devinchi J | DOC #: | 1016653 |
| Offense Code: | 201A | Offense Title: | Disobeying an Order (Feb 17 2016 - Dec 31 9999) |
| Offense Date: | 10/30/2019 | Reporting Officer: | Smith, T M |
| | | Title: | Correctional Officer |

**NOTICE OF POSTPONEMENT:** (revised hearing date)

This is to inform you that your Disciplinary Hearing for the above listed offense has been rescheduled for: (The hearing is still within the authorized timeframe.)

Date: 11/21/2019

Offender's Signature: _____ Date: _____ Time: _____

Notice Served By: _____ Date: 11.11.19 Time: _____

**Original to Hearings Officer – Copy to Offender**

Page 1 of 1



VIRGINIA DEPARTMENT OF CORRECTIONS

## Notice of Postponement Report

861.1 A-5
DOC Location: SXII Sussex II State Prison
Report generated by Seeley, A
Report run on 11/11/2019 at 11:32 AM

| | | | |
|---|---|---|---|
| Case #: | SXII-2019-3800 | Current Housing #: | HU4-A-34-T |
| Offender Name: | Albritton, Devinchi J | DOC #: | 1016653 |
| Offense Code: | 201A | Offense Title: | Disobeying an Order (Feb 17 2016 - Dec 31 9999) |
| Offense Date: | 10/30/2019 | Reporting Officer: | Smith, T M |
| | | Title: | Correctional Officer |

**NOTICE OF POSTPONEMENT:** (revised hearing date)
This is to inform you that your Disciplinary Hearing for the above listed offense has been rescheduled for: (The hearing is still within the authorized timeframe.)

Date: 11/21/2019

Offender's Signature: _____  Date: _____  Time: _____

Notice Served By: _____  Date: 11.11.19  Time: _____

**Original to Hearings Officer – Copy to Offender**

Page 1 of 1