UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



DEVINCHE ALBRITTON,

    Plaintiff,

v.                                     ACTION NO. 2:18cv689

S. CARPENTER, *et al.*,

    Defendants.

### ORDER

Plaintiff, a Virginia inmate, filed this *pro se* action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. This matter is before the Court on the following motions filed by Plaintiff: (i) Motions to Amend and Supplement ("Motions to Amend"), ECF Nos. 13 and 17; (ii) Request for Admission and/or Motion for Issuance of Subpoenas, ECF No. 14; and (iii) Motion to Compel, ECF No. 16.

                                    I.      Motions to Amend

In Plaintiff's Motions to Amend, he requests leave of Court to amend his Complaint to clarify his claims. *See generally* Mot. Amend, ECF No. 13; *see also* Mot. Amend, ECF No. 17.

Plaintiff has not previously amended his Complaint, nor has this action been served on Defendants. *See* Fed. R. Civ. P. 15(a). Accordingly, *pro se* Plaintiff's Motions to Amend, ECF Nos. 13 and 17, are **GRANTED**. Plaintiff is **ORDERED** to file his Amended Complaint within thirty days of the date of entry of this Order. <u>Plaintiff is ADVISED that his Amended Complaint will supersede his prior complaint, and will become the operative complaint in this action.</u> *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). That is, the Amended Complaint

must stand or fall of its own accord. Plaintiff may not reference statements in his prior complaint. Plaintiff also may not rely on any previously submitted exhibits.

Further, Plaintiff's Amended Complaint must: (i) identify all Defendants against whom Plaintiff wishes to bring claims; (ii) clearly identify all claims that Plaintiff intends to assert against Defendants; (iii) clearly identify all of the factual allegations upon which all of Plaintiff's claims are based, including who took what action, when the actions were taken, and what harm Plaintiff suffered as a result; and (iv) attach any relevant exhibits to support such claims. Plaintiff is further ADVISED that *in addition* to describing the actions of Defendants in the body of his Amended Complaint, *all* Defendants must be listed in the case caption portion of the Amended Complaint or set forth on a separate sheet of paper. Additionally, Plaintiff must provide an address for all named Defendants. The Amended Complaint must also satisfy Rule 20 of the Federal Rules of Civil Procedure.[1]

## II. Request for Admission and/or Motion for Issuance of Subpoenas

In Plaintiff's Request for Admission and/or Motion for Issuance of Subpoenas, Plaintiff states that he "respectfully moves this Honorable Court for leave to serve requests for admission(s) upon Non-Party(s) to this civil action . . . or in the alternative to issue a subpoena . . . to respond to proposed Interrogatories." Req. Admis. Mot. Issuance Subpoenas at 1, ECF No. 14.

The Court notes that this action remains before the Court for preliminary review under 28 U.S.C. § 1915A, and has not yet been served on Defendants. Further, as set forth in this Order, the Court grants Plaintiff leave to amend his Complaint to clarify his claims against Defendants. As such, Plaintiff's request to "serve requests for admission(s)" or "in the alternative to issue a

---

[1] The Court notes that "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (citation omitted).

2

subpoena" is premature. *See id.* Accordingly, Plaintiff's Request for Admission and/or Motion for Issuance of Subpoenas, ECF No. 14, is **DENIED without prejudice**.

### III. Motion to Compel

Plaintiff also filed a Motion to Compel. Mot. Compel, ECF No. 16. In his Motion to Compel, Plaintiff requests that the Court compel Defendants "to answer fully interrogatories #1 thru #17." *Id.* at 1. As noted above, this action remains before the Court for preliminary review pursuant to 28 U.S.C. § 1915A and has not yet been served on Defendants. As such, Plaintiff's Motion to Compel, which requests that the Court compel Defendants to respond to Plaintiff's interrogatories, is premature. Accordingly, Plaintiff's Motion to Compel, ECF No. 16, is **DENIED without prejudice**.[2]

### IV. Conclusion

For the reasons set forth above, Plaintiff's Motions to Amend, ECF Nos. 13 and 17, are **GRANTED**. Plaintiff is **ORDERED** to file his Amended Complaint within thirty days of the date of entry of this Order. The Amended Complaint must comply with the instructions set forth in this Order. <u>Plaintiff is ADVISED that his Amended Complaint will supersede his prior complaint, and will become the operative complaint in this action</u>.

Further, Plaintiff's Request for Admission and/or Motion for Issuance of Subpoenas, ECF No. 14, is **DENIED without prejudice**. Plaintiff's Motion to Compel, ECF No. 16, is **DENIED without prejudice**.

---

[2] Moreover, the Court notes that discovery is conducted between the parties, and any interrogatories or requests for production of documents need not, and should not, be filed with the Court at this time. *See* Fed. R. Civ. P. 5(d)(1)(A) (stating that "interrogatories, [and] requests for documents" "must not be filed until they are used in the proceeding or the court orders filing").

3

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff, and to send a copy of the Court's questionnaire to Plaintiff to assist Plaintiff in filing his Amended Complaint.

IT IS SO **ORDERED**.

/s/ *[signature]*
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia

January 14th, 2020