# IN THE UNITED STATES DISTRICT COURT

## For The Eastern District of VIRGINIA

### Norfolk Division

DeVinche J. Albritton, #1016653

Plaintiff

V.

Civil Action No. 2:18cv689

Lt Melissa Carpenter, Chief Investigator Sussex II State Prison,

Beth Cabell, Warden of The Sussex II State Prison,

Tony Darden, Assistant Warden of Sussex II State Prison,

W. Rollins, Former Unit manager 1 Building Sussex II State Prison,

Ms. Adams, Former Unit Manager 4 Building Sussex II State Prison,

Anita Critton, Grievance Coordinator of Sussex II State Prison,

Mr Turner, Unit manager of 1 Building Sussex II State Prison,

Ms Taylor, Institutional Program manager Sussex II State Prison,

M. Vandermark, Operations Officer of Sussex II State Prison,

Captain Gill, OIC May 23, 2019 at the Sussex II State Prison,

Mr Brown, Inmate Hearings Officer Sussex II State Prison,

Lt Parris; Reporting officer May 23, 2019 Sussex II State Prison,

Officer Liggins, Property officer at Sussex II State Prison,

Lt Liptrot, Watch Commander at the Sussex II State Prison,

Ms Poarch, Former Food Service Contractor Kitchen Supervisor Sussex II Prison,

Defendant(s)

## AMENDED COMPLAINT

page 1

# I. Jurisdiction & Venue

1. This is a civil action authorized by 42 U.S.C. §1983 and §1985 to redress the deprivations and violations, under Color of State Law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. §1331 and 1343 (a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. §2201 and §2202. Plaintiff's Claims for injunctive relief are authorized by 28 U.S.C. §2283, §2284, and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court for the Eastern District of Virginia, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510, is an appropriate venue under 28 U.S.C. §1391 (b)(2) because it is where the events giving rise to the claim(s) occurred.

# II. Plaintiff

3. Plaintiff DeVinche Javon AlBritton, pro se, is and was at all times mentioned herein a prisoner of the Commonwealth of Virginia in the Custody of the Virginia Department of Corrections. Plaintiff is currently confined in the Sussex II State Prison, 24427 Musselwhite Dr, Waverly, Virginia 23891

# III. Defendant(s)

4. Defendant Lt Melissa Carpenter, is the chief Investigator of the Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891. She is legally responsible for Investigating and gathering Intel on any and all Offenders, Staff, and persons within the facility for the Safety and Security of the prison.

5. Defendant Beth Cabell, is the Warden of Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891. She is legally responsible

Page 2

for the operation of Sussex II State Prison and for the welfare of all the offenders in that Prison.

6. Defendant Tony Darden, is the Assistant Warden of Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891. He is legally responsible for Staff and Offender relations, programs, ~~Movement/Assignment status, and operation of Sussex II in the~~ absence of Warden Cabell as her designee.

7. Defendant M. Vandermark, is the Operations Officer of Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891. She is legally responsible for the day to day operations of all Sussex II prison Departments, Staff, and Offenders in Compliance with applicable State and Federal Laws.

8. Defendant Anita Critton, is the Grievance Coordinator of the Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891. She is legally responsible for filing Offender Grievances and for Coordinating and monitoring the Sussex II State Prison's Grievance Procedure for administrative remedies under State and Federal Laws.

9. Defendant Kevin S. Turner, is the Unit Manager of 1-Building at the Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891. He is legally responsible for the security, movement, and safety of Staff and Offenders within housing Unit # 1.

10. Lt Liptrot, is a Watch Commander at the Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891. He is legally responsible for Offender movement outside of their housing units and approving a special housing status lockup orders and documentation.

11. Defendant W. Brown, is a Inmate Hearings Officer at the Sussex II State Prison, 24427 Musselwhite Dr. Waverly, VA 23891. He is

page 3

legally responsible to be the Sole fact finder in a Disciplinary Hearing for Offenders at Sussex II state Prison, to decide guilt of the accused, and to impose an appropriate penalty for a Violation of Virginia Department of Corrections Rules and Regulation.

12. Defendant Ms Taylor, is the Institutional Program Manager at the Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891. She is legally responsible for the enrollment and/or removal of all Sussex II State Prison Offenders from Jobs and Program at the Facility.

13. Defendant Wanda Rollins, was the Former Unit Manager of 1-Building at the Sussex II State Prison, 24427 musselwhite Dr, Waverly, VA 23891. She was legally responsible for the Security, movement, and Safety of Staff and Offenders within housing Unit #1.

14. Defendant Ms Adams, was the Former Unit Manager of 4-Building at the Sussex II State Prison, 24427 musselwhite Dr, Waverly, VA 23891. She was legally responsible for the security, movement, and safety of Staff and Offenders within housing Unit #4.

15. Defendant Captain M. Gill, is a Watch Commander at the Sussex II State Prison, 24427 musselwhite Dr, Waverly, VA 23891. He is legally responsible for security, movement, and offender safety outside of the housing Units, he also serves as the Officer-in-Charge in the processing of Disciplinary Offense Reports against Sussex II Offenders.

16. Defendant Lt Parris, is a Supervisor of the Yard at the Sussex II State Prison, 24427 musselwhite Dr, Waverly, VA 23891. He is legally responsible for Security, Coordinating Offender Movement, and programs outside of the housing Units.

17. Defendant Ms Poarch, was a Former Kitchen Supervisor Contracted at the Sussex II State Prison, 24427 musselwhite Dr, Waverly, VA 23891 her legal responsibilities was to provide Food Service and Supervise Offenders assigned to Work in the Sussex II State prison's Kitchen.

page 4

18. Defendant Officer Liggins, is a property Officer at the Sussex II State Prison, 24427 Musselwhite Dr, Waverly, VA 23891, her legal responsibility was to inventory, secure, and issue personal property to Offenders at Sussex II State Prison.

19. Each Defendant is being sued individually and in his or her Official Capacity. At all times mentioned in this Amended Complaint each defendant acted under the color of state law.

## IV. Facts

20. Plaintiff Albritton arrived at Sussex II State Prison on September 7, 2017, where he was immediately confronted by Defendant Liggins in the Prison's property department, who without cause forced him to fill out paperwork to pay money to send out his undamaged "CL-20" Head Phones to be repaired, see (Exhibit #1). Defendant Liggins when Plaintiff Albritton had objected and argued that he was being forced to pay money for his undamaged Headphones, told Plaintiff that she knew all about him filing lawsuits from other staff, but that if he wanted to be difficult by filing paperwork against her, then he would be the one to suffer the loss if he didn't do what she said and spend the money, which he did under duress, because Liggins threaten to throw his head phones away.

21. Thereafter, Plaintiff Albritton was placed in housing Unit #1, Delta Pod, ran by Defendant Wanda Rollins as Unit Manager, where on October 26, 2017, Plaintiff was made to fall and injure himself down a damaged and defective Staircase in Delta Pod.

22. Plaintiff Albritton during his recovery from his inguries of falling down the prison's defective Staircase began to write Complaint forms as to Exhaust the Sussex II Grievance process in order to seek damages, upon which Defendant Rollins confronted him face to face

page 5

and told Plaintiff that she knew he wanted to file a Lawsuit, that she wasn't going to allow him to get paid any money from the situation, and that if he persisted and didnt drop his frivolous claim, she would have him put out of her Building, to which Plaintiff AlBritton despite Rollin's threats refused and just asked Defendant Rollins to answer his Informal Complaint #SXII-17-INF-0551 so that he could file to the next Level Grievance and Defendant Rollins gave her response to the Complaint on November 13, 2017. see (Exhit # 2).

23. Plaintiff AlBritton after he had submitted a request for evidence of his personal Injury Claim was also Confronted by Defendant Lt Carpenter, who asked Plaintiff to write and sign a Statement about the Circumstances of his fall and injury down the prison's Staircase. Defendant Carpenter then told Plaintiff AlBritton that his request for copies of Pictures taken of the damaged Stair case and the incident reports written by the Two Correctional Officers who witnessed his fall and injury was refused and denied, Stating that the only way Plaintiff would ever have access to any of the requested material evidence for his Lawsuit was for him to go hire a Lawyer, because she would not allow him to sue the prison without a Lawyer. see (Exhibit # 3).

24. Plaintiff AlBritton immediately after recieving Defendant Rollin's answer to his informal Complaint and Defendant Carpenter's denial of his request for evidence regarding his personal Injury Claim, submitted multiple Regular Grievances to be filed which included a regular Grievance regarding Defendant Rollins' answer to his informal Complaint Concerning Plaintiff's personal injury (Exhibit # 4); and Defendant Carpenter's refusal to allow Plaintiff's access to the evidence of his personal injury Claim. see (Exhibit # 5).

25. On November 27, 2017, Plaintiff AlBritton was Summoned to the Prison's Watch Commander's Office where he was Confronted by both Defendant A. Critton and Defendant Lt Carpenter in regards to the Grievances that he had filed, where Defendant Carpenter Scolded Plaintiff

Page 6

for filing a grievance against her and reasserted that she would never give him any of the requested evidence for his Lawsuit unless he hired a Lawyer, and Defendant Critton stated that in any event, Plaintiff's Lawsuit wasn't going anywhere, because she was not filing any one of his Grievances regarding him falling down the prison's Staircase, that the matter was "dead".

(26. Plaintiff AlBritton objected and asked Defendant Critton how could she not file any one of his properly filed Regular Grievances, to which Defendant Critton replied stating that she had time stamped all of his Grievances as received that very day and that he would get all of his rejected and unfiled Grievances back in the mail that evening, the Grievance filed in response to Defendant Rollins' answer to his informal Complaint #SXII-17-INF-0551 unfiled due to expired filing Period stamped received November 27, 2017 (Exhibit #4) and the Grievance filed against Defendant Carpenter received November 27, 2017 and rejected for his failure to first use the informal Complaint Procedure, see (Exhibit #5).

27. Before leaving the Watch Commander's Office, Plaintiff AlBritton informed both Defendant Critton and Defendant Carpenter that their plans to stop him from Exhausting his Grievances and filing his Lawsuit wouldn't succeed, since that he had taken steps regarding his regular Grievance filed with respect to his informal Complaint #SXII-17-INF-0551 where as a matter of fact he had just so happened to have Copied that particular Regular Grievance that Defendant had dismissed as untimely filed on November 27, 2017, where he had it Notarized on that same day of November 17, 2017, and witnessed being placed in the prison's Grievance Collection Box by a Building Officer and Lt P.A. West who Notarized it.(Exhibit #6), and that as soon as he got back to the building he was going to file a Complaint about was being done to him,

28. On November 28, 2017, Plaintiff AlBritton submitted his informal Complaint #SXII-17-INF-     in regards to Defendant Critton's misconduct committed against him on November 27, 2017, see ⟹ (Exhibit #7)

page 7

29. On November 29, 2017, Defendant Critton after being informed in regards to Plaintiff Albritton's informal complaint #SXII-17-INF- filed against her met with Plaintiff face to face, where after being shown a copy of Plaintiff's November 17, 2017 Notarized Grievance (Exhibit #6) realized her folly, and in exchange for Plaintiff not to pursue further misconduct and Obstruction charges against her, changed her position and agreed to immediately file Plaintiff's November 17, 2017 Grievance that she had tried to Dismiss as untimely, Logged as #SXII-17-REG-00428 (Exhibit #8), but Critton refused to process any further complaints against Defendant Carpenter for any reason.

30. That after the filing of Grievance #SXII-17-REG-00428, around the Second week of December 2017, Plaintiff Albritton was called up to Defendant Rollins' office where she Questioned Plaintiff further about the details of his fall and injuries down the Prison's damaged staircase all the while she logged the information into her computer, and asked him how did he determine $25,000.00 was an appropriate remedy for his injuries.

31. Plaintiff Albritton happened to see the Computer screen of what Rollins was typing in and asked Defendant Rollins how was it that she and not the Warden was answering his Grievance #SXII-17-REG-00428 as he saw that she was typing in the Warden's responce to his Grievance, and Defendant Rollins right before she Kicked Plaintiff out of her office told him that it was her assignment concerning her Unit, that this was his last chance to end his frivolous Lawsuit he was trying to file, or that she was going to help him right out of her building in a spot he didn't want to find himself to which Plaintiff left her office without a responce.

32. Nevertheless on December 22, 2017, that Friday evening of the Christmas Holiday Weekend where mail service was suspended until December 26, 2017, Plaintiff Albritton received the Warden's responce to his Grievance #- -SXII-17-REG-00428 in the institutional mail answered by two of the Warden's designee(s); T. Birckhead, the Former Sussex II Operation Officer and R. Wallace, recently deceased August 2019, Sussex II Head of Housing Units, denying his claim(s) as "Unfounded" thereby giving Plaintiff Albritton exactly Five (5) Calendar days to Appeal their decision of his Grievance to the Level II regional director's office

page 8

33. On December 25, 2017, Christmas Day, Plaintiff AlBritton completed his Level-2 Grievance Appeal regarding the denial of his personal Injury Claim to the Regional Director's Office, had it Notarized and Placed in the mail by Lt P.A. West addressed to the Regional Administrator, 14545-Old Belfield Rd, Capron, VA 23829. see (Exhibit #9).

34. On December 29, 2017, 4 days Later, Defendant Rollins after finding out that Plaintiff AlBritton used Lt West to Notarize and Timely mail his Grievance Level-2 Appeal to the Regional Director's Office, Immediately retaliated and had Plaintiff forcibly moved to a Gang/STG Pod in 2 Building Delta Pod, where Plaintiff was subjected to Constant Gang Oppression and harassment by the Gang Members in the Pod.

35. Plaintiff AlBritton immediately filed his informal Complaint # SXII-18-INF-00036 regarding his Unconstitutional and retaliatory placement in a Gang/STG pod, which was finally answered by John Mills, unit manager of 2-Building upon his return from Holiday Vacation, where Mr Mills Stated that he had nothing to do with Plaintiff being Moved to his Building, but that he would immediately move him out of his building. (Exhibit #10)

36. On January 9, 2018, per Mr Mills, Plaintiff AlBritton was moved out of the Gang/STG Pod in 2-Building and Placed back in 1-Building Alpha Pod Cell #37. However, the next day on January 10, 2018, as Defendant Rollins and Lt P.A. West made rounds, when Rollins saw Plaintiff AlBritton in the Pod, she yelled "What the Fuck," "How the Hell did You get back in my Building," "I hope you didn't unpack," and "this time You won't be Coming Back." The next day on January 11, 2018, Plaintiff was again forced to move out of 1-Building and Back to 2-Building, but this time Plaintiff was placed in a Cell with a High Ranking Member of the "MS-13" Street Gang as his Cell Partner.

37. Plaintiff AlBritton on that Same day of January 11, 2018, as he was moved back to 2-Building was made to witness the beating death of another Non Gang member Offender by his Gang Member Cell partner as Sussex II Prison Staff Knowingly stood by powerless to intervene after which the Pod was placed on an indeterminate Lockdown for which Plaintiff wrote a Regular Grievance. (Exhibit #11)   page 9

38. Unit Manager John Mills upon being informed about Plaintiff AlBritton's Regular Grievance (Exhibit #11) met with Plaintiff and told him that his Fellow Sussex II Prison Staff had it in for him for pursuing his Lawsuit and filing all his Complaints, "that Defendant Rollins" "did not want him back in her building," but that if Plaintiff would work with him by withdrawing his Grievance (Exhibit #11) and cease from filing Complaints, then he would move him out of the Cell with the "MS-13" Gangmember and have his building Staff watch over him upon which Plaintiff on January 31, 2018 agreed and signed the Withdrawal of his Grievance. (Exhibit #11)

39. Plaintiff AlBritton remained in 2-Building under John Mills' protection until he was suddenly placed in Segregation by Defendant W. Brown and Investigator C/o Phat for an alleged possession of intoxicant offense which was later dismissed, during which Plaintiff filed a "Prison Rape-Elimination Act (PREA) Complaint against a Sussex II Sgt "C" Byrd who Violated him while moving him and his property to Segregation Lockup upon which Defendant Carpenter Biasly investigated and dismissed as "unfounded" when plaintiff refused to withdraw his complaint. see - (Exhibit #12)

40. Plaintiff AlBritton also while he was being held in Segregation provided legal advise and assistance to another Sussex II Offender, Mark Castro, who Defendant Carpenter locked up pending transfer from Sussex II to Prevent Castro from filing any legal action against her fellow Sussex II Prison Staff for locking him in a Prison Pod Shower and allowing other Sussex II Prison Offenders to throw Boiling hot Water and Urine on him while he was locked in the Shower (Exhibit #13), and Castro also gave Plaintiff limited Power of Attorney upon his release from Segregation in order for him to file his Lawsuit, see (Exhibit #14).

41. On April 10, 2018, Plaintiff AlBritton was released from Segregation and placed back into 1-Building, Charlie Pod Cell #37, again under the Control of Defendant Rollins. Soon thereafter, Plaintiff AlBritton was informed that the U.S. District Court had appointed a Federal Attorney, a lawyer, Mr Victor M. Glasberg & Associates in the Sussex II prison Rape Case Civil Action No. 1:16 cv 998 of Elijah Maven that Plaintiff had assisted Maven in filing prior to his Transfer to Sussex II State Prison.

page 10

42. Plaintiff AlBritton contacted Mr Glasberg's Law Office to turn over Documents belonging to Offender Maven that he had transfered with in his property relevant to the case and also informed Mr Glasberg that he was currently being housed in the very Pod where Maven was Raped and would attempt to find any witnesses who were still living there.

43. Plaintiff AlBritton after asking around the Pod eventually found Offender Shawn King, who had directly witnessed the relevant events and Circumstances concerning Maven's Rape Case, and the only offender who was willing to sign a written statement without fear of reprisal.

44. On June 26, 2018, when Plaintiff AlBritton and Offender King attempted to have his sworn Affidavit Notarized and Copied (Exhibit # 15), Defendant Rollins intervened and after reviewing King's Affidavit, she instructed Counselor Owens not to provide notary or Copies, citing that they had not followed proper procedure which would take 14 Business days to Complete, and told Plaintiff AlBritton that she would Contact and Inform Defendant Carpenter to further investigate him and their involvement with Maven's Rape Case, especially since Plaintiff was not at Sussex II when Maven's Rape took place.

45. Meanwhile, Sussex II State Prison received a New Warden and a New Chief of Security, Major Kevin L. Clark, who after meeting with Plaintiff AlBritton, his Counselor Ms Odom, and Senior Counselor Shaw, agreed to approve and allow Plaintiff 1 opportunity to work in the Sussex II prison Kitchen, where on July 3, 2018, Plaintiff was Hired and started as a 1st shift Kitchen Worker 2am-10am, 5 days a week.

46. On July 5, 2018, two days later, Plaintiff AlBritton was called from work to receive legal mail from Attorney Glasberg acknowledging the receipt of King's Affidavit and offering assistance for staff reprisal if needed (Exhibit # 16) delivered by Defendant Carpenter's intel unit, where Plaintiff had been advised that the Letter had been opened by mistake before his arrival. Soon thereafter, later in July 2018, both Defendant Rollins and T. Birckhead were reassigned from working at Sussex II State Prison per the New Warden, Beth Cabell.

page 11

47. Plaintiff Albritton due to a lack of postage mailing stamps utilized the Prison's J-Pay Email system which was being monitored by Defendant Carpenter's Intel unit, to send a message to a Lawyer working in Attorney Glasberg's Law firm, where Plaintiff Albritton on or about July 23 or 24, 2018, was called by Defendant Carpenter and her Intel Officers to receive his legal mail sent from Attorney Glasberg's Law office in response to the Email he has sent (Exhibit #17), during which one of the officers present asked Plaintiff if he liked working in the Kitchen and was he still filing Lawsuits, upon which Plaintiff stated "That he was always fighting for his Rights" and that he never Quit working.

48. The following week later, on August 3rd, 2018, as Plaintiff Albritton was coming back from work in the Kitchen, he was called back to the Building by Lt Gatlin, who told Plaintiff that he needed to pack all of his property because he was being placed in Segregation lockup per Defendant Carpenter, who would not tell her why, but that Plaintiff was to be placed in lockup.

49. Plaintiff Albritton was locked up in Segregation for the weekend where his sick mother who came to visit him was refused because she was not warned that Plaintiff was in Segregation, nor was Plaintiff ever told by any staff why he had been locked up, where 2 days later on August 5, 2018, Plaintiff was given a copy of a Institutional Classification Authority (ICA) Hearing Notification form "Doc 11" stating that Plaintiff was placed on GDT in restrictive housing pending investigation authorizing staff signed by Defendant Lt Liptrot on August 3, 2018, 3pm, and that he was scheduled to appear at a hearing set for August 8, 2018. (Exhibit #18)

50. Plaintiff Albritton never received any ICA hearing while he was in Segregation where instead, on August 9th, 2018, Defendant Carpenter and her fellow Intel Officers came to see Plaintiff in Segregation, where they called him into the interview room and Questioned him, During which Plaintiff Demanded to know the reason why he had been taken off his Kitchen Job and locked up in Segregation, to which Defendant Carpenter asked Plaintiff if he had been in a fight with someone in 1-Building, because she had received an "Anonymous Note" stating that Plaintiff had fought someone in 1-Building.

page 12

51. Plaintiff Albritton proclaimed his Innocence and denied any Knowledge of or involvement in any alleged fight in 1-Building, Citing that he had been working in the Kitchen for the previous 30 days 2am-11am and Told Defendant Carpenter that she was Just retaliating by locking him up in Segregation for his legal work and pending Lawsuits and Demanded to be released because she was Violating his Constitutional Rights.

52. Defendant Carpenter Instructed Plaintiff Albritton to write and sign a Statement Stating that he had not been involved in any physical altercation or fight with anyone in 1-Building which he did, but refused to release Plaintiff, Stating that he would be released when she was ready for him to be released and that he would remain in Segregation until further notice.

53. Plaintiff Albritton the next day on August 10, 2018, wrote a request form to Defendant Vandermark explaining how he was being retaliated against by Defendant Carpenter and asked for help, but he was only told that the matter would be looked into. See > - -(Exhibit #19).

54. Plaintiff Albritton also had previously submitted an informal Complaint #SXII-18-INF-04610 on August 6, 2018, to the Warden Stating the facts of Defendant Carpenter's retaliation and Violation of his rights, however, yet again he was only told that his case would be reviewed. (Exhibit #20).

55. On August 27, 2018, at the direction of Defendant(s) Carpenter, M. Vandermark, and T. Darden, Plaintiff Albritton was released from Segregation and placed in 4-Building, Delta Pod, the Prison's designated Gang/STG housing Unit, where Plaintiff soon thereafter filed his informal Complaint #SXII-18-INF-04848 regarding being released from Segregation to 4 Building the Prison's Gang/STG Unit rather being restored back to his Kitchen Job (Exhibit #21) and filed his Regular Grievance #SXII- -18-REG-DD218 regarding Defendant Carpenter's retaliation and Violation of his Rights. (Exhibit #22). page 13

56. Plaintiff Albritton shortly after being released from Segregation lockup received a responce from Attorney Glasberg's Law Office regarding the retaliation and Violations of Plaintiff's rights, where Mr Glasberg requested Plaintiff to provide the details and Circumstances of what was done to him by relevant Sussex II prison officials, see (Exhibit #23). The information was provided.

57. Plaintiff Albritton in responce to his Informal Complaint #SXII-18-INF-04848 on August 23, 2018, met with Defendant Adams to discuss the Situation of him being placed in 4 Building and not immediately restored back to his Kitchen Job upon release from Segregation, where Defendant Adams informed Plaintiff that she was told that Plaintiff was not to be allowed back to work in the Kitchen, but that she would later check with Defendant Carpenter. (Exhibit #21)

58. The next day on August 24, 2018, Defendant Adams called Plaintiff Albritton up to her office to discuss his Informal Complaint #SXII-18-INF-04918 Concerning the theft of his CL-20 HeadPhones by Defendant Liggins, Stating that because Plaintiff was in her housing Unit, that it was her duty to investigate the matter. Defendant Adams told Plaintiff that she had talked to Defendant Liggins and that the only way he would ever get compensation for his HeadPhones was to withdraw his pending Complaints and stop filing lawsuits against staff otherwise he would take his chances getting remedy through the Courts, to which Plaintiff refused stating that Defendant Liggins had Robbed him and had lied to him on numerous occassions, therefore he would not stop filing paperwork and they all would get caught eventually.

59. The following week, on August 30, 2018, Plaintiff Albritton received a warning from a fellow inmate that as soon as he recieved his Commissary order, that he was going to be robbed at Knife point by the Gang members in the Pod, and Plaintiff Immediately informed Staff and Defendant Adams by filing Emergency Grievance Log #122872 (Exhibit #24) upon which Defendant Adams referred the matter to Defendant Carpenter who intervened in Plaintiff's placement in 1-Building, instead having Plaintiff locked up in Segregation. Plaintiff Albritton also later filed an informal Complaint #SXII-18-INF-05277 against Defendant Adams and a Sgt Brown for how they handled the situation where he was going to be robbed, see> - (Exhibit #25)

page 14

60. The following day on August 31, 2018, after being placed in lockup, as Defendant Cabell made her rounds thru the Segregation Unit, Plaintiff Albritton asked Warden Cabell did she know what her prison staff had been doing to him for the past 30 days and Defendant Cabell told Plaintiff that she knew all about his situation and placement in Segregation, Because Defendant Carpenter had told her everything, that she agreed with Defendant Carpenter's actions, and that he would remain in Segregation lockup until Defendant Carpenter was ready to release him, thus leaving Plaintiff with no hope of any oversight or remedy from the Warden's office.

61. Plaintiff Albritton while he sat in Segregation lockup continued to file his Grievances #SXII-18-REG-00240 in regards to his placement in 4-Building and not being restored back to his Kitchen Job upon his release from Segregation on August 17, 2018 (Exhibit #**26**) and wrote a request form in regards to Defendant Liggins' theft of his personal property that Defendant Adams was using to get Plaintiff to cease from filing his complaints and Lawsuits. See (Exhibit #27).

62. On September 21, 2018, after 22 days in Segregation, Plaintiff Albritton was finally released and placed in 1-Building, Delta Pod, by Mr. Perkins, the Unit-Manager of the Segregation Unit, who considered the fact that Plaintiff was being held for no purpose other than retaliatory and personal reasons of Defendant Carpenter and that her actions were no longer warranted.

63. A week later, on September 28, 2018, Plaintiff Albritton received the Warden's responce to his Grievance #SXII-18-REG-00218, regarding the August 3, 2018, retaliatory action and Violations of his Constitutional Rights by Defendant Carpenter and other Sussex II Staff which was answered by the recently Deceased R. Wallace, who was named as a Defendant, acting as Defendant Cabell's designee. Ms Wallace stated that based on her investigation, per Defendant Carpenter's statement that Plaintiff Albritton was never placed in Segregation due to the intel department on August 3, 2018, and that she had no knowledge of Plaintiff's allegations, therefore Plaintiff's Grievance was "Unfounded," upon which Plaintiff immediately wrote and Submitted his Appeal to the Level II Regional Director's Office arguing with supporting Documents as Evidence which Showed Defendant Carpenter had in fact Violated his Rights on August 3, 2018. (Exhibit #28). page 15

64. On October 15, 2018, Plaintiff AlBritton received his Level-2 responce from the Regional Administrator, Gregory L. Holloway, regarding his Grievance --#SXII-18-REG-00218 alleging the Violations of of Constitutional Rights by Defendant Carpenter placing him in Segregation lock up on August 3, 2018, thereby Upholding the Warden's Level-2-responce finding that Plaintiffs Grievance was "Unfounded." (Exhibit #29),

65. Plaintiff AlBritton later that week in October 2018, wrote Senior Counselor Ms Shaw a request form seeking her assistance in regaining his Job in the Sussex II Kitchen, Citing that he had done nothing wrong to have lost his Job and was Constitutionally Violated by Defendant Carpenter who locked him up on August 3, 2018, out of retaliation, to which Senior Counselor Shaw responded with a typed notice Stating "Mr. Albritton, I have asked Administrative Staff if you could return back to the Kitchen." I was informed, "No". see (Exhibit #30).

66. Plaintiff AlBritton on November 1st, 2018, in a final attempt to get Justice for how he had been Violated, the ongoing discrimination and the unfair treatment he was suffering at the hands of Staff at Sussex II prison, filed a "Notice of Cause" addressed to Defendant Cabell informing the Warden that he would seek Court action for the Violation of his Rights Caused by prison Staff. see (Exhibit #31)

67. On November 28, 2018, Plaintiff AlBritton after not receiving any response to his "Notice of Cause" from Defendant Cabell, filed his Claims against Defendant Carpenter and relevant Sussex II staff under 28 U.S.C. §1983 and §1985 for the redress of the Violations of his Constitutional Rights pending in Civil Action No. 2:18cv689.

68. On January 21, 2019, after speaking to Defendant Cabell about his unfair Treatment and offering to withdraw Both her and Defendant Taylor from his pending §1983 Civil action, Plaintiff AlBritton was reinstated and allowed to return back to work in the Kitchen.

69. That Same week in January 2019, Plaintiff AlBritton Signed a Typed up declaration provided to him by Attorney Glasberg for him to return after Signing the document which again was delivered by Defendant Carpenter's Intel Unit. See (Exhibit #32).

page 16

70. Plaintiff Albritton at one point was confronted by Defendant K. Turner, who asked Plaintiff being that he was given his Kitchen job back, why did he not just dismiss all of the remaining Sussex II prison staff named in his pending lawsuit, to which Plaintiff responded by stating that he would not stop until he was fully compensated for what they had all done to him since he came to Sussex II;

71. Plaintiff Albritton after being scheduled to return to work in the Kitchen also began having problems with his cell partner Christopher Ulrich, who was using Drugs and storing Large bags of liquid intoxicants in Plaintiff's Cell to which he objected where Plaintiff went to Defendant Turner informing and asking the unit manager for Help and to move him or Ulrich out of the Cell with each other, as Plaintiff presented Turner with his concerns that when he began to go to work, Ulrich would be free to damage, steal, or destroy his property, however, Defendant Turner refused to help, thereby telling Plaintiff that he did not have the power to move either of them to a different cell assignment only records Department could do it.

72. On January 19, 2019, days before he was scheduled to return to work, Offender C. Ulrich brought a large 3 gallon bag of wine into Plaintiff's Cell and spilled the entire bag of wine all over Plaintiff's bed and underlying Legal paperwork, where Plaintiff immediately told the Pod Officer, Correctional Officer Watson, and wrote a request form to Senior Counselor Shaw asking her for help, upon which Ms. Shaw referred the matter to Defendant Turner to handle. see(Exhibit #33)

73. On February 14, 2019, While Plaintiff Albritton was at work, Defendant K. Turner had Offender Ulrich moved out of plaintiff's cell without notifying or having plaintiff present upon which Ulrich took all of Plaintiff's property along with his own with him as he moved to another Building, leaving Plaintiff Albritton with an empty cell and trash thrown all over the place as witnessed by his New Cell partner moving in.

74. When Plaintiff Albritton returned from work he was greeted by other Inmates in the Pod who told him that Ulrich had been moved and tried to pass off Plaintiff's Flat screen Color T.V. to pay off his Drug debts, but that the inmate who Ulrich gave it to out of fear had brought it Back to the Pod.

Page 17

75. Plaintiff AlBritton immediately sought out Sgt Coleman, the prison Staff who moved offender Ulrich out of his cell and told Sgt Coleman that he had been robbed by Ulrich of all his property while he was at work in the kitchen and asked for him to do something, but his pleas fell on deaf ears, prompting Plaintiff to immediately Submit his informal complaint #SXII-19-INF-60848 that same day.

76. On February 26, 2019, 12 days later, Defendant Turner gave his response to Plaintiff AlBritton's informal complaint (Exhibit #34), to which Plaintiff immediately filed his Appeal in Grievance #SXII-19-REG--00046, see (Exhibit #35).

77. After the filing of Plaintiff AlBritton's Grievance, Defendant Critton on March 21, 2019, sent an Email to Defendant Turner asking him to Read and respond in full Detail to Plaintiff's allegations by March 28,--2019. see (Exhibit #36).

78. On March 26, 2019, at the direction of Defendant M. Carpenter, Plaintiff AlBritton was given $99.74 worth of Commissary to Compensate him for the food and hygene that he was robbed of while he was at work in the Kitchen, However, when Defendant Critton demanded that Plaintiff upon being Compensated with the $99.74 worth of items to then withdraw his Grievance, Plaintiff AlBritton refused Citing Defendant Critton's refusal to also replace his small electronics that were also taken that same day, and that unless he was given compensation for those items, then he would ultimately Seek Court action.

79. Defendant Critton at Plaintiff AlBritton's refusal to withdraw his Grievance #SXII-19-REG-00046, stated that because of his unwillingness, she would no longer process any more of his future Grievances, No matter what he wrote, thus No further Grievances from Plaintiff would be logged or addressed thereafter.

80. Thereafter, Misha E. Caldwell provided Plaintiff AlBritton with a Copy of Email Correspondences sent by Defendant Critton Criticizing and Objecting to the fact that Plaintiff AlBritton was given any Compensation at all for his property, see (Exhibit #37)

page 18

81. After Appealing the Warden's Level-1 decision, on May 8, 2019, Plaintiff Albritton received the Level-2 response from acting Regional operations chief, Gregory L. Holloway, upholding the Warden's decision that his Grievance was "Unfounded." (Exhibit #38)

82. Two weeks later, on May 23, 2019, Defendant(s) Parris, W. Brown, and Captain M. Gill Came to the Sussex II Kitchen dining hall where all three defendants along with other Staff members conducted a surprize search and Shakedown of the offgoing Kitchen workers where a large amount of items were thrown in a huge pile, upon which out of retaliation Plaintiff was given a false charge for stealing everything found in the large pile of items in the Kitchen, stating that Plaintiff Claimed ownership of it all to Defendant Parris. (Exhibit #39) It was later found that other Kitchen workers and not Plaintiff Albritton were seen stealing the Items on the Prison's Security Camera for which Albritton was falsely Charged out of retaliation

83. Plaintiff Albritton after a week had passed where his please for help with the false and retaliatory Stealing charge went Ignored as he was told that he was suspended and later terminated as a result thereof, on May 30, 2019, out of desperation for help hastedly tried to have his sister make Contact with Laura Maughan, the assistant Attorney General representing the Commonwealth for one of his pending Lawsuits on his behalf to possibly arrange a Settlement to include an immediate prison transfer from Sussex II state Prison.

84. However, Plaintiff Albritton's Sister misunderstood his request in the heat of the moment and abruptly Called Ms Maughan's office, whereupon her assertion that Plaintiff was using a Cell Phone in the Prison to Call her, Plaintiff handed the Inmate telephone to a nearby Sussex II prison floor Officer with Officer Watson in the Booth, where Ms Maughan Questioned the Floor Officer about how plaintiff Called her office from the Prison.

85. After the Call to the Attorney General's office, Plaintiff Albritton and the Sussex II floor Officer Both went to speak with Lt P.A. West in his Office to inform and explain the details and Circumstances of the Call made to Ms Maughan's office to which Lt West stated that he would handle the Situation without a Charge.

page 19

86. However, Later that Morning after speaking to Lt West, on May 30, 2019, Plaintiff AlBritton was called up to go to Medical where he was immediately intercepted by Defendant Carpenter and her fellow intel officers, placed in handcuffs, taken to a small room, and directed by Defendant Carpenter to write and sign a Statement absolving the Sussex II Floor Officer who was involved in his Phone call to the Attorney General's Office or else, which Plaintiff out of Fear did as directed and was then allowed to leave back to his housing Unit.

87. The Next day on May 31, 2019, Plaintiff AlBritton was served a disciplinary Offense report for abuse of the telephone written by Officer Phat one of Defendant Carpenter's intel officers and that the charge was processed by Lt P.A. West (Exhibit #40), who when confronted by Plaintiff's Objection and request for an Informal resolution, refused and told Plaintiff that he needed to side with and protect his fellow staff on the matter.

88. Plaintiff AlBritton as he awaited a hearing for his pending false Stealing charge and Abuse of the telephone charge, happened to see Defendant W. Brown after his June 10, 2019, hearing date for the abuse of the Phone had passed with no hearing Conducted, where Defendant Brown purposely mislead Plaintiff into waiving his right to a 24 hr notice prior to a hearing by telling Plaintiff that if he worked with him and not further implicate the Floor Officer involved with making the call to the Attorney General's Office, then he would allow Plaintiff to receive an "Informal resolution" for the charge causing it to not go on his permanate institutional record to which Plaintiff agreed and waived his 24 hr notice Right. (Exhibit #40)

89. Nevertheless, thereafter, Defendant Brown working in Concert with all the other relevant Defendants, purposely saw to it that Plaintiff AlBritton's scheduled hearing for Defendant Parris' false Stealing charge was postponed indefinitely and ultimately never heard, where as a result of being charged and terminated from the Kitchen Job on May 23, 2019, for allegedly Stealing, Plaintiff on June 26, 2019, was told to leave from Housing Unit #1 to be placed back into Housing Unit #4, the Prison's Gang/STG Unit.

page 20

90. Plaintiff Al Britton that same morning of June 26, 2019, as he was directed to move to 4-Building, fearing the worst with his objections and pleas for help not to be moved falling on the deaf ears of the defendants, again desperately tried to seek help from Asst Attorney General, Ms Maughan, where Plaintiff hastedly called his sister telling her that he had an Emergency and to get in touch with Ms Maughan for her to help him. However, No help was given, Plaintiff Al Britton was still moved and placed in 4-Building, and he was again given another Charge for abuse of the Phone (Exhibit - 41), whereupon Defendant Carpenter also wrote Plaintiff a Charge for Lying Just for him trying to explain his action. (Exhibit #42).

91. Two days after being placed in 4-Building, on June 28, 2019, Defendant Brown working in Concert with the relevant defendants who Violated and Caused him to be placed in The Gang Unit, to ensure that Plaintiff Al Britton could not file any further paperwork in order to be Allowed back in the Kitchen to work after being falsely accused or be moved out of the 4 Building Gang Unit, changed his word and refused to give Plaintiff the "informal resolution" as he had been told, and instead found him Guilty of the Abuse of the Phone change, to which Plaintiff filed his Appeal to Defendant Cabell, who upheld Defendant Brown's decision to find him Guilty. (Exhibit #43)

92. Plaintiff Al Britton was purposely placed in the Gang housing unit out of retaliation by the Defendant(s) where he has been subject to both punishment and oppression while housed in 4 Building with no possible recourse of leaving therefrom as a result of his legal activism and pending lawsuits against staff

93. On September 3, 2019, in response to the retaliation and violations of his Constitutional Rights, Plaintiff Al Britton filed a Motion to Amend and Supplement his pending Civil action No. 2:18 cv 689 with the names of Defendant(s) K. Turner, A. Critton, Ms Taylor, Captain M. Gill, IHO W. Brown, Lt Parris, Ms Poarch, and Trinity Group Inc, alleging further claims of subsequent retaliation, discrimination, due process, and equal protection Violations, where he serve all named defendants a Copy thereof. via U.S. Postal mail.

page 21

94. Thereafter, on October 30, 2019, as he neared being 6 months Charge free to be eligible to reinstated in the Kitchen and moved out of the Gang Unit 4-Building, Out of retaliation and at the behest of the relevant Defendant(s) Plaintiff AlBritton was given a false disciplinary Charge of disobeying a Direct order, by a former Sussex II Officer, T.M. Smith, who resigned and quit her position the very next day after she had wrote Plaintiff the false charge as she was caught smuggling in Drugs and cell phones to the Gang members in 4-Building, living in Plaintiff AlBriton's Pod.

95. Nevertheless, Plaintiff AlBritton was never read or even served the false Disciplinary Charge written by the Corrupt and terminated Sussex II prison officer in accordance with his Constitutional Rights (Exhibit # 44), to which Plaintiff immediately showed the document to MR Foster, Sussex II Prison's head of housing Units on November 1, 2019, and wrote his Informal Complaint# SXII-19-INF-06020. (Exhibit # 45).

96. On November 15, 2019, Plaintiff AlBritton filed a Motion to Compel along with a Copy of unanswered Interrogatories to The U.S. District Court in his pending Civil action No. 2:18cv689 and duly served each of the relevant named defendant(s) in the Case with a Copy thereof by placing the documents in Sealed envelopes marked Legal mail and sending them through the prison's mailing System to be delivered.

97. On November 21, 2019, the day of Plaintiff AlBritton's hearing for the Corrupt Sussex II prison officer's false Charge, Defendant Brown after being shown Plaintiff's Copy of the unserved Disciplinary Offense report (Exhibit #44), decided to adjourn the hearing on the pretext that he would go review the camera footage and Consult with the serving officer about the service of the charge. However, immediately after the Hearing was adjourned, Plaintiff AlBritton was Served with a new disciplinary charge of abuse of the mail written by Defendant M. Vandermark, for allegedly using an Indigent legal mail envelope to Send Defendant K. Turner a Copy of the Motion to Compel through the Prison's mailing System on November 15, 2019, as the defendant (s) charged Plaintiff out of retaliation for serving them via prison mailing system, see>
-(Exhibit #46)

page 22

98. On November 22, Defendant Brown returned to Conduct Plaintiff Albritton's hearing for Terminated officer Smith's false disciplinary Charge, where despite being shown clear proof that the charge was never served as per the rules of due process (Exhibit #44), found Plaintiff guilty and when Plaintiff argued the fact that his rights were being violated out of retaliation and that it was not fair to find him guilty of a false charge based solely on the word of an Correctional officer who was fired the day after writing him the false charge for bringing in Drugs and Cellphones to Gang members in his Pod, Defendant Brown had Plaintiff Albritton removed out of the hearing, where he continued without him and gave him an Unknown penalty of $12.00.

99. Thereafter, on December 19, 2019, Defendant Brown and M. Vandermark came to Conduct Plaintiff Albritton's hearing for the Abuse of the Mail Charge Defendant Vandermark had wrote against him, where during the recorded hearing, Vandermark stated that after Defendant K. Turner had received Plaintiff's motion to Compel and other legal documents, he brought her what she determined was legal documents which were Sent in a sealed Indigent Legal mail envelope, Sent to Turner using the prison's institutional Mailing System, So she determined to write Plaintiff Albritton the charge for abuse of the Mail.

100. Plaintiff Albritton in response argued the Law, presented documentation from the U.S. District Court, Va Dept of Corrections O.P. 803.1, and Sussex II prison rules regarding Indigent legal Supplies, all stating that Plaintiff had a Constitutional Right to have served Defendant K. Turner with a Copy of his motion to Compel and Legal filings in Civil action No. 2:18CV689, using both the Indigent Legal mail envelope and the prison's mailing System to serve Defendant Turner by mail.

101. However, Defendant Vandermark represented on the record that despite the fact that Plaintiff Albritton did not violate any written prison rule, She did not regard the U.S. District Court's Rule 5 directive or Va Dept of Corrections O.P. 803.1, or the Constitution of the United States, Vandermark maintained that Plaintiff deserved the charge because he used the Indigent Mail envelope to Send Defendant Turner Legal Papers through the Prison Mail, to Which Defendant Brown found Plaintiff Guilty.

102. Plaintiff AlBritton as a result of sending Defendant Turner a copy of the Motion to Compel filed in Case No. 2:18CV689 on November 15, 2019, was retaliated against By Defendant(s) Turner, Brown, and Vandermark, for using the Prison's Legal mailing system and was given Two days Cell restriction and a Charge in Violation of his Constitutional Rights. In the hearing, Defendant Vandermark also stated that she had received the Request for admissions in the Prison's Institutional mail Sent By Plaintiff AlBritton on November 26, 2029, and that he was fortunate that he did not get a Charge for that as well.

## V Exhaustion of Legal Remedies

103. Plaintiff AlBritton has exhausted all available grievances Concerning all relevant Claims and that his Current Claims of subsequent retaliation and discrimination are properly before the Court by Motions to Amend and Supplement filed under Rule 15 of the Federal Rules of Civil Procedure.

## VI Legal Claim(s)

104. Plaintiff AlBritton realleges and incorporates by reference paragraphs 20 through 102.

105. The September 7, 2017, deprivation of Plaintiff AlBritton's personal property ("CL-20 Head Phones") by Defendant Liggins accomplished under threat and duress, and Defendant Liggins' and U/M Adams' refusal and Subsequent retaliation for Plaintiff's filing further Prison Grievances and Lawsuit, to Compensate Plaintiff even after Lt Gatlin had found Defendant Liggins at fault and ordered her to pay or reimburse Plaintiff for what she had robbed him of and gave to another Sussex II Offender, thereby Violating Plaintiff's 1st, 8th, and 14th Amendment Rights U.S. Constitution.

106. The Conspiracy of obstruction, intimidation, and retaliation by Defendant(s) Rollins, M. Carpenter, and A. Critton, in response

page 24

to Plaintiff's pursuit of Civil Court action for his personal injury which had occurred at Sussex II prison 1-Delta Pod on October 26, 2017, and the filing of Prison Grievances in the furtherance thereof, violated Plaintiff Al Britton's 1st, 6th, 8th, and 14th Amendment Rights under the U.S. Constitution.

107. The Conspiracy to violate, retaliation, and discrimination against Plaintiff Al Britton in response for his legal activism of filing Prison Grievances, Legal Lawsuits, assistance given to a Federal Attorney with a 2015 Sussex-II prison Rape Case, and refusal to withdraw his pending Civil Lawsuits, Defendant(s) Carpenter, Liptrot, M. Vandermark, T. Darden, U/M Adams, Ms Taylor, and B. Cabell, working in Concert on August 3, 2018 and Continued thereafter, locked Plaintiff up in Isolation, stripped him of all of his rights and priviledges, placed him in the Prison's Gang/St6 housing Unit, discriminated and refused to allow him to regain employment even after Plaintiff had been vindicated from any wrong doing, thereby violating his 1st, 8th, and 14th Amendment Rights.

108. The Conspiracy to violate, retaliation, deprivation, and discrimination against Plaintiff Al Britton in response to his continued pursuit of him processing and refusal to withdraw his pending Lawsuits and filing Prison Grievances and Complaints, where the relevant Defendant(s) K. Turner, A. Critton, Lt Parris, W. Brown, Captain M. Gill, M. Carpenter, Ms Poarch, Ms Taylor, Ms Cabell acting in Concert and Tandem, purposely with indifference allowed Plaintiff Al Britton to be robbed of all his property on February 14, 2019, while he was at work in the Kitchen, refusal to give Just Compensation out of retaliation for filing and refusing to withdraw Prison Complaints and grievances, alleging a false disciplinary offense Report of Stealing, termination without due process from his work assignment, reassignment in the Prison's Gang/St6 housing Unit based upon the false stealing charge, and concealing exculpatory evidence by misrepresenting and Threats to cause a waiver of rights in violation of Plaintiff's 1s, 5th, 6th, 8th, and 14th Amendment Rights U.S. Constitution.

page 25

109. The Conspiracy to Violate, retaliation, and denial of Due process by Defendant(s) Brown, Turner, and M. Vandermark in response to the filing of prison Complaints, Grievances, and law suits where the relevant defendant(s) Charged and/or found Plaintiff Guilty of false and clearly illegitimate institutional disciplinary Charges without due process, further retaliated against him for exercising his Constitutional Rights of Access to the Courts in using Sussex II State Prison's Legal mailing System to serve relevant defendants in Compliance with the Directive of the Federal Court system and Rule 5 of the Federal Rules of Civil Procedure, and imposed unwarranted sanctions and punishments therefor, in violations of Plaintiff AlBritton's 1st, 5th, 6th, 8th, and 14th Amendment Rights under the U.S. Constitution.

110. Plaintiff DeVinche Javon AlBritton has no plain, adequate or Complete remedy at Law to redress the wrongs described herein. Plaintiff AlBritton has been and Will Continue to be irreparably injured by the Conduct of the defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## VII. Prayer For Relief

WHEREFORE, Plaintiff DeVinche Javon AlBritton respectfully prays that this Honorable Court enter Judgment granting Plaintiff:

111. A declaration that the acts and omissions described herein and in Plaintiff's Motion(s) to Amend and Supplement previously filed and pending before the Court violated plaintiff's rights under the Constitution and Laws of the United States of America.

112. A preliminary and permanent injunction ordering Defendant Cabell as the Warden of Sussex II State Prison to Disapprove the retaliatory actions of Defendant W. Brown as Sussex II Prison's Inmate Hearings Officer in finding Plaintiff Guilty of 3 illegitimate and False Charges thereby dismissing and Vacating the disciplinary Charges against

page 26

Plaintiff Al Britton in Case No(s); (1) <u>SXII-2019-1915</u>, (2) <u>SXII-2019-3800</u>, and (3) <u>SXII-2019-2236</u>, and to be removed out of the Gang Unit.

<u>113.</u> Compensatory damages in the amount of $2,500.00 against each defendant, Jointly and severally.

<u>114.</u> Punitive damages in the amount of $10,000.00 against each defendant.

<u>115.</u> A Jury trial on all issues triable by Jury

<u>116.</u> Plaintiff Al Britton's Costs in this Civil Action.

<u>117.</u> Any additional relief this Court deems just, proper, and equitable.

Dated: <u>January 6, 2020</u>

Respectfully Submitted,
DeVinche J. Al Britton
#1016653
Sussex II State Prison
24427 musselwhite Dr
Waverly, VA 23891

Verification

I have read the foregoing Amended Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and Correction this <u>6</u> day of <u>January</u> 20<u>20</u>.

DeVinche Al Britton

Notary Public

Sworn and Subscribed before me this <u>6th</u> day of — <u>January</u> 20<u>20</u>.

_____
Notary Public

page 27

Plaintiff Al Britton in Case No(s); (1) SX II-2019-1915, (2) SX II- -2019-3800, and (3) SX II-2019-2236, and to be removed out of the Gang Unit.

113. Compensatory damages in the amount of $2,500.00 against each defendant, jointly and severally,

114. Punitive damages in the amount of $10,000.00 against each defendant.

115. A Jury trial on all issues triable by Jury

116. Plaintiff Al Britton's costs in this Civil Action.

117. Any additional relief this Court deems just, proper, and equitable.

Dated: January 6, 2020

Respectfully Submitted,
DeVinche J. Al Britton
#1016653
Sussex II State Prison
24427 musselwhite Dr
Waverly, VA 23891

## Verification

I have read the foregoing Amended Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correction this ___6th___ day of January 2020.

DeVinche Al Britton

Notary Public

Sworn and Subscribed before me this ___6th___ day of ___Jenuary___ 20_20_,

Barbara Ann Ward
Notary Public

page 27



BARBARA ANN WARD
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7805093
My Commission Expires Feb. 28, 2022

VIRGINIA DEPARTMENT OF CORRECTIONS       (Exhibit #1)       Effective Date: August 1, 2009
**Property Disposition**                                    Operating Procedure 802.1    Attachment #6

Offender Name: Davinchi Albritton          Number: 1016653
Facility: SIISP                             Date: 9-7-17

**I hereby authorize disposal of my personal property listed below by the following means:**

Check One:      ☐ Visitor Pick-Up by _____
                ☐ Donate to Charity: _____
                ☐ Destroy

                Ship out: ☐ Mail      ☐ UPS/other service
Send to:
        Name: _____

        Street Address: _____

        City: _____ State: _____ Zip: _____

Property to be disposed of (use back of this form if more space is needed): _____

altered earbuds        — (destroy)
altered thermal top — (destroy)
#3 CL-20 (broke) — (Send out to be fixed) KWS

_____
_____
_____
_____

**IMPORTANT NOTICE:**
Personal property may be stored up to 30 days pending disposal. Property held after 30 days may be confiscated
by the facility in accordance with Operating Procedure 802.1 without compensation to the owner.

Offender's Signature: _____   Date: 9-7-17
Witness: _____                Date: 9-7-17

## DISPOSITION OF PROPERTY - TO BE COMPLETED BY PERSONAL PROPERTY OFFICER

☐ Property was disposed of on _____ (date) as authorized
   above by the offender.  If picked up by visitor, visitor must sign to certify
   that the property was received.

☐ Property was not disposed of within 30 days and has been confiscated, in
   accordance with Operating Procedure 802.1 on _____ (date).
   Indicate method of disposition:

_____

| Box Weight |  |
|---|---|
| Shipping Cost |  |
| Funds Available |  |
| Insufficient Funds |  |
| Date Shipped |  |
| Tracking # |  |

Property Officer/Visitor Signature: _____

Distribution:    Original – Personal Property File
                 Copy – Offender

2 B26 (Exhibit #1)



VIRGINIA DEPARTMENT OF CORRECTIONS
Property Disposition

Effective Date: August 1, 2009

Operating Procedure 802.1    Attachment #6

**Offender Name:** Devircka Albritten **Number:** 1016055

**Facility:** SIISP **Date:** 9-7-17

**I hereby authorize disposal of my personal property listed below by the following means:**

Check One:  ☐ Visitor Pick-Up by _____

☐ Donate to Charity: _____

☒ Destroy

Ship out: ☐ Mail     ☐ UPS/other service

Send to:

Name: _____ USS _____

Street Address: _____

City: _____ State: _____ Zip: _____

Property to be disposed of (use back of this form if more space is needed): _____

_____ CC 20 headphones _____

_____

_____

_____

_____

_____

**IMPORTANT NOTICE:**
Personal property may be stored up to 30 days pending disposal.  Property held after 30 days may be confiscated by the facility in accordance with Operating Procedure 802.1 without compensation to the owner.

**Offender's Signature:** _____ **Date:** 9-7-17

**Witness:** _____ **Date:** 9-7-17

## DISPOSITION OF PROPERTY - TO BE COMPLETED BY PERSONAL PROPERTY OFFICER

☐ Property was disposed of on _____ (date) as authorized above by the offender.  If picked up by visitor, visitor must sign to certify that the property was received.

☐ Property was not disposed of within 30 days and has been confiscated, in accordance with Operating Procedure 802.1 on _____ (date). Indicate method of disposition:

| Box Weight | 1 lbs. |
|---|---|
| Shipping Cost | |
| Funds Available | $18.73 |
| Insufficient Funds | |
| Date Shipped | |
| Tracking # | |

_____

Property Officer/Visitor Signature: _____

Distribution:    Original – Personal Property File
                 Copy – Offender

*Revision Date: 5/8/09*

*(Exhibit #1)*
*see Also* Exhibit #27



VIRGINIA DEPARTMENT OF CORRECTIONS

**Grievance Receipt Report**

VACORIS C - #.0
DOC Location: SXII Sussex II State Prison
Report generated by Savedge, T
Report run on 08/24/2018 at 3:11 PM

Grievance Number: SXII-18-INF-04918

Next Action Date: 9/8/2018 12:00:00 AM

| On this date: | 08/24/2018 | I have received a statement from: |
|---|---|---|
| Albritton, Devinchi J | 1016653 of | Sussex II State Prison<br>HU4-D-44-T |
| *(Offender Name and DOC#)* | | *(Filed Location and Housing)* |

Setting out the following complaint:

That my Constitutional Rights are being violated by the misconduct of property officer Liggins and Sussex II Business Office where I filled out and signed Documents per Lt. Gatling for the Reimbursement of my CL-20 Head Phones after the matter was referred to Warden Cable in July. However on August 21, 2018 I received my offender trust account receipt and my $30.00 was not placed on my account and this is due to both officer Liggins and the Sussex Ii Business Office both stealing and committing fraud!

T. Savedge

*(Signature)*

Officer Initials: _____

RECEIVED

*(Exhibit #2)*

VIRGINIA
DEPARTMENT OF CORRECTIONS OCT 3 0 2017

Informal Complaint 866_F3_4-16

## Informal Complaint

**INSTRUCTIONS FOR FILING**: Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

DeVince Albritton — 1016653 — 1 Delta 14

Offender Name — Offender Number — Housing Assignment

☐ Unit Manager/Supervisor ☐ Food Service ☐ Institutional Program Manager
☐ Personal Property ☐ Commissary ☐ Mailroom
☐ Medical Administrator ☑ Other (Please Specify): Warden Tracy Ray

Briefly explain the nature of your complaint (be specific):

That on October 26, 2017, at around 10am, I tripped and fell down a defective staircase in 1-Delta Pod on the Sussex II State Prison, where I injured my Right shoulder, elbow, head, neck, Knee, and lower back where I was in pain, My claimed injuries were the direct result of the damaged steps located on the staircase from which I fell as I have requested the Sussex II prison Investigators to photograph and preserve the Rapid eye camera footage as my proof and evidence concerning this matter to which the commonwealth of Virginia is liable for my pain and suffering caused where I now seek $25,000 in monetary punitive Damages

Offender Signature _DeVince Albritton_ Date 10-30-17

### Offenders - Do Not Write Below This Line

Date Received: 10/30/17
Response Due: 11/14/17     Tracking # SXII-17-INF-0551

Assigned to: Rollins

Action Taken/Response:

This is being handled by appropriate staff.

Respondent Signature _W Rollins_    Printed Name and Title _W Rollins HUM_    Date 11/13/17

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: _____

Staff Witness Signature: _____ Date: _____

Revision Date: 4/25/16

*Same date for Denial*

RECEIVED
NOV 27 2017
GRIEVANCE OFFICE
SUSSEX II PRISON

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF CORRECTIONS

*(Exhibit #3)*

Offender Trust System - Withdrawal Request  802_F9_4-16

## OFFENDER TRUST SYSTEM - WITHDRAWAL REQUEST

| Offender Name: | DeVinche AlBritton | | Number: | 1016653 |
|---|---|---|---|---|
| Offender Signature: | *[signature]* | | Date: | November 8, 2017 |
| Withdrawal Amount: | $ | Housing Unit: | 1-Delta | Cell/Bed: | 14 |
| Written Amount: | _____ | | And | _____/100 Dollars |

| Purpose Of Withdrawal: | ☐ Postage Shipping  ☒ Copies  ☐ Id Card  ☐ Birth Certificate  ☐ "DMV Now" |
|---|---|
| | ☐ Money Order  ☐ Other (Explain): _____ |

| Reason For Money Order Or Other: | Requesting Two Colored Copies of the Photographs taken by Sussex II Investigator Carpenter of the Damaged Staircase in 1-Delta Pod that I fell from on 10-26-17 and the Incident Reports filed By C/O Dickerson & Carver on 10-26-17. |
|---|---|
| Pay To: | Sussex II State Prison |
| Address: | 24427 Musselwhite Dr |
| City/State/Zip: | Waverly, VA 23891 |
| Relationship: | ☐ Vendor  ☐ Family  ☐ Friend  ☒ Other (Explain): |

There will be a fee deducted from your spend account for each money order.  Money Orders are limited to $500; Withdrawals in excess of $500 may result in charges for multiple money orders.

Some types of withdrawals will not be processed if they take your spend account below minimum balances set for that type of withdrawal.

**Valid Only When Received Directly From Person Witnessing The Request**

**Do Not Write Below Line – For Office Use Only**

| Signature Witnessed By: | *[signature]* | | *[signature]* |
|---|---|---|---|
| Title: | *[illegible]* | Date: | 8 Nov 17 |
| ☐ Withdrawal Approved ☐ Disapproved (Reason): | | | |
| Signature: | | | |
| Title: | | Date: | |
| Date Paid: | | Money Order #: | |
| Posted By: | | | |

RECEIVED
NOV 14 '17
BUSINESS OFFICE
SUSSEX II STATE PRISON

*Revision Date: 4/25/16*

*(Exhibit #3)*

# Sussex II State Prison

**RECEIVED**

NOV 27 2017

GRIEVANCE OFFICE
SUSSEX II STATE PRISON

**TO:** D. Albritton

**CELL:** 1D14

**FROM:** B.O.

**DATE:** 11-15-17

*The following withdrawal request is being returned to you because of the following reason:*

*( ) Needs witnessed signature by (Sgt. or above) and/or Housing Unit Manager*

*( ) Needs Assistant Warden's signature*

*( ) Needs Personal Property or Publication Form*

*( ) Needs Personal Property Form signed by Personal Property Security*

*( ) Needs Publication Form signed by Personal Property Security*

*( ) Needs a self-addressed stamped envelope*

*( ) Withdrawal request is incomplete*

( ✓ ) *Other* Per Intel you are not allowed to have these copies. Your attorney can request and pay for them if needed.

**<u>*Please keep this form attached to the withdrawal when it is returned to the Business Office*</u>**



RECEIVED *(Exhibit #4)*

VIRGINIA
DEPARTMENT OF CORRECTIONS

NOV 27 2017

Regular Grievance 866_F1_4-17

GRIEVANCE OFFICE
SUSSEX II STATE PRISON

# REGULAR GRIEVANCE

Log Number: _____

| AlBritton DeVinche | 1016653 | 2 Building Delta | 14 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |

| Sussex II prison, 1-Delta damaged staircase | 10-26-17, 10 am |
|---|---|
| Individuals Involved in Incident | Date/ Time of Incident |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) That I am dissatisfied with the response given to my informal Complaint "SxII-17-INF-0551" attached herewith, whereupon October 30, 2017, I adequately stated the facts that on October 26, 2017, at around 10 am, I was injured as a direct result of me falling down the damaged and defective staircase in Building #1, Delta Pod, located on Sussex II State Prison for which the Commonwealth of Virginia thru its prison agency is clearly liable for the cause of my injuries, pain and suffering. However, the response given to my complaint in regards to my cause of action stated on October 26, 2017, requesting for and demanding monetary payment in the amount of $25,000.00 in punitive damages for my injuries, pain and suffering has not been addressed nor the money forthcoming which the response given should have stated that my request and demand for $25,000.00 I now seek for damages will be paid to me forthwith.

**What action do you want taken?** I respectfully demand that I be given the requested $25,000.00 in punitive damages for my injuries, pain and suffering for my cause of action where I fell down Sussex II State Prison's damaged and defective stair case 10-26-17, located in 2-Building-Delta Pod or that a reasonable settlement offer be given to me for my consideration thereof

Grievant's Signature: _[signature]_          Date: 11-17-2017

Warden/Superintendent's Office: _____

Date Received: _____

*Revision Date: 4/28/17*



VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING**: You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| INTAKE: | Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*.<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☒ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____<br>_____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: *A Critten*     Date: 11-27-07 2017

| If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final. |
|---|

Regional Review of Intake (within 5 working days of receipt)

| | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____     Date: _____

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____     Date: _____

Staff Witness: _____     Date: _____

*Revision Date: 4/28/17*



VIRGINIA
DEPARTMENT OF CORRECTIONS

**RECEIVED**

(Exhibit #5)

Regular Grievance 866_F1_4-17

NOV 27 2017

GRIEVANCE OFFICE
SUSSEX II STATE PRISON

# REGULAR GRIEVANCE

Log Number: _____

| AlBritton DeVinche | 1016653 | I-Delta | 14 |
|---|---|---|---|
| **Last Name, First** | **Number** | **Building** | **Cell/Bed Number** |

Sussex II Investigations MsCarpenter

**Individuals Involved in Incident**

**Date/ Time of Incident** November 15, 2017

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) That My 1st and 14th Amendment Rights to have access to the Courts and Due Process is being Violated by Sussex II State Prison's refusal to give me copies of the Photographs of the damaged and defective Staircase which caused my Injuries on 10-26-17. I filed the Proper request and paperwork for a Copy of the Photographs on November 8, 2017, yet I am being denied and refused for no valid reason where there is no threat to the safety and Security of Sussex II as the Photographs only show the damaged and defective Staircase which caused my Injuries and I am entitled to the evidence for my pending Civil action, pro se!

**What action do you want taken?** I respectfully demand to be given the requested Copies of the damaged Staircase photographs so that I can further process my Civil action or else Sussex II will and must pay for me an Attorney to process and file my Civil Suit or be liable for a 1st Amendment Violation

**Grievant's Signature:** _____   **Date:** 11-20-17

**Warden/Superintendent's Office:** _____

**Date Received:** _____

*Revision Date: 4/28/17*



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING**: You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): | |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☑ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☑ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: *A. Gzitten*   Date: 11-27-17

| **If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.** | |
|---|---|
| Regional Review of Intake (within 5 working days of receipt) | |
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____   Date: _____

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____   Date: _____

Staff Witness: _____   Date: _____

*Revision Date: 4/28/17*



(Exhibit #6)

VIRGINIA
DEPARTMENT OF CORRECTIONS

Regular Grievance 866_F1_1-13



P. A. WEST
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7574789
My Commission Expires July 31, 2021

## REGULAR GRIEVANCE

Log Number: _____

| AlBritton DeVinchie | 1016653 | 1-Building | Delta #14 |
|---|---|---|---|
| **Last Name** | **First** | **Number** | **Building** | **Cell/Bed Number** |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) That I am dissatisfied with the response given to my informal Complaint "SXII-17-INF-055" attached here with, whereupon October 30, 2017, I adequately stated the facts that on October 26, 2017, at around 10am, I was injured as a direct result of me falling down the damaged and defective staircase in Building #1, Delta Pod, located on Sussex II State Prison, for which the Commonwealth of Virginia thru its prison agency is clearly liable for the Cause of my injuries, pain and suffering. However, the response given to my complaint in regards to my cause of action stated on October 26, 2017, requesting for and demanding monetary payment in the amount of $25,000.00, in punitive damages for my injuries, pain and suffering has not been addressed nor the money forthcoming. Which the response given should have stated that my request and demand for the $25,000.00 I now seek for damages will be paid to me forthwith

**What action do you want taken?** I respectfully demand that I be given the requested $25,000.00 in punitive damages for my injuries, pain, and suffering for my cause of action where I fell down Sussex II State Prison's damaged and defective staircase located in 1-Building ~ Delta Pod on that 10-26-17 a reasonable settlement offer be given to me for my consideration thereof.

**Grievant's Signature:** AlBritton            **Date:** November 11, 2017

Warden/Superintendent's Office: _____

Date Received: _____

Revision Date: 1/14/13



**VIRGINIA**
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_1-13

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | INTAKE: Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to resolve your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information. You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____   Date: _____

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

| Regional Review of Intake (within 5 working days of receipt) | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____   Date: _____

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____   Date: _____

Staff Witness: _____   Date: _____

*Revision Date: 1/14/13*

*(Exhibit #7)*



VIRGINIA DEPARTMENT OF CORRECTIONS

**Grievance Receipt Report**

VACORIS C - #.0
DOC Location: SXII Sussex II State Prison
Report generated by Mitchell, K C
Report run on 11/29/2017 at 11:33 AM

Grievance Number: <u>SXII-17-INF-05930</u>

Next Action Date: <u>12/14/2017 12:00:00 AM</u>

| On this date: | 11/29/2017 | I have received a statement from: | |
|---|---|---|---|
| Albritton, Devinchi J | 1016653 of | Sussex II State Prison HU1-D-14-T | |
| *(Offender Name and DOC#)* | | *(Filed Location and Housing)* | |
| Setting out the following complaint: | | | |
| That my 1st and 14 amendment rights are being violated by SXII prison grievance coordination A. Critton, who is purposely using her position as to obstruct and deny me from exercising my rights, access to courts, to seek judicial remedy for my injuries intend to recover damages, whereby Crittion, upon receiving my regular grievance on November, 17, 2017, held my timely submitted grievance for 10 days, later stamping it as received November 27, and then stating that it was filed passed the 30 day deadline. | | | |
| | | | |
| *(Signature)* | | | |

Officer Initials: _____



VIRGINIA DEPARTMENT OF CORRECTIONS

**Grievance Receipt** 

866.1 A-3
DOC Location: SXII Sussex II State Prison
Report generated by Critton, A L
Report run on 11/29/2017 at 3:41 PM

Grievance Number: <u>SXII-17-REG-00428</u>

Next Action Date: <u>12/29/2017 12:00 AM</u>

| On this date: | 11/29/2017 | | I have received a statement from: |
|---|---|---|---|
| Albritton, Devinchi J | 1016653 | of | Sussex II State Prison<br>HU1-D-14-T |
| *(Offender Name and DOC#)* | | | *(Filed Location and Housing)* |

Setting out the following complaint:

On October 26, 2017 I was injured as a direct result of me falling down the damaged and defective staircase in HU1 Delta pod located at Sussex II State Prison.

| | |
|---|---|
| *(Signature)* | Ombudsman |
| | *(Title)* |

Rev. 03/30/2009



VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level I**

866.1 A-6
DOC Location: SXII Sussex II State Prison
Report generated by Birckhead, T L
Report run on 12/22/2017 at 10:30 AM

| Offender Name | | DOC# | Location | | Grievance Number |
|---|---|---|---|---|---|
| Albritton, Devinchi J | | 1016653 | Current | Sussex II State Prison | SXII-17-REG-00428 |
| Housing | | | Filed | Sussex II State Prison | |
| HU1-D-14-T | | | | | |

LEVEL I:   <u>WARDEN/SUPERINTENDENT'S RESPONSE</u>     (To be completed and mailed within 30 calendar days)

In your grievance you stated, that I am dissatisfied with the response given to my informal complaint " SXII-17-INF-0551" attached herewith, where upon October 30, 2017, I adequately stated the facts that October 26, 2017, at around 10:00am, I was injured as a direct result of me falling down the damaged and defective staircase in building one Delta Pod, located at Sussex II State Prison for which the Commonwealth of Virginia through its prison agency is clearly liable for the cause of my injuries, pain and suffering, however, the response given should have stated that my request and demand for $25,000.00, I now seek for damages will be paid to me forthwith.

As a result of this grievance you would like, I respectfully demand that I be given the requested 25,000.00, in punitive damages for my injuries, pain and suffering for my cause of action where I fell down at Sussex Two State Prison's damage and defective stair case October 26, 2017, located in one building Delta Pod or that a reasonable settlement offer be given to me for my consideration thereof.

The results of the informal process reveal, per Unit Manager W. Rollins, this is being handled by appropriate staff.

Further investigation has revealed, per Operation Manager T. Birckhead, your allegation of being injured from defective stairs in HU1D has been investigated. It was found that you were in an unauthorized area. You were observed on the camera system taking your shower on the top tier; however, you were assigned to a bottom tier cell. You should not have taken a shower upstairs when you are housed downstairs. It was also found that you were carrying your shower bag loosely next to your legs while walking down the stairs. You rolled down to the floor a few steps from the surface of the floor. A few steps in that area have missing edge pieces on the runners but did not have any protrusions that would have caused a trip, slip or fall. This does not cause the staircase to be defective. This is the very reason offenders must follow orders and take their showers on the tier that they live. It was also found that you did not suffer any major injuries and you were given mild pain medication for your discomfort.

Your grievance is governed by 301.3, PREVENTIVE AND CORRECTIVE MAINTENANCE. Each facility will be clean and in good repair, with a written plan for preventive maintenance of the physical plant; the plan includes provisions for emergency repairs or replacement in life-threatening situations.

  After thoroughly reviewing the information presented by staff and the policy governing the issue, I find there has not been a violation of policy; therefore, this grievance is UNFOUNDED.

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to Regional Admin. 14545 Old Belfield Road, Capron, VA  23829

Rev. 05/31/2007

(Exhibit #9)

| RWallace  R Wallace | 12/22/2017 |
|---|---|
| Warden/Superintendent | Date |

I wish to appeal the Level I response because: I am dissatisfied with the Offender Grievance response given by T. Birkhead and R. Wallace in #SXII-17-REG-00428 "attached here with, as to hold that my grievance to recover monetary damages from my fall and injuries from their facility's damaged and defective staircase on October 26, 2017 is "unfounded" Birkhead and Wallace, can not deny or dismiss the Commonwealth of Virginia's liability for my fall and Pain, and Suffering which was a direct Result from the damaged and defective staircase which they purposely allowed to remain in a position to hurt or Kill anyone who happened to come across, I could have broken my →

| Offender Signature _(signature)_ | Date 12-25-17 |
|---|---|

→Neck from the fall and Died, however I only bruised my muscles, twisted my ankle and groin was pulled, I was hurting for over a week! Nevertheless, Both Birkhead and Wallace attempt to escape liability and Ignore the fact that the Staircase was damaged and defective, and state that I caused my own Injuries by being in an "unauthorized area" by the fact that I took a shower on the Top tier rather than on the Bottom tier where I am housed, whereas there is absolutely No Written Rule or Policy which Prohibits offenders who live on the bottom tier or vice versa from taking their shower on either top or bottom tier, in fact this Sussex II Prison Orientation manual pg 11, which is attached herewith, states that Showers on the Top tier are open to all offenders. Moreover, when I took my shower, Shower #4 was the only one open to use, and not occupied at the time Additionally, when I came down the Staircase, my shower bag was not hanging loosely next to my legs as the camera will show that I held it up and that it was the damaged and defective step on the staircase as I came down which caused and made me fall hard on the floor and hurt myself. The Commonwealth is liable for my cause of injury and my pain and Suffering, which was in No Way Mild and the pain was significant for More than 20 days which the medication was not as forthcoming. The fact of the matter is the steps from which I fell was defective and damaged, I injured myself, and the Commonwealth of Virginia is liable for my pain and Suffering in the amount of $25,000.00 that I respectfully demand to be paid therefor.  _(signature)_

I do hereby swear that this Appeal was mailed to the General Admin 14545 Old Belfield Rd, Capron VA 23829 on this 25th day of December 2017. by placing it in the Sussex II mailing System

P. A. WEST
NOTARY PUBLIC
Commonwealth of Virginia
Registration #75747789
My Commission Expires July 31, 2021



VIRGINIA
DEPARTMENT OF CORRECTIONS

RECEIVED
~~~ 0 3 2017

(Exhibit #10)

Informal Complaint 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

1A31

| DeVinche AlBritton | 1016653 | 2 Delta 43 |
|---|---|---|
| Offender Name | Offender Number | Housing Assignment |

Sussex II Records & W/M Mills          12-29-17 / 2:30 pm
Individuals Involved in Incident                                      Date/ Time of Incident

☒ Unit Manager/Supervisor      ☐ Food Service            ☐ Institutional Program Manager
☐ Personal Property            ☐ Commissary              ☐ Mailroom
☐ Medical Administrator        ☐ Other (Please Specify): _____

Briefly explain the nature of your complaint (be specific): That my 1st, 8th, and 14th Amendment Rights are being violated by Sussex II prison officials who have retaliated against me for exercising my legal rights to the Courts and for refusing to drop my pursuit of Judicial relief and monetary damages for my personal injury claim at their facility whereupon December 29, 2017, for No valid reason other than retaliation, I was uprooted from my properly designated housing assignment in 1 Building where I was safe and about to be employed and moved back to 2-Building where I have conflict with W/Mills and I was placed in a Pod full of Gang members that I had requested and obtained a documented agreement to be Kept seperate, yet I have been moved back out of retaliation and in Breach of the agreement which I intend to amend to my civil action;

Offender Signature  AlBritton          Date  12-29-17

### Offenders - Do Not Write Below This Line

| Date Received: 1/8/18 | | Tracking # SXII-18-INF-00036 |
|---|---|---|
| Response Due: 1/18/18 | Assigned to: Mills | |

Action Taken/Response:
Sir you will be moved out of the HU 2 Since you allege that there is retaliation against you in HU 2. Unit manager Mills did not move you from HU 1 nor did he have any influence over your move from HU 2. However you seem to have an unfounded unwarented issue with Unit Manager mills

_____          J. Mills  /U/M          1/8/18
Respondent Signature                Printed Name and Title      Date

## WITHDRAWAL OF INFORMAL COMPLAINT:
I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____          Date: _____

Staff Witness Signature: _____          Date: _____

RECEIVED
JAN 24 2018
GRIEVANCE OFFICE
SUSSEX II STATE PRISON

Revision Date: 4/28/17

Case 2:18-cv-00689-AWA-RJK   Document 20   Filed 01/21/20   Page 46 of 93 PageID# 294

*(Exhibit #11)*



VIRGINIA
DEPARTMENT OF CORRECTIONS
**RECEIVED**

**Regular Grievance** 866_F1_4-17

**JAN 24 2018**

**REGULAR GRIEVANCE**

GRIEVANCE OFFICE
SUSSEX II STATE PRISON

Log Number: _____

| | | | |
|---|---|---|---|
| AlBritton, DeVinche | 1016653 | 2 Alpha | O-8 |
| Last Name, First | Number | Building | Cell/Bed Number |
| HU#1 Staff and Records Dept Sussex II | 1-11-18, 10:00 am | | |
| Individuals Involved in Incident | Date/ Time of Incident beginning on 12-29-17, 2:00pm | | |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) That I am dissatisfied with the response given to my informal complaint #SXII-18-INF-3 where I alleged Staff retaliation, whereas while it is true that U/M mills had absolutely nothing to do with the retaliation by his fellow Staff which is ongoing by having me moved out of HU#1 to HU#2 and being placed in and around gang members, the responsible HU#1 staff and Records Dept are responsible and in fact after U/M Mills corrected the matter and had me moved back to HU#1 on 1-9-18, when I refused to drop my lawsuit pending about falling on their staircase, on 1-11-18 I was moved back to HU#2 and this time placed into a cell with a High ranking MS-13 gang member and was on the same day made to witness another offender be beat to death in his cell by another gang member where No one came to help him in time and he had no way to call for help, as the responsible Staff are giving me a clear sign of what they intend to happen to me if I continue to pursue my lawsuit and I was also informed that I could end up in HU#4 if the Job didn't get done! I have been nothing but respectful to HU#1 Staff and for them to get Records to move me around in retaliation Is a Violation

**What action do you want taken?** I demand that HU#1 and Records Dept stop retaliating against me for my pending lawsuit, that I be moved back to HU#1 until my transfer or that I be placed on a transfer list to another Level-4 to end the retaliation against me as I will not drop my Lawsuit and that an Investigation be started to see who is directly responsible for having me moved! as they are liable!

Grievant's Signature: ~~[signature]~~          Date: 1-22-18

Warden/Superintendent's Office: _____

Date Received: _____

R. OWEN
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7505929
My Commission Expires _____

1 of 2                                    Revision Date: 4/28/17



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING**:  You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance.  You must submit your grievance within 30 days from the date of occurrence or discovery of incident.  Only one issue per grievance will be addressed.  Write your issue only in the space provided on the grievance form, preferably in ink.  Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

**INTAKE:**  Grievances should be accepted for logging unless returned for the following reason(s):

| | |
|---|---|
| ☐ | Non-Grievable.  This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure.  You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*.<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited.  You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period.  Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances:  1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive.  This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions.  Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language.  YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy.  You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution.  This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure.  You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical).  You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____  Date: _____

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision.  The Regional Ombudsman's decision is final.**

Regional Review of Intake (within 5 working days of receipt)

| | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1*Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____  Date: _____

**WITHDRAWAL OF GRIEVANCE:**  I wish to voluntarily withdraw this grievance.  I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____  Date: 1-31-18

Staff Witness: _____  Date: 1-31-18

*Revision Date: 4/28/17*

*(Exhibit #12)*



# COMMONWEALTH OF VIRGINIA
## Department of Corrections

Tracy S. Ray
Warden

*Eastern Region*
*Sussex II State Prison*

24427 Musselwhite Drive
Waverly, Virginia  23891-2222
Phone:  (804) 834-2678
Fax:  (804) 834-3020

## Unfounded Allegation

Date:           April 23, 2018

Offender:       D. Albritton #1016653

An investigation has been conducted concerning the allegation you made on March 28, 2018.  The investigation has determined the allegation is unfounded.  Allegations that are unfounded are determined to not have occurred based on the information obtained during the investigation.  In the future, you should only report PREA allegations for sexual harassment and abuse incidents.

Sincerely,

*M. Carpenter*

Lt. M. Carpenter
Investigator
Sussex II State Prison

cc:   Tracy S. Ray, Warden
      T.L. Birckhead, Operations Manager/PREA Compliance Manager

**AFFIDAVIT**

I, MARK Castro , declare under penalty of perjury, that the following is true and correct: On 4-5-18 I was housed in 2C-20 an as the C.O came around I told Him I had a Proumble an need't to be moved out of my cell an takein to seg I was then moved out of my cell a put in the shower in 2C an was locked in the shower the CO finshed passing out mail then pulled POD Reg While Im still locked in the shower some inmates that I had Praumbles with come up to me harassing me the CO walked out the POD an one inmate throw piss on me the about 20 mins latter another came by with Hot H2O an throw it on my face where I was burnt as I yealed for the CO the inmate that throw piss on me stoped him a was talking so I keep't yellins then he finlly came to the shower I was locked in

(Exhibit #13)

_(Signature of Affiant)_          4/01 18

Name and address of Affiant:

_____
_____
_____
_____

**STATE OF VIRGINIA,**
CITY/COUNTY OF __Waverly_____, to-wit:

The foregoing document was subscribed and sworn to before
me this _10th_ day of ___April_____, _2018_
by __MARK Castro # 1505280_____.

___D. Coke_____
_(Signature of Notary Public)_

My commission expires: __09-30-19_____

*Exhibit #14)*

## LIMITED POWER OF ATTORNEY

I, *Mark Costro* , residing at: *Sussex II State Prison, 24427 musselwhite Drive* , County of: *Waverly* , State of: *Virginia* , hereby grants a limited power of attorney to: *Delinche Javon Albritton #1016653*, residing at: *Sussex II State Prison, 24427 musselwhite Drive* , County of: *Waverly* , State of: *Virginia* , to act as my attorney-in-fact.

I, *Mark Castro* , give my attorney-in-fact, the maximum power under the law to perform the following specific acts on my behalf: *To File, Copy, inspect, and receive notification of any and all Documentation regarding the incident that occurred on April 5, 2018, at the Sussex II state Prison, 2 Charlie Pod, wherein I was Injured, to include any and all related incidents and ongoing matters thereafter, and to File, exhaust my State administrative remedies, and to seek Judicial remedy in any and all the Courts of Law regarding my Claims of Injury on April 5, 2018.*

My attorney-in-fact, accepts this appointment, and he/she agree to act in my best interest as he/she considers advisable. This power of attorney may be revoked by me at any time and is automatically revoked on my death.

Dated: *4* day of *10* , 200 *18*.

_____
(Signature)

## NOTARY PUBLIC

COMMONWEALTH OF VIRGINIA: County of *Waverly*
SWORN TO AND SUBSCRIBED TO BEFORE ME THIS *10th* DAY OF *April* , 200 *8* .

My commission expires: *09-30-2019* .

_____
NOTARY PUBLIC

(Exhibit #15)

## _SWORN AFFIDAVIT_

I, _Shawn C King_ #1154570 , after being dully sworn, voluntarily make the following statement:

I was present for the conversation between offender Elijah Maven and officer Dickerson on July 28, 2015, where Maven told Dickerson about the situation he was having with his cell partner Bobby Leonard and that he told Dickerson that he needed to be moved out of his asap. Dickerson told Maven to give him a request form stating he wanted to be moved out of his cell and the reasons why, which he went and did, then Dickerson told Maven that he would take care of the matter and have him moved to another cell.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_June 26, 2018_
Date

_Shawn King_   #1154570
Signature

The Affiant being first duly sworn, says:

1. He signed the foregoing Affidavit statement;
2. The facts stated in the Affidavit are true to the best of his information and belief.

_____
Signature of Witness

Subscribed and sworn to before me this _____ day of _____, 20_____

_____
Notary Public

My commission expires: _____

(Exhibit #16)

# Victor M. Glasberg *&* Associates ATTORNEYS

121 South Columbus Street  Alexandria VA 22314  telephone: (703) 684-1100  fax: (703) 684-1104
www.robinhoodesq.com

Victor M. Glasberg
vmg@robinhoodesq.com

Maxwelle C. Sokol
msokol@robinhoodesq.com

*Of Counsel*
Stephen G. Cochran
Bruce A. Fredrickson

July 3, 2018

Mr. DaVince AlBritton
#1016653
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

Dear Mr. AlBritton:

Thank you for securing the statement of Shawn King.  This is greatly appreciated.

If you are subjected to staff reprisal because of your provision of this assistance, please let me know, with appropriate details (who, what, when, with what alleged justification) and if we can help we will.

I enclose a check for $10.00, which will more than cover your mailing costs for the King  statement and the previously produced documents.  As I am sure you understand, we cannot pay for the provision of evidence in this, or any, case.

Good wishes.

Sincerely,

Victor M. Glasberg

Enclosure
MavenElijah\Letters\AlBritton2018-0703

*(Exhibit #18)* *3A-17*



VIRGINIA DEPARTMENT OF CORRECTIONS

## Institutional Classification Authority Hearing Notification Form

DOC-11G
DOC Location: Sussex II State Prison
Report generated by Liptrot, A N
Report run on 8/3/2018 at 3:28 PM

| Offender Name: Albritton, Devinchi J | DOC#: 1016653 | DOC Location: Sussex II State Prison |
|---|---|---|

### Part I: ICA Referral Notice

Classification Action being reviewed:

Comments: The offender was placed on GDT in restrictive housing pending investigation

You will be scheduled to appear before the Institutional Classification Authority on or after 8/8/2018

Clark, Kevin L - Major/Chief of Security

Authorizing Staff  *Lt A. Liptrot*          Date & Time  *8/3/2018 - 1500hes*

A formal due process hearing is required when an offender is considered for removal from general population, or faces the possibility of increase in security level or reduction in good time earning level outside the Annual Review Cycle.  You will be permitted to:  1) Be present at the hearing  2) Remain silent  3) Know the reasons for any decisions rendered by the ICA  4) Have your counselor or an employee present to assist you 5) Receive a copy of the written findings and recommendations of the ICA.  During hearings based solely on documented Disciplinary Hearing Referrals the following is not afforded to you:  1) Hearing the Reporting Officer's testimony 2) Cross-examining adverse witnesses 3) Calling and cross-examining witnesses.

This is to certify that I have received a copy of this notice and it was explained to me. I am requesting witness/s to appear on my behalf.

Witness Request:  1. *Major Clark*      2. *MS Odom*      3. *Lt Gatlin*

**I Waive rights to 48-hour notice.**   ☐ Yes  ☑ No          I wish to attend.   ☑ Yes  ☐ No

*[Offender Signature]*   *8-5-18*          *Sgt K. Cauquel*   *8/5/18*
Offender Signature        Date          Witness Signature        Date

Rev. 04/15/2010



VIRGINIA
DEPARTMENT OF CORRECTIONS    *(Exhibit #19)*    Offender Request 801_F3A_7-12
SUSSEX II STATE PRISON

## Offender Request

**DIRECTIONS**
1. Fill in your <u>Name</u>, <u>Number</u>, <u>Full Housing Assignment</u>
2. Please <u>Print</u> your request; <u>KEEP IT BRIEF</u>
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| AlBritton | DeVinche | J | 1016653 | 3A-17 |
| **WORK ASSIGNMENT** | **ASSIGNED COUNSELOR** | | **TODAY'S DATE** | |
| NA | NA | | 8-10-18 | |

TO: ☐ Counselor   ☐ Medical   ☐ Personal Property   ☒ Law Library   ☐ Mailroom
☐ Unit Manager   ☐ Mental Health   ☐ Education   ☐ Hearings   ☐ Accounting
☐ Ombudsman   ☐ Dentist   ☐ Food Service   ☐ Recreation   ☐ Commissary
☐ IPM-Programs Mgr.   ☐ Chaplain   ☐ Workforce Specialist   ☐ Enterprise Laundry   ☐ Laundry
☐ EBP Manager   ☐ Assistant Warden   ☐ Warden   ☐ Other _____

**CHECK PURPOSE:** ☐ Appointment Request (Applicable departments only.) ☐ Question/Statement

Dear Ms Vandermark, I am writing you to plead for your Help & Assistance with the Harrassment and Mistreatment being done to me by Lt Carpenter and the other Investigators where they have kept me locked up under "Investigation" for 2 weeks ongoing for an alleged fight in 1 Building which I had No Knowledge or involvement of who, what, when, or where! I have been working in the Kitchen for the passed 30 days, 2am-11am, and I have been staying out of the way, However, on 8-3-18 as I was coming from work, I was locked up and wasn't told why until 8-9-18, Lt Carpenter and those Investigators Know I had No involvement or Knowledge, yet they still got me locked up, and my Mom was Hospitalized from the stress of this matter and her being refused to visit me on 8-5-18! Lt Carpenter Should not be allowed to get away with What She's done to me, I lost my Job, Visit, and privileges, and I'm punished when I am Innocent! please Help.

DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE *The Warden needs to Know*

## RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

Intel made the decision to place you under investigation. This will be looked into.

**RECEIVED**
**OCT 0 2 2018**
Ombudsman Unit
Eastern Region

Offender seen ☐ Yes ☐ No

M Vandermark
Official Responding

8/13
Date of Response



VIRGINIA DEPARTMENT OF CORRECTIONS
Informal Complaint

*(Exhibit #20)*

Effective Date: July 1, 2013
Operating Procedure 866.1    Attachment 2



# Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

**An Informal Complaint is not required for an alleged incident of sexual abuse.**

DeVinche ALBritton    1016653    3AET
Offender Name      Offender Number      Housing Assignment

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [x] Other (Please Specify): WARDEN CABLE
- [ ] Treatment Program Supervisor
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): That my 1st, 6th, 8th, and 14th Amendment Rights U.S. Constitution are being Violated by the Sussex II Intell Dept, where I was informed that Lt Carpenter ordered me to be placed on General Detention pending Investigation as of 8-3-18 where I was stripped of all my rights and privileges, my housing assignment, job in the Kitchen and visits with my family, all as a result of my legal activities and in retaliation for my legal activism and filed complaints and court actions. I did nothing wrong to anyone and yet I was locked up on some fictitious pretense of an Investigation as punishment for my legal work!

Offender Signature _(signature)_    Date 8-6-18

---

### Offenders - Do Not Write Below This Line

**Date Received:** 8/10/18      **Tracking #** SXII-18-INF-04610

**Response Due:** 8/25/18      **Assigned to:** Perkins

**Action Taken/Response:**

I am reviewing your case with the investigators. Investigation may last up to 15 working days.

**RECEIVED**
~~OCT 0 2 2018~~
Ombudsman Unit
Eastern Region

_(signature)_    B Perkins - UM    8-16-18
Respondent Signature    Printed Name and Title    Date

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: AUG 2 8 2018

Staff Witness Signature: _____ Date: GRIEVANCE OFFICE
SUSSEX II STATE PRISON

Revision Date: 4/9/13

RECEIVED (Exhibit #21)

VIRGINIA DEPARTMENT OF CORRECTIONS     AUG 20 2018
Informal Complaint

Effective Date: July 1, 2013
Operating Procedure 866.1     Attachment 2

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

**An Informal Complaint is not required for an alleged incident of sexual abuse.**

DeVinchie AlBritton     1016653     4-A-44

Offender Name / Offender Number / Housing Assignment

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [x] Other (Please Specify):
- [x] Treatment Program Supervisor
- [ ] Mailroom

Records MS White!

Briefly explain the nature of your complaint (be specific): That my 1st, 8th, and 14th Amendment Rights have been further Violated whereupon 8-17-18, I was released from being unconstitutionally held on Segregation back to General Population and I was not Immediately replaced back on my Work Assignment or housing Unit Status I-Building, Whereas I was placed in 4-Building with no Job and made to endure humiliation and Ostracism where the relevant staff who violated my Constitutional Rights arranged for me to be placed in non area where I would be treated in this manner, instead of putting me back in the Worker Building and giving my Job back!

Offender Signature _Albritton_     Date August 17, 2018

### Offenders - Do Not Write Below This Line

**Date Received:** 08/20/18

**Response Due:** 09/04/18

Tracking # SXII-18-INF-04848

**Assigned to:** Ms. Adams

Action Taken/Response: Good Afternoon I have been working with you on obtaining your employment back in the Kitchen. In addition, if you are not allow to return to the Kitchen I will seek employment in the housing unit.

Respondent Signature _S. Adams_     Printed Name and Title S. Adams, UM     Date 8/28/2018

### WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: _____

Staff Witness Signature: _____ Date: _____

Revision Date: 4/9/13

VIRGINIA
DEPARTMENT OF CORRECTIONS

(Exhibit #22)

Regular Grievance  866_F1_4-17

# REGULAR GRIEVANCE

Log Number: SXII-18-Reg-00218

| AlBritton DeVinche | | 1016653 | 4-Delta | 44 |
|---|---|---|---|---|
| **Last Name, First** | | **Number** | **Building** | **Cell/Bed Number** |

| Individuals Involved in Incident  Lt Carpenter, Intel | Date/ Time of Incident  August 3, 2018 |
|---|---|

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process:  Attach Informal Complaintresponse or other documentation of informal process.) I am dissatisfied with the response given to my Informal Complaint # SXII-18-INF-04610 where I clearly stated that Lt Carpenter on 8-3-18 retaliated against me for my legal activities concerning pending court actions including my assistance in maven's 2015 prison Rape Case, Lt Carpenter clearly violated my Constitutional Rights where I was stripped of my Kitchen Job, privileges, pay, and housing assignment because I continued to correspond with Maven's Attorney and Lt Carpenter decided to lock me up on some fictitious pretense of an Investigation in order to punish me for my legal work and to stop me continuing Lt Carpenter lied to her fellow prison staff to arrange for me to be locked up under investigation for an alleged fight that she knew I had no knowledge or involvement all done out of retaliation and to cover things up!

**What action do you want taken?** I respectfully demand that Lt Carpenter be removed as Chief Investigator, I be given a full apology, I be restored back to my Kitchen Job and that I be Compensated for my pain, suffering, and for every day I missed work I should be paid

RECEIVED
OCT 02 2018
Ombudsman Unit
Eastern Region

**Grievant's Signature:** _____  Date: 8-23-18

RECEIVED

**Warden/Superintendent's Office:** H Gritton

**Date Received:** 8-28-18

AUG 28 2018

GRIEVANCE OFFICE  Revision Date: 4/28/17
SUSSEX II STATE PRISON



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Regular Grievance** 866_F1_4-1

**INSTRUCTIONS FOR FILING**: You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

**INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s):

| | |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____ Date: _____

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

| Regional Review of Intake (within 5 working days of receipt) | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1*Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____ Date: _____

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____ Date: _____

Staff Witness: _____ Date: _____

Revision Date: 4/28/17

*(Exhibit #23)*

# Victor M. Glasberg &Associates ATTORNEYS

121 South Columbus Street  Alexandria VA 22314  telephone: (703) 684-1100  fax: (703) 684-1104
www.robinhoodesq.com

Victor M. Glasberg
vmg@robinhoodesq.com

Maxwelle C. Sokol
msokol@robinhoodesq.com

*Of Counsel*
Stephen G. Cochran
Bruce A. Fredrickson

August 14, 2018

Mr. DaVinche Albritton
#1016653
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

Dear DaVinche:

If you have been penalized for providing assistance to Elijah Maven without having violated any lawful prison rules or procedures, that is a serious offense for which I will seek to have the correctional officers in question held accountable in court.  You may  – *may* – be entitled to money damages if they have acted improperly as you advise.

In order to proceed, I need from you a statement that begins with: "I, DaVinche Albritton, declare under penalty of [perjury that the following is true," and then states the following:

1. A very brief introductory statement regarding your status at Sussex II.

2. Your description of what you have done to assist Elijah.  You should point out that your assistance was begun at your initiative, not anyone else's.  Be as specific as you can, with names, dates or approximate dates, etc.

3. Your explanation of what the prison authorities apparently learned about your effort to help Elijah, and how they learned of it.

4. Your infraction history, and whether you have done anything (other than helping Elijah) that might, in the view of correctional officers,

*(Exhibit #23)*

Mr. DaVinche Albritton
August 14, 2018
Page 2

justify your being placed in segregation.  Keep in mind that they
will attempt to justify their actions by blaming you for some kind
of misconduct.  If you have received an infraction, please describe
it.  If it was bogus, explain why.  In that case you should have
grieved it, and should do so now if you did not do so previously.

5.    You have grieved your placement in solitary for having helped
      Elijah.  (If you have not done so, you must do so ASAP.)

Sign and date the statement.  It need not be notarized.  I enclose a stamped
self-addressed
envelope for you to send your statement.

If there is no justification for your placement in solitary, this is a very
serious offense by prison staff and I will not ignore it.  Please get back to me as
promptly as possible.

Sincerely,

Victor M. Glasberg

Enclosure

MavenElijah\Letters\Albritton2018-0814



(Exhibit #24)

VIRGINIA
DEPARTMENT OF CORRECTIONS

Emergency Grievance 866_F4_4-16

## Emergency Grievance

Log # 122872

*Emergency Grievances* are provided for offender reporting and expedited staff responses to allegations that an offender is subject to a substantial risk of imminent sexual abuse and to situations or conditions which may subject the offender to immediate risk of serious personal injury or irreparable harm.

| Offender Last Name | First | Number | Facility | Building-Cell-Bed |
|---|---|---|---|---|
| AlBritton | DeVinche | 1016653 | Sussex II | 40-44 |

### PART A- OFFENDER CLAIM

What is the emergency? That on this day of August 30, 2018, I received credible information and a warning that I would be Robbed of my Property and canteen, upon receiving my Commissary Order by a few Gangmembers who don't want me in their Pod, I've been under threat ever since I was placed in this 40 Pod and I've explained my concerns both verbally and on Informal Complaint to Prison St. Including U/M Adams where I have waited patiently for 2 weeks even After Major Clark Ordered and Directed to Place me back in J-Building, therefore I have no choice but to Demand to be removed from this Building i To Protect my Property and safety

I am being retaliated against

I am Not a Gangmember!

I am being forced into lock up!

Date/Time 8-30-18 8:30am     Offender Signature and Number 1016653

### PART B- STAFF RESPONSE
(This part is to be completed and returned to the offender within eight (8) hours.)

[X] Your grievance does not meet the definition for an emergency. Action Taken Recommended:

[ ] Submit Informal Complaint      [ ] Evaluated by Medical: Date Seen
[ ] Submit Sick Call Request       [ ] Send an Offender Request To:
[ ] Submit Request to Dental       [X] Other (Provide detailed explanation below)

Good Afternoon, this emergency grievance does not meet the definition: however I will foward to the investigation Unit.

[ ] Your grievance has been determined to be an emergency and the following action has been taken:
[ ] Sent to Hospital: Date Transported          [ ] Other (Provide detailed explanation below)

| 8/30/18 / 4:39pm | S. Adams | S Adams / UM |
|---|---|---|
| Date/Time | Respondent Signature | Name Title Printed |

[ ] **PREA** - Alleged incident of sexual abuse or sexual harassment; Shift Commander, Facility Unit Head or Administrative Duty Officer, and facility PREA Compliance Manager notified

Alleged sexual abuse or sexual harassment   [ ] Will be referred for Investigation

Determination by: _____

| Signature | Name Title Printed | Date/Time |

Distribution:   Original Grievance returned to Offender, Copy forwarded to Institutional Ombudsman/Grievance Coordinator

[Detach here]

### PART C- RECEIPT
Log #: 122872

| Albritton | D | 1016653 | SII | 4D44 |
|---|---|---|---|---|
| Offender Last Name | First | Number | Facility | Building-Cell-Bed |

I acknowledge receipt of this complaint from the above offender. [Complete and issue to offender if taking from his/her presence for response.]

| 30Aug18  0935 | | Sgt. By (?) |
|---|---|---|
| Date/Time | Recipient's Signature (Staff Member) | Name Title Printed |

Revision Date: 4/25/16

*(Exhibit #25)*



VIRGINIA DEPARTMENT OF CORRECTIONS

## Grievance Receipt Report

VACORIS C - #.0
DOC Location: SXII Sussex II State Prison
Report generated by Savedge, T
Report run on 09/13/2018 at 1:04 PM

Grievance Number: SXII-18-INF-05277

Next Action Date: 9/28/2018 12:00:00 AM

| On this date: | 09/13/2018 | I have received a statement from: | |
|---|---|---|---|
| Albritton, Devinchi J | 1016653 of | Sussex II State Prison HU3-A-17-B | |
| *(Offender Name and DOC#)* | | *(Filed Location and Housing)* | |

Setting out the following complaint:

That my 1st, 8th, and 14th Amendment Rights have been violated by Sussex II Prison staff U/M Adams, Sgt. Brown and DJA. On Augusr30, 2018 and August 31, 2018 where they mishandled my request for help, mistreated me, and acted in collusion with the retaliation suborned by Lt Carpenter where on 8-30-18 8:30am I informed Ms Adams in an Emergency Grievance that I received info and a warning that I would be robbed by Gang members shortly after getting my Commissary asking to be moved to prevent such. Adams contact Major Clark, Lt Turner, and Records and arranged me to move in 1-A-25, however Sgt Brown caused Adams to relent, and he came up to 4D-44 and said in a loud voice I needed to give a statement as to which Gang would Rob me for them to hear, then when I was placed in Seg because I refused to withdraw, left me in Seg with no bed passed 1am!

*T. Savedge*

*(Signature)*

Officer Initials: _____



VIRGINIA
DEPARTMENT OF CORRECTIONS

(Exhibit# 26)

Regular Grievance 866_F1_4-17

## REGULAR GRIEVANCE

Log Number: SX11-18-Reg
00240

| AlBritton DeVindre | 1016653 | 3A | 17 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |

| Lt Carpenter & U/M Adams | 8-17-18, 200pm |
|---|---|
| Individuals Involved in Incident | Date/ Time of Incident |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) I am dissatisfied with the response given to my Informal Complaint #SXII-18-INF-04848 where I alleged that my Const-Rights have been Violated due to the fact that as I was released on 8-17-18 from being Un Constitutionally held in segregation under a "Sham" Investigation for 14 days out of retaliation, I was not Immediately replaced back on my work assignment or housing unit #1 as a Worker, whereas I was refused work, privileges, and Placed in #4 building made to endure humiliation and ostracism. U/M Adams Stated that she was checking to see if I was still allowed to work in the Kitchen which made No Sense, where I was Innocent and unlawfully locked up based on Lt Carpenter's retaliation and false excuse that she got Info that I was in a fight with "Someone"

**What action do you want taken?** I respectfully request and demand to be Immediately restored, I want a formal apology from all Staff involved with locking me up in Seg under false pretenses and for not restoring me to work status, and I want to be Compensated for every day I was in Seg and out of my Job!

| Grievant's Signature: [signature] | Date: 9-13-18 |
|---|---|

Warden/Superintendent's Office: A-Gritton

Date Received: 9-13-18

RECEIVED

SEP 13 2018

GRIEVANCE OFFICE
SUSSEX II STATE PRISON

Revision Date: 4/28/17



*(Exhibit #27)*

VIRGINIA
DEPARTMENT OF CORRECTIONS
SUSSEX II STATE PRISON

Offender Request 801_F3A_7-12

## Offender Request

**DIRECTIONS**
1. Fill in your <u>Name</u>, <u>Number</u>, <u>Full</u> <u>Housing</u> <u>Assignment</u>
2. Please <u>Print</u> your request; <u>KEEP IT BRIEF</u>
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| Albritton | DeVinch | J | 1016653 | 3A17 |

| WORK ASSIGNMENT | ASSIGNED COUNSELOR | TODAY'S DATE |
|---|---|---|
| Kitchen ???? | NA | 9-13-18 |

TO:
☐ Counselor  ☐ Medical  ☐ Personal Property  ☐ Law Library  ☐ Mailroom
☐ Unit Manager  ☐ Mental Health  ☐ Education  ☐ Hearings  ☒ Accounting
☐ Ombudsman  ☐ Dentist  ☐ Food Service  ☐ Recreation  ☐ Commissary
☐ IPM-Programs Mgr.  ☐ Chaplain  ☐ Workforce Specialist  ☐ Enterprise Laundry  ☐ Laundry
☐ EBP Manager  ☐ Assistant Warden  ☐ Warden  ☐ Other

CHECK PURPOSE: ☐ Appointment Request (Applicable departments only) ☒ Question/Statement

Ms Hatch,
I am writing you this request in reference to my pending Informal Complaint #SXII-18-INF-04918, where I stated that my Const Rights have been violated by C/O Liggins who robbed me of my personal property CL-20 and I was told I would get a reimbursement for my property by Lt Gatlin and the Warden in Lieu of me filing for a civil action. I twice filled out Reimbursement Paperwork with C/O Liggins and she was supposed to turn it in, but to this date, No copy or my $30.00 to my account. I am sorry if I falsely accused your office, but Liggins is causing me to have to file complaints to get what I am entitled.

DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE  Please look into this
I have witnesses!

## RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

The Business Office has not received any documents to reimbursement you for your property. We must get these documents in order for the process to begin for your reimbursement. You need to contact C/O Liggins to check the status.

Offender seen ☐ Yes ☐ No

S. Hatch
Official Responding

9-20-18
Date of Response

(Exhibit #28)



VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level I**

866.1 A-6
DOC Location: SXII Sussex II State Prison
Report generated by Critton, A L
Report run on 09/27/2018 at 2:45 PM

| Offender Name | | DOC# | Location | | Grievance Number |
|---|---|---|---|---|---|
| Albritton, Devinchi J | | 1016653 | **Current** Sussex II State Prison | | SXII-18-REG-00218 |
| **Housing** | | | **Filed** Sussex II State Prison | | |
| HU1-D-30-B | | | | | |

LEVEL I:    WARDEN/SUPERINTENDENT'S RESPONSE    (To be completed and mailed within 30 calendar days)

**In your grievance you stated,** "That my 1st, 6th, 8th and 14th Amendment Rights U.S Constitution are being violated by the Sussex II Intel Department. I was informed that Lt Carpenter ordered me to be placed on General Detention pending Investigation as of August 3, 2018, where I was stripped of all my rights and privileges, my housing assignment, job in the kitchen and visits with my family. This was a result of my legal activities and in retaliation for my legal activism and filed complaints and court actions. I did nothing wrong to anyone and yet I was locked up on some fictitious pretense of an Investigation as punishment for my legal work!"

**As a result of this grievance,** I respectfully demand that Lt. Carpenter be removed as Chief Investigator. I would like to be given an apology, restored back to my kitchen job, and that I be compensated for my pain and suffering."

**The results of the informal process reveals,** per Unit Manager B. Perkins, "I am reviewing your case with the investigators. Investigation may last up to 15 working days."

**An investigation into your complaint reveals,** per Intel Lt. M. Carpenter, "On August 3, 2018, you were not placed special housing due to the intel department. I do not have any knowledge of your allegations."

**A restricted policy governs your grievance.**

**After thoroughly reviewing the information presented by staff and the policy governing the issue, I find there has not been a violation of policy; therefore, this grievance is UNFOUNDED.**

RECEIVED

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:
Regional Admin. 14545 Old Belfield Road, Capron, VA  23829

OCT 0 2 2018

Ombudsman Unit
Eastern Region

| _RWallace_ | RWallace | 0927:18 |
|---|---|---|
| Warden/Superintendent | | Date |

I wish to appeal the Level I response because: _I am dissatisfied with the investigation and response given in the above to my complaint raised in my Grievance where R. Wallace, failed to conduct a fair and reasonable investigation and review of the Violation of my Constitutional Rights committed by Lt M. Carpenter on August 3, 2018, as Wallace purposely ignored facts and Clear Proof that Carpenter had me placed in Special housing per the Sussex II Intel Dept on August 3, 2018, in favor of only Considering Lt Carpenter's Statement, which is Clearly Belied" by_

Rev. 05/31/2007

| Offender Signature | _(signature)_ | Date 9-28-18 |

→ the Institutional Classification Authority Hearing Notification Form-DOC-11, signed by myself on 8-5-18, the Informal Complaint #SXII-18-INF-04610, that I filed on 8-6-18, and the Request form I sent to Ms Vandermark, acting Operation Officer of Sussex II prison on 8-10-18, all of which were submitted and Attached herewith. Ms Wallace clearly is acting in Collusion with Lt Carpenter and is trying to Cover up the fact that Carpenter retaliated against me in violation of my 1st, 6th, 8th, and 14th Amendment Rights by having me locked up on 8-3-18 when I was coming from work in the Kitchen that morning and placed in special Housing Unit #3 on General Detention status, Pending Investigation for no valid reason, but for my Legal work activities and refusal to withdraw my pending Lawsuits, while citing that she had received an "Anonymous" "Kite" saying I had violated a Sussex II prison Rule as a pretense to lock me up under Investigation, and each and every Time Unit Manager Perkins did his ICA hearing and asked wheather I could be released from Segregation lock up, Lt Carpenter and her Intel Dept told U/M Perkins I was Still being Investigated and needed to Remain on Segregation Pending Investigation Status. the fact of the Matter is that Lt Carpenter is now caught in a lie as shown by the paperwork and her Statement given to ~~me~~ Ms Wallace, where she falsely stated that I was not placed in the Special Housing due to the Intel department on 8-3-18, whereas numerous Sussex II staff witness to Lt Carpenter's actions where they were used by her to accomplish her plan to retaliate and lock me up, and the paperwork proves such! As a result of Lt Carpenter's actions against me in Violation of my Rights, I have served 35 calender days in Segregation lock up pending a false Investigation when I did nothing wrong and was Innocent and I lost my Kitchen Job where Ive been out of work for 60 days losing earnings to Pay for my living expenses and legal Fee's! It is ridiculous for Ms Wallace to have denied my Grievance as Unfounded based Solely on Lt Carpenter's False Statement that on August 3, 2018, I was not placed in Special Housing due to the Intel department whereas the documentation and facts clearly prove otherwise! I respectfully demand that Lt Carpenter be removed as Chief Investigator, I be given an apology, that I be restored to my Kitchen Job and Compensated for my pain and Suffering Caused by The Violation of my Rights!

VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level II**

866.1 A-7
DOC Location:
*(Exhibit #29)*

Report generated by Cosby, K W
Report run on 10/11/2018 at 8:52 AM

| Offender Name | | DOC# | Location | | Grievance Number |
|---|---|---|---|---|---|
| Albritton, Devinchi J | | 1016653 | **Current** | Sussex II State Prison | SXII-18-REG-00218 |
| **Housing** | | | **Filed** | Sussex II State Prison | |
| HU1-D-30-B | | | | | |

**LEVEL II: REGIONAL DIRECTOR, HEALTH SERVICES DIRECTOR OR CHIEF OF OPERATIONS FOR OFFENDER MANAGEMENT SERVICES RESPONSE** (To be completed and mailed within 20 calendar days)

Your grievance appeal has been reviewed along with the response from the Level I respondent and the complaint form.

In your grievance, you state on August 3, 2018, that Lt. Carpenter placed you under general detention pending investigation.

An investigation into your claims did not reveal evidence to overturn the ruling of the Level I respondent.

This grievance is governed by a policy restricted to offenders.

Based on the information provided, I am upholding the decision of the Level I respondent, which has determined that your grievance was Unfounded.

Level II is the last level of appeal for this grievance. You have exhausted all administrative remedies

Gregory L. Holloway, Regional Administrator          Date 10/25/18

To:  D. Albritton #1016653 (1D30)        

Mr. Albritton, I have asked Administrative staff if you could return back to the kitchen.  I was informed, "no."

Senior Counselor Shaw



DeVinche Javon AlBritton #1016653
Sussex II State Prison
24427 musselwhite Dr
Waverly, VIRGINIA 23891

(Exhibit #31)

TO:

Warden Beth Cable,
Sussex II State Prison

Re: Notification of Intent
Pleading Special Matters
Pursuant to Rule 9 of the
Federal Rules of Civil Procedure

11 / 1st / 2018.

## NOTICE OF CAUSE

Dear Warden Beth Cable,

Please take attention and be now informed that for the past year, my 1st, 4th, 5th, 6th, 8th, and 14th Amendment Rights under the United States Constitution have been violated by relevant prison staff members here at Sussex II State Prison on multiple occasions in regards to matters which include: the theft, seizure, and destruction of my personal property, the Conspiracy to Violate and Obstruction of my rights of Access to the Courts, and the threats, Harassment, and Retaliation by prison Staff and Officials in response to my filed Complaints, Legal activism, and assistance with a prison Rape Case in Civil Action No. 1:16cv998, which involved Sussex II prison Staff and Officials. Warden Cable, please understand and know that I have in good faith both written and verbally conversed with each and every relevant prison staff and Official involved in an attempt to resolve these matters with Staff, however, to no avail, and that I have also exhausted my Administrative remedies regarding the aforementioned Violations of my Constitutional Rights, however, such were unreasonably and unsatisfactorily answered in your Name by your staff designee(s).

page 1

(EXHIBIT #31)

Nevertheless, because of the Fact that you are a recently appointed Warden and that I wish to be fair and reasonable, I am willing to offer your Office 1 final opportunity to remedy, resolve, and Compensate me for the wrongs which have been and Continues to be perpetrated against me by your staff and administration, otherwise, I will have no choice but to seek Judicial Intervention and to petition the appropriate Federal U.S. District Court for equitable remedy, Compensation, and punitive damages against each and every prison staff or Official responsible and involved which unfortunately would Include yourself as Warden of Sussex II State prison, where I myself witnessed, along-with the fact that relevant staff and documents indicate that your Office was personally aware and may have authorized the relevant Prison Staff's actions taken against me. Warden Cable, please be Informed that I have a Federal Civil Rights Attorney involved in this matter and that I will wait (10) Calendar days for your response if any to this Notice before giving him my decision for him to proceed with filing a Civil Rights Complaint under 42 U.S.C §1983 in the appropriate United States District Court.

Respectfully Submitted

DeVinche AlBritton #1016653

I, DeVinche Javon AlBritton, do hereby swear that each and every claim and Statement made herein this Notice of Cause to be the absolute truth under the penalty of perjury for any false statements made therein on this __1st__ day of __November__ 20_18_.



DeVinche AlBritton #1016653
Sussex II State Prison
24427 Musselwhite Dr
Waverly, VA 23891

R. OWEN
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7505929
My Commission Expires  7/31/19

page 2

*(Exhibit #32)*

# Victor M. Glasberg & Associates ATTORNEYS

121 South Columbus Street  Alexandria VA 22314  telephone: (703) 684-1100  fax: (703) 684-1104
www.robinhoodesq.com

Victor M. Glasberg
vmg@robinhoodesq.com

Bernadette E. Valdellon
bev@robinhoodesq.com

*Of Counsel*
Stephen G. Cochran
Bruce A. Fredrickson

January 17, 2019

Mr. DeVinche AlBritton
#1016653
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891-2222

Dear Mr. AlBritton:

I apologize for the tardiness of this reply. I have discussed with Vic Glasberg the affidavit that you sent this firm. If you wish, we will forward a revised version of your affidavit to Sussex II's warden and to the office of Virginia's attorney general on your behalf.

I have condensed the information you gave us into a more succinct affidavit. Please read it to verify its accuracy. If there are any factual inaccuracies, please correct them in ink and initial the corrections in the margin. If it is correct, and if you wish us to forward it to the warden and attorney general, please sign and date the document and return it to me.

Please understand, this is not an offer of legal representation. At this time, we offer only to notify the warden and attorney general of your situation. We will share their response with you and make a decision about how to proceed at that time.

Sincerely,

Cora C. Martin
Paralegal

*(Exhibit #32*

## Declaration of DeVince Javon Albritton

I, DeVince Javon Albritton, declare under penalty of perjury that the following is true:

1. I am currently an inmate at Sussex II State Prison. I have a reputation as an inmate with some knowledge of the law due to my time spent in the law library.

2. Previously, I was an inmate at Sussex I State Prison. In November 2016, a fellow inmate, Elijah Maven, requested my help with a civil action he was pursuing against staff at Sussex II. Mr. Maven had been raped by a cellmate at Sussex II after his pleas to be moved to a different cell were ignored. I agreed to help him.

3. On September 27, 2017, I was moved to Sussex II. I began to ask other inmates whether they had any knowledge of Mr. Maven's rape. I located one offender, Shawn King, who had overheard Mr. Maven request help from prison staff shortly before the rape. I accompanied Mr. King to the supervisor's office with the intention of getting his written affidavit signed and notified. There, we were confronted by U/M Rollins, who read over the affidavit and questioned us as to why we were getting involved in Mr. Maven's case. She said we should be investigated, and that we wouldn't be allowed access to a notary because we had failed to submit a request in advance, which would take at least seven days for approval. Mr. King submitted a non-notarized affidavit. I continued to correspond with Mr. Maven's attorney, Mr. Glasberg.

4. On July 23 or 24, 2018, Lt. Carpenter and the intel department called me to the watch commander's office. They had my legal mail from Mr. Glasberg. They asked me if I liked working in the kitchen and whether I was still filing lawsuits. I stated I would never stop fighting for my constitutional rights and I wasn't doing anything wrong or illegal. Someone said, "Yeah, you need to mind your own business."



5. Subsequently, on August 3, 2018, I was moved to the segregation unit. Initially, staff refused to tell me why I was moved. On August 9, Lt. Carpenter told me she'd heard I was in a fight in 1-Building and asked if that was true. I stated, truthfully, that I was not in a fight like the one she described, and signed a statement to that effect.

6. On August 17, I was finally released from segregation. Instead of being returned to 1 Building where I was before, I was placed in 4 Building, Delta Pod, where gang members are held. I was prevented by other inmates from using the phones or speaking to others, and I was afraid of being robbed or beaten. I was also not allowed to be reinstated in my position in the kitchen.

7. I believe Lt. Carpenter had me placed in the segregation unit as retribution for my legal activities, including my assistance to Mr. Maven with his suit against Sussex II staff. Likewise, I believe that she deliberately set up my situation in 4 Building, Delta pod, and that she has prevented me from resuming my job in the kitchen.

Dated: January 21, 2019

DeVince Javon Abritton



VIRGINIA
DEPARTMENT OF CORRECTIONS
SUSSEX II STATE PRISON

*(Exhibit #33)*

**Offender Request** 801_F3A_7-12

## Offender Request

**DIRECTIONS**
1. Fill in your <u>Name, Number, Full Housing Assignment</u>
2. Please <u>Print</u> your request; <u>KEEP IT BRIEF</u>
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| AlBritton | DeVinche | J | 1016653 | 2B-26 |

| WORK ASSIGNMENT | ASSIGNED COUNSELOR | TODAY'S DATE |
|---|---|---|
| NA | MS Turner | 10-15-17 |

**TO:** ☐ Counselor ☐ Unit Manager ☐ Ombudsman ☒ IPM-Programs Mgr. ☐ EBP Manager
☐ Medical ☐ Mental Health ☐ Dentist ☐ Chaplain ☐ Assistant Warden
☐ Personal Property ☐ Education ☐ Food Service ☐ Workforce Specialist ☐ Warden
☐ Law Library ☐ Hearings ☐ Recreation ☐ Enterprise Laundry ☒ Other Records Dep
☐ Mailroom ☐ Accounting ☐ Commissary ☐ Laundry

**CHECK PURPOSE:** ☐ Appointment Request (Applicable departments only.) ☐ Question/Statement

To whom this may concern, I am respectfully requesting to be moved to 1-Building as to get away from all this foolishness with these young gang members and Dope heads as I got a lot of time and I'm trying to serve my time and work to support my self. Please get me out of 2-Building and find a place in 1-Building. Thank you!

**DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE**

## RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

You need to talk to mr. mills, Unit Manager. You are scheduled to go to Building 1, however it takes a while. Someone has to transfer or get locked up before we have a empty bed. Your name is on the list.

Offender seen ☐ Yes ☐ No

ms. White

**Official Responding**

10-17-17

**Date of Response**

*Revision Date:1/3/2017*

*(Exhibit #34)*



VIRGINIA
DEPARTMENT OF CORRECTIONS

RECEIVED
FEB 15 2019

Informal Complaint 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

| DeVinchie J. ALBritton | 1016653 | 1 Delta #30 |
|---|---|---|
| Offender Name | Offender Number | Housing Assignment |

| C/O Coleman & W/M Turner | 2-14-19 | 9-10am |
|---|---|---|
| Individuals Involved in Incident | Date/ Time of Incident | |

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [x] Other (Please Specify): Warden Cabell
- [ ] Institutional Program Manager
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): That on 2-14-19 my 1st, 4,8th, and 14th Constitutional Amendment, State Created Liberty Interest, and Property rights were blatantly Violated by W/m Turner and Sgt Coleman who caused, facilitated, and allowed my former Cell Partner C. Ulrich to pack up with, Steal, and rob me of over $100.00 worth of Commissary, Holiday Packs, and Property Item(s) by moving him out of our Cohabitation Cell without me being present and while I was at work, in the kitchen as when I returned at around 11am, I found all my Items listed in the above, food, hygeie, etc... gone I asked for help, No one listened, Turner was warned prior and took No action, this matter is a result of retaliation by staff for pending Civil Litigation for which all involved will be held Judicially accountable

| Offender Signature | *[signature]* | Date 2-14-19 |
|---|---|---|

---

### Offenders - Do Not Write Below This Line

| Date Received: 2/15/19 | | Tracking # SXII-19-INF-60848 |
|---|---|---|
| Response Due: 3/8/19 | Assigned to: Turner | |

Action Taken/Response:

I spoke with Sgt Coleman about the movement. He informed me that he spoke with you and asked you to present a receipt for the commissary missing. No receipt was presented.

| *[signature]* | K.S Turner *[initials]* | 2-26-19 |
|---|---|---|
| Respondent Signature | Printed Name and Title | Date |

### WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint, I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

RECEIVED
APR 29 2019
Ombudsman Unit
Eastern Reg.

MAR 19 2019

RECEIVED
MAR 06 2019

| Offender Signature | | Date: |
|---|---|---|
| Staff Witness Signature | GRIEVANCE OFFICE | Date: |

SUSSEX II STATE PRISON

SUSSEX II STATE PRISON



VIRGINIA
DEPARTMENT OF CORRECTIONS (Exhibit #35)

Regular Grievance 866_F1_4-17

## REGULAR GRIEVANCE

Log Number: _____

| AlBritton DeVinche | 1016653 | 1Delta | 1D-30 |
|---|---|---|---|
| Last Name, First | Number | Building | Cell/Bed Number |

| U/m Turner and Sgt Coleman | 2-14-19  7am - 10am | 30-13 |
|---|---|---|
| Individuals Involved in Incident | Date/ Time of Incident | |

U/m Turner & Sgt Coleman

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process:  Attach Informal Complaint response or other documentation of informal process.) I am dissatisfied with the response given to my Informal Complaint (Attached) #SXII-19-INF-60848, regarding the February 14, 2019, robbery of my property by offender C. Ulrich and others which was facilitated, allowed, and sanctioned by U/m Turner and Sgt Coleman while I was at work, in the Kitchen 2am-11am Shift. There has been nothing done in regards to me being compensated for what was percipitated by Staff, as I was supposed to have been protected from being robbed if proper prison procedures was followed. I am very disappointed by the fact that No one has given me any official paperwork stating I will be Compensated for my property and the persons responsible being held accountable and I don't understand why I am being ignored for this matter!

**What action do you want taken?** I respectfully demand to be fully Compensated for my stolen property and that everyone responsible and involved be held accountuble or face Court and Civil Lawsuit for everyday I am made to Suffer this Violation as I gave my reciepts to Turner on 3-1-19

Grievant's Signature: _____ Date: 3-5-2019

| Warden/Superintendent's Office: _____ | RECEIVED |
|---|---|
| Date Received: _____ | MAR 06 2019 |

R. OWEN
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7505929
My Commission Expires   7/31/19

GRIEVANCE NUMBER 8/28/17
Revision Date:
SUSSEX II STATE PRISON



VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-17

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the facility Grievance Office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

**INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s):

| | |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*.<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally (This issue did not cause you personal loss or harm) |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☒ | Insufficient Information (Not to include Medical). You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: *Please submit property Inventory sheet and or receipts of purchase.* |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: *Gitton*     Date: *3-6-19*

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

Regional Review of Intake (within 5 working days of receipt)

| | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____     Date: _____

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____     Date: _____

Staff Witness: _____     Date: _____

*Revision Date: 4/28/17*

3/21/2019                                    Commonwealth of Virginia Mail - Grievance Response



(Exhibit #36)


Commonwealth of
Virginia

Critton, Anita <anita.critton@vadoc.virginia.gov>

## Grievance Response

**Critton, Anita** <anita.critton@vadoc.virginia.gov>                          Thu, Mar 21, 2019 at 10:45 AM
Draft To: Kenneth Turner <kenneth.turner@vadoc.virginia.gov>

Good morning,
Attached you will find a grievance from offender Albritton. Please read and respond in full detail to all allegations.
Remember this information is time sensitive; therefore, I must have response by March 28, 2019.

If you have any questions please feel free to email and call.

Thanks,

--

Anita L.Critton
Institutional Ombudsman
Notary Public
Sussex II State Prison
24427 Musslewhite Dr
Waverly Va, 23891
Phone: 804-834-2678 Ext.41780
Email: anita.critton@vadoc.virginia.gov

📄 **Scanned from a Xerox Multifunction Printer (16).pdf**
583K

(Exhibit #37)



Commonwealth of
Virginia

Critton, Anita <anita.critton@vadoc.virginia.gov>

---

**D. AlBritton**
3 messages

---

**Critton, Anita** <anita.critton@vadoc.virginia.gov>                                          Tue, Apr 16, 2019 at 2:38 PM
To: Melissa Carpenter <melissa.carpenter@vadoc.virginia.gov>, Kenneth Turner <kenneth.turner@vadoc.virginia.gov>, Misha Caldwell <misha.caldwell@vadoc.virginia.gov>
Cc: Tony Darden <tony.darden@vadoc.virginia.gov>, Kevin Clark <kevin.clark@vadoc.virginia.gov>, Beth Cabell <beth.cabell@vadoc.virginia.gov>, Melissa Vandermark
<melissa.vandermark@vadoc.virginia.gov>

Good afternoon,

As all of you may be aware, Offender Albritton alleged that his personal property was stolen on  February 14, 2019. He alleged; commissary items, holiday pack items, and electronics
such as a JP5, earbuds, ect were stolen by his former cell partner C Ulrich. Upon my investigations and speaking with Lt. Carpenter via Rapid Eye, the incident he alleged happened did
not take place. AlBritton has filed a grievance and has requested that all items be replaced that was allegedly stolen.

On March 26, 2019, Albritton was given $99.74 worth of commissary items to compensate the alleged food and hygiene items that was stolen. Ms. Caldwell signed as the witness as well
as myself being present acknowledging that items were given to Offender AlBritton. After the items were given, I spoke with Offender Albritton to confirm he would withdraw SXII-19-REG-
00046. However, he declined to withdraw because the electronic item were not replaced. He also stated that he will not withdraw and will proceed with a lawsuit because Unit Manager
Turner and Sgt. Coleman, allowed C. Ulrich to pack without him being present. Therefore, causing the items to be stolen.

There is one question  left to close the investigation. Why was Offender AlBritton given commissary items if there is not any supporting evidence to his allegations? Giving AlBritton these
items appears as if staff is at fault and we attempted to give him half of the alleged items that was stolen instead of all, if his allegations are true.

Please provide any insightful information that I may be overlooking so a proper and fair investigation can be conducted.  I have continued this investigation to provide a solid level one
response after gathering further information. I would like to have the level one response in Mrs. Cabells office by Friday April 19, 2019. for her review and signature.

--
Anita L.Critton
Institutional Ombudsman
Notary Public
Sussex II State Prison
24427 Musselwhite Dr
Waverly Va, 23891
Phone: 804-834-2678 Ext.41780
Email: anita.critton@vadoc.virginia.gov

---

**Carpenter, Melissa** <melissa.carpenter@vadoc.virginia.gov>                                   Wed, Apr 17, 2019 at 10:30 AM
To: "Critton, Anita" <anita.critton@vadoc.virginia.gov>

The Intel Department was only aware of his commissary been stolen. Nothing mention about electronics
[Quoted text hidden]

---

**Caldwell, Misha** <misha.caldwell@vadoc.virginia.gov>
To: "Critton, Anita" <anita.critton@vadoc.virginia.gov>

Good Afternoon,

I was approached by Lt. Carpenter asking for help with a situation.  She stated an Offender (Albritton) had about $100.00 in Commissary stolen and was directed by Ms. Cabell to give the Off
items. Lt. Carpenter brought a bag of Commissary items to my office and we added the items up and provided the Offender with $99.74 worth of Commissary items.  Offender Albritton was c
items, Officer Brooks passed the items through the window to Offender Albritton and as you stated above he declined to withdraw because his electronics were not replaced.

Respectfully,
Misha E. Caldwell
Commissary Manager
On Tue, Apr 16, 2019 at 2:39 PM Critton, Anita <anita.critton@vadoc.virginia.gov> wrote:
[Quoted text hidden]

*Misha E. Caldwell*

Keefe Commissary Manager

Sussex II State Prison

24427 Musselwhite Dr.

Waverly, VA  23891-2222

misha.caldwell@vadoc.virginia.gov

804-834-2678 Ext. 44075

*This communication may contain non-public, confidential, or legally privileged information. If you are not the intended recipient, or have received this communication in error, ple
email or by telephone and delete all copies of this communication, including attachments. without reading them or saving them to disk.*
Attachments area

VIRGINIA DEPARTMENT OF CORRECTIONS

866.1 A-7
DOC Location:

*(Exhibit #38)*

**Offender Grievance Response - Level II**

Report generated by Cosby, K W
Report run on 05/08/2019 at 9:07 AM

| Offender Name | | DOC# | Location | | Grievance Number |
|---|---|---|---|---|---|
| Albritton, Devinchi J | | 1016653 | **Current**     Sussex II State Prison | | SXII-19-REG-00046 |
| **Housing** | | | **Filed**        Sussex II State Prison | | |
| HU1-D-30-B | | | | | |

**LEVEL II: REGIONAL DIRECTOR, HEALTH SERVICES DIRECTOR OR CHIEF OF OPERATIONS FOR OFFENDER MANAGEMENT SERVICES RESPONSE** (To be completed and mailed within 20 calendar days)

Your grievance appeal has been reviewed along with the response from the Level I respondent and the complaint form.

In your grievance, you alleged that on February 14, 2019, you had property stolen while it was being packed up.

An investigation into your claims did not reveal evidence to overturn the ruling of the Level I respondent.

This grievance is governed by Operating Procedure 802.1, Offender Property.

Based on the information provided, I am upholding the decision of the Level I respondent, which has determined that your grievance was Unfounded.

Level II is the last level of appeal for this grievance. You have exhausted all administrative remedies.

| Gregory L. Holloway, acting Regional Operations Chief | Date   5.8.19 |
|---|---|

*(Exhibit #39)*



VIRGINIA DEPARTMENT OF CORRECTIONS

**Disciplinary Offense Report**

861.1 A-1

Report generated by Gill, M

Report run on 05/23/2019 at 4:18 PM

| | | | |
|---|---|---|---|
| Case Number: SXII-2019-1822 | Offender Name: Albritton, Devinchi J. | DOC #: 1016653 | Housing: HU1-D-30B |
| Facility: Sussex II State Prison | Reference: | | |
| Offense Code: 111B | Offense Title: Stealing State or any Person's Property | | |
| Offense Date: 5/23/2019 | Approximate Time: 10:50 AM Location | | |

**DESCRIPTION OF THE OFFENSE**

Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On Thursday 23 May 2019 at approximately 10:50am I Sergeant G. Parris was conducting shakedown of off going in the Dining B Hall of off going Kitchen workers. I visually observed Offender Albritton D State ID# 1016653 with a bag of dates lying next to his feet. During the shakedown sliced turkey, a bag of ice, two large bags of cookies, tomatoes, dates, green peppers, a small bag of yeast, a small bag of coffee, boiled eggs was found in the dining hall. Offender Albritton stated to me that he had taken all of these items from the dining hall. Therefore this charge is being written.

☐ Investigation    Date Completed: _____    ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

| | |
|---|---|
| Witnesses: _____ _____ _____ | Reporting Officer: Parris, G |
| | Title: Sergeant |
| | Date: 5/23/2019    Time: 2:31 PM |

| | | | |
|---|---|---|---|
| Officer -In-Charge: Gill, M | | Title: Captain | |
| OIC Signature: *[signature]* | | Date: 5/23/2019    Time: 4:09 PM | |

**ADVISEMENT OF RIGHTS**

By signing below, you indicate your preference regarding the rights indicated. Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit: *Witness Request Form*, *Documentary Evidence Request Form*, and the *Reporting Officer Response Form*. The offender must submit these request forms to the Hearings Officer within 48-HOURS of the charge being served.

| | | | |
|---|---|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes | ☑ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing. | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses  by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER.

YOU MAY REMAIN SILENT. Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE.

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing.**

Served and Witnessed By: *[signature]*    Offender's Signature: *[signature]*

Print Name: _____    Print Name: DeVinche Albritton

Date of Service: 5/24/19    Approximate Time: 0655

IF OFFENDER REFUSES TO SIGN,SERVING OFFICER WILL CERTIFY REFUSAL: _____

| | |
|---|---|
| ADVISOR AT SERVICE OF DOR: _____ | FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes ☐ No |
| Date of Hearing: 5/28/2019    Revised Date: _____ | Revised Date: _____    Revised Date: _____ |

*Copy Provided*

Rev. 01/01/2016



*(Exhibit #40)*



VIRGINIA DEPARTMENT OF CORRECTIONS

## Disciplinary Offense Report

861.1 A-1

Report generated by West, P A

Report run on 05/31/2019 at 7:02 AM

| Case Number: SXII-2019-1915 | Offender Name: Albritton, Devinchi J | | DOC #: 1016653 | Housing: HU1-D-30B |
|---|---|---|---|---|

Facility: Sussex II State Prison         Reference:

Offense Code: 228      Offense Title: Unauthorized use or abuse of mail or telephone

Offense Date: 5/30/2019      Approximate Time: 8:30 AM   Location: GP Dayroom - HU1-D

### DESCRIPTION OF THE OFFENSE

Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On May 30, 2019, the Intelligence Unit at Sussex State II Prison monitored Offender D. Albritton # 1016653 phone calls. Offender D. Albrition # 1016653 made a phone call to number 757-364-1610 to an unknown male. In the phone conversation offender D. Albritton told the unknown caller to dial phone number 804-786-0030. When dialing the number, a unknown female voice answered. Number 804-786-0030 is confirmed to be a General Attorney Office in Richmond Va. According to OP 861.1 offender D. Albritton has been charge for 228 Unauthorized use or abuse of mail or telephone. Therefore this charge is written. End of report.

☐ Investigation      Date Completed: _____      ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

| Witnesses: | Reporting Officer: Phat, C |
|---|---|
| | Title: Correctional Officer |
| | Date: 5/30/2019      Time: 1:34 PM |

Officer -In-Charge : West, P A      Title: Lieutenant

OIC Signature: _____      Date: 5/30/2019      Time: 6:15 PM

### ADVISEMENT OF RIGHTS

By signing below, you indicate your preference regarding the rights indicated.  Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit: *Witness Request Form, Documentary Evidence Request Form, and the Reporting Officer Response Form.* The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served.

| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
|---|---|---|---|
| DO YOU WISH TO REQUEST WITNESSES? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes | ☑ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing. | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER.

YOU MAY REMAIN SILENT.  Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE.

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You  have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing.**

Served and Witnessed By: _____      Offender's Signature: _____

Print Name: F. Leonard      Print Name: _____

Date of Service: 5-31-19      Approximate Time: 0711      _____

IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL: _____

ADVISOR AT SERVICE OF DOR: _____      FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes ☐ No

Date of Hearing: 6/10/2019      Revised Date: _____   Revised Date: _____   Revised Date: _____

Offender was given copy of charge and paperwork for his hearing

Rev. 01/01/2016

*(Exhibit #41)*

VIRGINIA DEPARTMENT OF CORRECTIONS

## Disciplinary Offense Report



861.1 A-1
Report generated by Utley, M D
Report run on 06/27/2019 at 8:24 AM   *4A-34*

| | |
|---|---|
| Case Number: SXII-2019-2236 | Offender Name: Albritton, Devinchi J    DOC #: 1016653    Housing: ~~HU1 D 30B~~ |
| Facility: Sussex II State Prison | Reference: |
| Offense Code: 228 | Offense Title: Unauthorized use or abuse of mail or telephone |
| Offense Date: 6/26/2019 | Approximate Time: 8:10 AM   Location: GP Dayroom - housing 1 delata pod |

**DESCRIPTION OF THE OFFENSE**
Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On June 26, 2019, the Intelligence Unit at Sussex State II Prison received an email from the Attorney General Office. The email stated that Offender Albritton # 1016653 had his sister called there on 3-way. I, Intel Officer Phat and Lt. M. Carpenter monitored the phone call made by offender Albritton to phone number (757) 367-1141. Offender D. Albrition # 1016653 tells his sister that he has an Emergency going on now. They are moving me out the building to a gang building. I need you to call to the attorney general lady and asked her she needs to put a stop on it or she needs to do something. She needs to call down here and do something for me. ... <Con't>

☐ Investigation    Date Completed: _____    ☒ DESCRIPTION CONTINUED ON ATTACHED PAGE

| Witnesses: Carpenter, M, D | Reporting Officer: Phat, C |
|---|---|
| | Title: Correctional Officer |
| | Date: 6/26/2019    Time: 10:17 AM |

| Officer -In-Charge: Utley, M D | Title: Sergeant |
|---|---|
| OIC Signature: *[signature]* | Date: 6/27/2019    Time: 8:15 AM |

**ADVISEMENT OF RIGHTS**

By signing below, you indicate your preference regarding the rights indicated. Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit: *Witness Request Form, Documentary Evidence Request Form, and the Reporting Officer Response Form.* The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served.

| | | | |
|---|---|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☒ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☒ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☒ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes | ☒ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING?<br>Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing. | ☒ Yes | ☐ No | ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER.

YOU MAY REMAIN SILENT. Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE.

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing.**

| Served and Witnessed By: *[signature]* | Offender's Signature: X *Refused to Sign* |
|---|---|
| Print Name: *do Black* | Print Name: |
| Date of Service: 6/28/19    Approximate Time: 0645 | *do Black* |

IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL:

| ADVISOR AT SERVICE OF DOR: *do Black* | FORMS PROVIDED AT SERVICE (IF REQUESTED): ☒ Yes ☐ No |
|---|---|
| Date of Hearing: 7/3/2019    Revised Date: _____ | Revised Date: _____    Revised Date: _____ |

Rev. 01/01/2016

(EXhibit 41)

## DISCIPLINARY OFFENSE REPORT (attachment)

| Case Number: SXII-2019-2236 | Offender Name: Albritton, Devinchi J | DOC #: 1016653 | Housing: HU1-D-30B |
|---|---|---|---|
| Facility: Sussex II State Prison | Reference: | | |

**Description of Offense**
(continued):

Offender Albritton tells his sister I need you to do it know.  I'm going to listen.  I'm not going to say anything.  Offender Albritton give his sister the number to call the attorney General Office (804) 786-0030. Note: This is the second time Offender Albritton spoken to about making 3- way calls to the Attorney General Office.  According to OP 861.1 Offender D. Albritton has been charge for 228 unauthorized use or abuse of mail or telephone. Therefore this charge is written. End of report.



*(Exhibit #42)*



VIRGINIA DEPARTMENT OF CORRECTIONS

## Disciplinary Offense Report

861.1 A-1
Report generated by Utley, M D
Report run on 06/27/2019 at 8:32 AM

Y A-34

| Case Number: SXII-2019-2238 | Offender Name: Albritton, Devinchi J | DOC #: 1016653 | Housing: HU1 D-30B |
|---|---|---|---|

Facility: Sussex II State Prison                Reference: _____

Offense Code:  206          Offense Title:  Lying or giving false information to an employee

Offense Date:  6/26/2019        Approximate Time: 9:32 AM    Location:  N/A - Support Interview room

**DESCRIPTION OF THE OFFENSE**
Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On the above date and time.  I Lt. M. Carpenter interviewed offender D. Albritton # 1016653 about having his sister place a 3-way call to the Attorney General Office. Offender Albritton denied having his sister make a 3-way call while he was still on the line. Offender Albritton stated "I called my sister back 10 minutes later" Lt. M. Carpenter monitored the phone call and Offender Albritton tells his sister that he is going to listen and not say anything.  Note: The first phone call between Offender Albritton and his sister was at 0810hrs for 1 minute 44 seconds. The second call was at 0813hrs for 3 minutes 3 seconds. Therefore this charge.

☐ Investigation            Date Completed: _____       ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

| Witnesses: _____ | Reporting Officer:   Carpenter, M D |
|---|---|
| _____ | Title:   Institutional Investigator |
| _____ | Date:  6/26/2019        Time:   10:45 AM |

Officer -In-Charge :   Utley,  M D                    Title:   Sergeant

OIC Signature: _____        Date:   6/27/2019       Time:   8:28 AM

**ADVISEMENT OF RIGHTS**

By signing below, you indicate your preference regarding the rights indicated.  Failure to respond, or indicate a preference, constitutes a WAIVER of the first three rights. The following forms are available to the offender UPON REQUEST in each housing unit: *Witness Request Form, Documentary Evidence Request Form,* and the *Reporting Officer Response Form. The offender must submit these request forms to the Hearings Officer within 48-HOURS of the charge being served.*

| | | | |
|---|---|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☒ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☒ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☒ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes | ☒ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING?  Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing. | ☒ Yes | ☐ No | ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER.

YOU MAY REMAIN SILENT.  Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE.

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You  have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing.**

Served and Witnessed By: _____         Offender's Signature: X REFUSED to sign

Print Name: Qo Black                           Print Name: X

Date of Service: 6/28/19     Approximate Time: 0640

IF OFFENDER REFUSES TO SIGN,SERVING OFFICER WILL CERTIFY REFUSAL:  Qo Black

ADVISOR AT SERVICE OF DOR:  Qo Black.       FORMS PROVIDED AT SERVICE (IF REQUESTED): ☒ Yes ☐ No

Date of Hearing:  7/3/2019      Revised Date: _____   Revised Date: _____   Revised Date: _____

Rev. 01/01/2016

*(Exhibit #43)*



**COMMONWEALTH OF VIRGINIA**
**Department of Corrections**

| | SUSSEX II STATE PRISON | | |
|---|---|---|---|
| | DISCIPLINARY HEARING APPEAL RESPONSE | | |
| **OFFENDER NAME:** | Devinchi Albritton | **OFFENDER NUMBER:** | 1016653 |
| **OFFENSE CODE** | 228 | **OFFENSE DATE:** | May 30, 2019 |
| **OFFENSE TITLE:** | Unauthorized use or abuse of mail or telephone | | |
| **HEARING DATE:** | June 10, 2019 | **HEARING'S OFFICER DECISION** | Guilty |
| **PENALTY IMPOSED:** | Fine: $10.00 | **CASE NUMBER:** | SXII-2019-1915 |
| | DECISION RENDERED-WARDEN:  UPHELD | | |
| **WARDEN'S SIGNATURE:** | | **DATE:** | 8·21·19 |

This correspondence is forwarded to you in response to the issue(s) cited in your appeal of the offense referenced above. A thorough review of the issues relative to the administration of the disciplinary action initiated against you was conducted, and the rationale for the decision at this level is as follows:

Upon review of this infraction, I find that you were charged with: **Unauthorized use or abuse of mail or telephone**

After a review of the hearing and the supporting documentation, the following information is rendered in response to the issue(s) raised in your appeal:

1. There is no evidence to support your claim that the Officer in Charge of this charge was a witness to this incident. There was no witnesses listed on the Disciplinary Offense Report nor did you bring this issue up during your hearing. Additionally: In accordance with Operating Procedure 861.1 RH Offender Discipline: The offer of an Informal Resolution is not mandatory.  The OIC may offer an Informal Resolution when the offender has been charge free and has not received an Informal Resolution for an offense for the past 12 months. The Offer of an Informal Resolution is not mandatory even if the offender has been charge free for 4 years.

2. This issue was addressed in number 1.

3. This issue was addressed in number 1.

4. There is no evidence to support your claim that you and the Hearings Officer had a conversation on June 28, 2019 about why he could not give you an Informal Resolution.

I can find neither serious procedural error, nor justifiable reason to modify/disapprove the decision or the penalty assessed by the Institutional Hearings Officer in your case. This charge is **Upheld.**

Only Category I convictions can be appealed to the Regional Administrator. Category II convictions <u>cannot</u> be appealed to the Regional Administrator, with the exception of O.P. 861.1, Section XVIII, F.2. You may appeal this decision within fifteen (15) calendar days to the Regional Administrator, Disciplinary Appeals Unit, DOC, P.O. Box 26963, Richmond, VA 23261

C: VACORIS

RECEIVED

JUL 22 2019

Warden's Office
Sussex II State Prison

**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

## Disciplinary Appeal

OD: 5/30/19

Name: DeVinche J. AlBritton                #: 1016653        Housing Unit 4A-34
Facility: SXII-2019-1915 | Sussex II State Prison
Case #: SXII-2019-1915              Offense Code: 228

### CONTENTS/ ISSUES
**(Each factual statement must be listed separately and is limited to the space provided for that contention/ issue)**

1. That my Due Process Rights under O.P. 861.1 IX A. 6, b. was violated where infact Lt West acting as OIC processed this charge despite the fact that he was a witness to this Offense, where the Floor officer working 1 Delta Pod and myself went and spoke to him about the circumstances and details of the 3-way call that morning where we both explained to Lt West that I had handed the Offender Telephone to the Floor officer who was questioned by the Attorney General and that it was a big Mistake, to which Lt West told us both that he would handle the matter, yet I was later charged by Intell and Lt West processed my charge and refused to give me an Informal Resolution despite the fact that I was 4 years Charge free because he said I had almost got him and this Officer who I handed the Inmate Phone to that morning in a trouble and that I had used him before, which is Why he refused to give me an Informal Resolution, Lt West should not have been OIC

☒ **LEVEL I APPEAL - SEND TO THE FACILITY UNIT HEAD**
- The appeal to the Facility Unit Head must be submitted within **15 calendar days** from receipt of the completed *Disciplinary Offense Report*.
- Staff can access **all** disciplinary documents in VACORIS.
- The **only documents** that will be accepted for review and consideration is this *Disciplinary Appeal* and the *Disciplinary Appeal Continuation*, if needed.

Offender Signature: *DeVinche AlBritton*        Date Appeal Submitted *July 19, 2019*

**LEVEL I RECEIPT:** Staff must sign and date below and provide a copy of this form within two working days of receipt of their Level I appeal.

Staff Signature: *L. Wells*        Date Appeal Received JUL 22 2019

RECEIVED

☐ **LEVEL II APPEAL - MAIL TO:**
**Offender Discipline Unit Department of Corrections, P. O. Box 26963, Richmond, VA 23261**

Warden's Office
Sussex II State Prison

- **Only** Category I convictions can be appealed to Level II. Category I convictions **cannot** be appealed to Level II, except for a reason specified in the *Appeal to Regional Administrator (Level II)* section of Operating Procedure 861.1, *Offender Discipline*.
- New appeal issues will not be considered at this level. Only those issues raised by the offender in the Level I Appeal to the Facility Unit Head or in the response from the Facility Unit Head will be considered.
- The Level II Appeal must be submitted within **15 calendar days** from receipt of the response from the Facility Unit Head. Staff can access **all** disciplinary documents including the Facility Unit Head's response in VACORIS.
- The **only documents** that will be accepted for review and consideration is this *Disciplinary Appeal* and the *Disciplinary Appeal Continuation*, if needed.

Offender Signature: _____        Date Appeal Submitted _____

(Exhibit #43)

VIRGINIA
DEPARTMENT OF CORRECTIONS

Disciplinary Appeal Continuation 861_F17_3-17

## Disciplinary Appeal Continuation

Name: DeVinche Al Britton     #: 1016653     Housing Unit: 4A-34

Facility: Sussex II State Prison

Case #: SXII-2019-1915     Offense Code: 228

### CONTENTIONS/ ISSUES
**(Each factual statement must be listed separately and is limited to the space provided for that contention/ issue)**

**2.** That I was denied due process under O.P. 861.1 X C 1-9, where I was unreasonably refused to have been Considered and given an Informal Resolution where I had been charge free and had not received an Informal Resolution for ongoing 4 years, only due to the fact that I was being retaliated against by the O.I.C. for my pending Civil Lawsuits and Complaints against staff which I had refused to Withdraw. I never talked disrespectfully to staff and I'm cast as a troublble maker only due to my legal activities Which should not have been used to have denied me an Informal resolution that I was truly & reasonably entitled to have been given after being 4 years charge free

**3.** That my Due Process rights under O.P. 861.1 XIII A.5, was unreasonably violated due to the fact that IHO Brown at some point days after the scheduled date of the Hearing Which was initially supposed to have been on 6-10-19, when I asked him about considering me for an Informal Resolution for the charge, he basically tricked me into believing that he would give me the Informal resolution as I told him I had been 4 years charge free, yet he never came back, but instead showed up on 6-28-19, and told me that it was above his head, and that he had to find me guilty of the charge, Which was a hint that I was only being discriminated against and refused a fair hearing or the Informal resolution requested out of the staff's retaliation for my pending Lawsuits I refused to Withdraw, and when I told him I was 4 years charge free, IHO Brown said that it didn't count for nothing, I did not waive my Rights and IHO Brown was wrong for misleading me!

**•** I respectfully request that this charge be Vacated and dismissed based upon the fact that Lt West acted as OIC in Violation of O.P. 861.1 X A.6.b as me and The Floor Officer that morning explained to him the details of the 3 way Call which he Told us both how to proceed further or in the Alternative to refer the Disciplinary Report back for an Informal Resolution as I was 4 years charge free which I should not have been denied as I was discriminated against, and

No 24 hour Notice for the Hearing was given!

Revision Date: 3/28/17

(Exhibit #44)   (Exhibit #44)



VIRGINIA DEPARTMENT OF CORRECTIONS

861.1 A-1

## Disciplinary Offense Report

Report generated by Goodrich, A L

Report run on 10/30/2019 at 03:15 PM

| Case Number: SXII-2019-3800 | Offender Name: Albritton, Devinchi J | | DOC #: 1016653 | Housing: HU4-A-34T |
|---|---|---|---|---|

Facility: Sussex II State Prison          Reference

Offense Code: 201A      Offense Title: Disobeying an Order

Offense Date: 10/30/2019      Approximate Time: 12:40 PM  Location: GP Dayroom - HU4-A

### DESCRIPTION OF THE OFFENSE

Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On The above date And time I Officer Smith gave offender D. Albritton #1016653 a direct order to step into his cell multiple times, he refused and proceeded to the kiosk. Therefore this charge is written.

☐ Investigation          Date Completed: _____          ☐ DESCRIPTION CONTINUED ON ATTACHED PAGE

| Witnesses: | Reporting Officer:   Smith, T M |
|---|---|
| | Title:   Correctional Officer |
| | Date:   10/30/2019       Time:   1.50 PM |

Officer -In-Charge :  Goodrich, A L          Title   Lieutenant

OIC Signature:  *a. Goodrich*          Date   10/30/2019      Time.   3 11 PM

### ADVISEMENT OF RIGHTS

By signing below, you indicate your preference regarding the rights indicated   Failure to respond  or indicate a preference. constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit. *Witness Request Form, Documentary Evidence Request Form,* and the *Reporting Officer Response Form.* The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served.

| | | | |
|---|---|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☐ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☐ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☐ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing | ☐ Yes | ☐ No | ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER

YOU MAY REMAIN SILENT   Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE. WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You  have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing**

Served and Witnessed By: *E. Garnett*          Offender's-Signature: REFUSED to Sign

Print Name:   E Garnett          Print Name:

Date of Service:   10-30-A      Approximate Time: 18:18          *E Garnett*

IF OFFENDER REFUSES TO SIGN,SERVING OFFICER WILL CERTIFY REFUSAL:

ADVISOR AT SERVICE OF DOR:  *C Hawks*  FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes ☐ No

Date of Hearing:   11/07/2019      Revised Date:          Revised Date:          Revised Date:

*Offender recd copy of charge - 861 Copy*

Rev. 01/01/2016

(Exhibit #44) (Exhibit #44)



VIRGINIA DEPARTMENT OF CORRECTIONS

861.1 A-2

Report generated by Goodrich, A L

## Penalty Offer

Report run on 10/30/2019 at 03:18 PM

| Case Number: SXII-2019-3800 | Offender Name: Albritton, Devinchi J | DOC #: 1016653 | Housing: HU4-A-34T |

Facility: Sussex II State Prison          Reference:

Offense Code: 201A          Offense Title: Disobeying an Order

Offense Date: 10/30/2019   Approximate Time: 12:40 PM   Location: GP Dayroom - HU4-A   Investigation Complete

### PENALTY OFFER

The available evidence for this case has been reviewed and you are being offered the following penalty:

Penalty: IR 4a - Fine up to $15 - Imposed Value: 3 Dollars

Suspended for (if applicable):

[X] For the charge of:   Offense Title: 201A - Disobeying an Order

[ ] For the Lesser Included Offense of:   Offense Title:

Staff Signature: _A Goodrih_    Date: 10/30/2019   Time: 3:12 PM

Print Name: Goodrich, A L    Title: Lieutenant

### CONDITIONS OF PENALTY OFFER

1) **ACCEPT** – By accepting, I understand I will be pleading guilty to the offense specified in the offer and accept the penalty indicated above and will waive my right to a Disciplinary Hearing, including any right I may have to present witnesses or other evidence on my behalf, as well as any right I may have to ask questions of anyone who may have given a statement against me. I understand that accepting the Penalty Offer, any appeal of this offense will be limited to a determination of (a) whether there was a guilty plea (b) whether there was an acceptance of a Penalty Offer or (c) whether there was any serious procedural error. No other reason for an appeal will be considered

2) **DECLINE** – If I decline the Penalty Offer, I will be afforded a Disciplinary Hearing. I will have the right to enter a not guilty plea at the hearing, and this Penalty Offer will in no way influence the outcome of the hearing or the severity of any penalty imposed as a result of the hearing

3) **24 HOURS TO DECIDE** – – I understand that I have 24 hours from the date that the charge is served to accept this offer, and I will be provided the opportunity to consult with an advisor, upon request. Any staff member, other than the Hearings Officer, can witness the decision if I fail to make a decision in 24 hours. I understand that I will be scheduled for a formal Disciplinary Hearing and will not have the option to accept the Penalty Offer prior to the hearing

### DECISION AT TIME OF SERVICE

[ ] I ACCEPT the Penalty Offer.

[ ] I DECLINE the Penalty Offer. I understand that I will be scheduled for a Disciplinary Hearing

[ ] I DEFER my decision. I understand that I have 24 hours from the time of service to communicate my intention to accept the Penalty Offer.

By signing below, I acknowledge that I have been advised of my rights.

Offender Signature: Refused to Sign   Print Name: E Garrett   Date: 10-30-19   Time: 18:18

Staff Signature: E Garrett   Print Name: E Garrett   Date:   Time:

IF OFFENDER REFUSES TO SIGN, SERVING OFFICER WILL CERTIFY REFUSAL:

### OFFENDER DECISION WITHIN 24 HOURS OF SERVICE

[ ] I ACCEPT the Penalty Offer. NOTE: Offender can have any staff member witness this decision and forward the offender's signed copy to the Hearings Officer within 24 hours from the time of service of the Disciplinary Offense Report and Penalty Offer

Offender Signature:   Print Name:   Date:   Time:

Staff Signature:   Print Name:   Date:   Time:

(Exhibit #45)          (Exhibit #45)

**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

RECEIVED
NOV 4 2019
Sussex II State Prison

Informal Complaint 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the spaces provided on this Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

**An Informal Complaint is not required for an alleged incident of sexual a[...]**

DeVinche AlBritton   1016653                4-7-3-4
Offender Name            Offender Number                Housing Assignment

C/O Garrett, W/m mcdonald     10-30-19 / 6pm
Individuals Involved in Incident                Date/ Time of Incident

- [X] Unit Manager/Supervisor      - [ ] Food Service         - [ ] Institutional Program Manager
- [ ] Personal Property            - [ ] Commissary           - [ ] Mailroom
- [ ] Medical Administrator        - [ ] Other  (Please Specify):

Briefly explain the nature of your complaint (be specific): That my 1st, 6th, 8th, and 14th Amendment Rights to Due Process under O.P. 861.1 were Violated Where on October 30, 2019, at around 11pm, I awoke to having a Copy of a disciplinary False Charge on my Cell floor that was never served or mailed where MR Foster on Nov 1, 2019 took a picture and forwarded to U/m McDonald, and this all happened Due to the fact that C/O E Garrett came to my door earlier on 10-30-19, right before shift change and told me that C/o smith wrote me a Case for refusing to go in my Cell multiple times that day and when I told Garrett that the Charge was false and that smith never said anything to me, Garrett said he would go talk to her and he never came back! Garrett never read the Charge or any of the paperwork, Garrett did me wrong + lied to me,

Offender Signature _____   Date 10-31-19

### Offenders - Do Not Write Below This Line

Date Received: 11/4/19                       Tracking # SXII-19-INF-06020

Response Due: 11/19/19         Assigned to: Mc Donald

Action Taken/Response:

Sir,
   Please Address Your Concerns During Your Hearing on in a Request Form To The Hearing Department.

_____   UM C. MCDONALD      11-5-19
Respondent Signature          Printed Name and Title      Date

### WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____   Date: _____

Staff Witness Signature: _____   Date: _____

Revision Date: 4/28/17

*(Exhibit #46)* *Copies Given* *(Exhibit #46)*



**VIRGINIA DEPARTMENT OF CORRECTIONS**

## Disciplinary Offense Report

861.1 A-1

Report generated by Goodrich, A L

Report run on 11/21/2019 at 06:46 PM

| | | | | |
|---|---|---|---|---|
| Case Number: SXII-2019-4134 | Offender Name: Albritton, Devinchi J | | DOC #: 1016653 | Housing: HU4-A-34T |

Facility: Sussex II State Prison

Reference:

Offense Code: 228

Offense Title: Unauthorized use or abuse of mail or telephone

Offense Date: 11/21/2019    Approximate Time: 3:57 PM    Location: Mailroom - HU4-A

**DESCRIPTION OF THE OFFENSE**

Provide a summary of the details of the offense (i.e.: who, what, when, where, and how; any unusual behavior, any physical evidence and its disposition, and any immediate action taken – including use of force, etc.)

On November 21st, 2019 I was given an indigent legal mail envelope addressed to "U/M Turner Sussex II State Prison 1 Building". The envelope also had written on it "Devinche Albritton #1016653 4A-34 Sussex II State Prison 24427 Musselwhite Dr". Offender Albritton #1016653 has been warned previously about using indigent legal mail envelopes to send mail within the institution. Offender Albritton continues to disregard the guidelines applied to indigent legal mail envelopes, therefore this charge is written.

☐ Investigation    Date Completed: _____    ☐ **DESCRIPTION CONTINUED ON ATTACHED PAGE**

| Witnesses: | Reporting Officer: Vandermark, M |
|---|---|
| | Title: Operations Officer |
| | Date: 11/21/2019    Time: 3:56 PM |

Officer -In-Charge : Goodrich, A L    Title: Lieutenant

OIC Signature: *[signature]*    Date: 11/21/2019    Time: 6:39 PM

**ADVISEMENT OF RIGHTS**

By signing below, you indicate your preference regarding the rights indicated. Failure to respond, or indicate a preference, constitutes a **WAIVER** of the first three rights. The following forms are available to the offender **UPON REQUEST** in each housing unit: *Witness Request Form, Documentary Evidence Request Form,* and the *Reporting Officer Response Form.* The offender must submit these request forms to the Hearings Officer within **48-HOURS** of the charge being served.

| | | | |
|---|---|---|---|
| DO YOU REQUEST A STAFF OR OFFENDER ADVISOR TO ASSIST YOU AT THE HEARING? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST WITNESSES? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO REQUEST DOCUMENTARY EVIDENCE? | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO WAIVE YOUR RIGHT TO 24-HOUR PREPARATION TIME PRIOR TO THE HEARING? | ☐ Yes | ☑ No | ☐ REFUSED TO RESPOND |
| DO YOU WISH TO APPEAR AT THE DISCIPLINARY HEARING? Refusal to appear is an admission of guilt, a waiver of witnesses and the right to a disciplinary hearing. | ☑ Yes | ☐ No | ☐ REFUSED TO RESPOND |

YOU HAVE THE RIGHT TO QUESTION REPORTING OFFICER
(In person for Category I Offenses; by submitting a Reporting Officer Response Form for Category II Offenses)

YOU HAVE THE RIGHT TO ENTER INTO A PENALTY OFFER.

YOU MAY REMAIN SILENT. Silence does NOT constitute an admission of guilt.

THE CHARGE MAY BE VACATED AND RE-SERVED AS A DIFFERENT OFFENSE, WHICH CAN BE A HIGHER, EQUIVALENT OR LESSER OFFENSE CODE.

YOU MAY BE FOUND GUILTY OF A LESSER-INCLUDED OFFENSE CODE, IN ACCORDANCE WITH OPERERATING PROCEDURE 861.1

**You have been informed of the charges against you, and advised of your rights at the Disciplinary Hearing.**

Served and Witnessed By: *M. Jones /WJM*    Offender's Signature: *[signature]*

Print Name: *M. Jones*    Print Name: *Devinche Albritton*

Date of Service: 11/22/19    Approximate Time: 858

**IF OFFENDER REFUSES TO SIGN,SERVING OFFICER WILL CERTIFY REFUSAL:**

ADVISOR AT SERVICE OF DOR: *M. Jones*    FORMS PROVIDED AT SERVICE (IF REQUESTED): ☑ Yes ☐ No

Date of Hearing: 11/28/2019    Revised Date: _____    Revised Date: _____    Revised Date: _____

Rev. 01/01/2016