UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEVINCHE ALBRITTON,

      Plaintiff,

    v.                                         ACTION NO. 2:18cv689

S. CARPENTER, *et al.*,

      Defendants.

## **ORDER**

Plaintiff, a Virginia inmate, submitted this *pro se* action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. Am. Compl., ECF No. 20. This matter is before the Court for preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915A(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon such review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1); *see id.* § 1915(e)(2).

At this stage, upon review of Plaintiff's Amended Complaint, the Court is unable to determine whether Plaintiff has stated a cognizable claim upon which relief may be granted. To state a viable claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or

of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Additionally, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Here, Plaintiff's current allegations fail to provide each Defendant with fair notice of the facts and legal basis upon which his or her liability rests. Specifically, Plaintiff's Amended Complaint is written in a lengthy narrative style and details a wide range of alleged wrongdoing by various Defendants over a more than one-year period. *See generally* Am. Compl., ECF No. 20. As a result, the Amended Complaint does not contain "a short and plain statement" for each of Plaintiff's claims "showing that [he] is entitled to relief," as Plaintiff is required to do pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2).

While stopping short of advocacy, the Court must be solicitous of *pro se* civil rights actions. *See Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978). Accordingly, Plaintiff will receive an opportunity to particularize his claims. *See Coleman v. Peyton*, 340 F.2d 603 (4th Cir. 1965). Plaintiff is **ORDERED** to file a Second Amended Complaint that complies with the instructions set forth in this Order within twenty-one (21) days of the date of entry of this Order. Plaintiff's Second Amended Complaint must be signed and must comply with the following instructions:

> (i)     At the top of the amended pleading, include the case number for this action – 2:18cv689 – and the title, "Second Amended Complaint;"

(ii)    Provide a list of all named Defendant(s) in the case caption, and provide an address for each named Defendant;

(iii)   In separately numbered paragraphs, provide a short statement of the **facts** giving rise to Plaintiff's claims for relief;

(iv)    In separately captioned sections, clearly identify each civil right violated; Plaintiff should include an explanation as to why he believes each Defendant is liable to him, and such explanation should reference the specific numbered factual paragraphs in the body of the Second Amended Complaint that support the assertion(s);

(v)     Following the previously described sections, include a prayer for relief; and

(vi)    Attach any relevant exhibits to support such claims.

The Second Amended Complaint must also comport with the joinder requirements set forth in Rule 20 of the Federal Rules of Civil Procedure.[1] If Plaintiff's Second Amended Complaint fails to comport with the joinder requirements, the Court will dismiss all Defendants not properly joined with the first named Defendant.

---

[1] Federal Rule of Civil Procedure 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). However, "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (citation omitted).

Plaintiff is ADVISED that his Second Amended Complaint will supersede his prior complaints and will become the operative complaint in this action. *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). That is, the Second Amended Complaint must stand or fall of its own accord, and Plaintiff may not reference statements in his prior complaints. Plaintiff is further ADVISED that failure to comply with this Order will result in the dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(b).

Pending the Court's receipt of Plaintiff's Second Amended Complaint, this action is **STAYED**, and the action will be removed from the Court's active docket.[2]

In addition to the instructions set forth above, the Clerk is **DIRECTED** to please send a copy of this Order to Plaintiff DeVinche Albritton.

**IT IS SO ORDERED**.

_____ /s/ _____
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
November 22, 2021

---

[2] To effectuate this, the Clerk is **DIRECTED** to administratively close the instant action. The action will be returned to the Court's active docket when the Court receives Plaintiff's Second Amended Complaint.