UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEVINCHE ALBRITTON,

        Plaintiff,

v.                                          ACTION NO. 2:18cv689

S. CARPENTER, *et al.*,

        Defendants.

**ORDER**

Plaintiff, a Virginia inmate, filed this *pro se* action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. Second Am. Compl., ECF No. 34. This matter is before the Court to address a Motion to Dismiss filed by Defendants Adams, Branch, Brown, Cabell, Darden, McDonald, Rollins, and White (the "moving Defendants"), ECF No. 40.[1]

For the reasons set forth below, the moving Defendants' Motion to Dismiss, ECF No. 40, is **GRANTED in part** and **DENIED in part**.

### I.    Relevant Background and Procedural History

Plaintiff is a Virginia Department of Corrections inmate who is currently housed at River North Correctional Center. Second Am. Compl. at 12. Plaintiff's claims in this action relate to his incarceration at his former prison, Sussex II State

---

[1] Also currently pending before the Court is a Motion to Dismiss filed by Defendants Carpenter, Coleman, Critton, Liptrot, and Turner, ECF No. 61, and Plaintiff's Motion for Extension of Time to File a Response to that motion, ECF No. 65. The Court will address these Motions in a subsequent Order.

Prison (Sussex II). *See id.* at 2–10. Plaintiff brings claims against the following Sussex II officials: (i) Ms. Adams; (ii) Lt. Branch; (iii) Mr. Brown; (iv) Beth Cabell, Warden; (v) Lt. Melissa Carpenter; (vi) Sgt. Coleman; (vii) Anita Critton; (viii) Tony Darden, Asst. Warden; (ix) Mr. Foster; (x) Captain Gill; (xi) Lt. Liptrot; (xii) U/M McDonald; (xiii) Sgt. Parris; (xiv) Ms. Poarch; (xv) Wanda Rollins; (xvi) T.M. Smith; (xvii) Mr. Turner; (xviii) M. Vandermark; and (xix) Ms. White. *Id.* at 1. All Defendants have appeared in this action except Defendants Poarch and Smith.

On February 6, 2023, the moving Defendants filed a Motion to Dismiss. Mot. Dismiss, ECF No. 40. As required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia, Plaintiff was advised of his right to respond to the Motion to Dismiss within twenty-one days. *Roseboro* Notice, ECF No. 43. Plaintiff timely filed a Response in Opposition, ECF No. 45.[2] The moving Defendants did not file a Reply. The Motion to Dismiss is ripe for disposition.

## II. Plaintiff's Second Amended Complaint

Plaintiff's Second Amended Complaint is not a model of clarity, and it is difficult to discern the precise basis of Plaintiff's claims against each individual

---

[2] In his Response in Opposition, Plaintiff also moved to strike certain defenses raised by the moving Defendants in their dismissal motion. *See* Resp. at 1–3. The Court treated this portion of Plaintiff's Response as a separate motion, which the Court denied in a previous Order. *See* Order at 3–4, ECF No. 68.

2

Defendant. The Court recounts Plaintiff's allegations and legal claims below as best the Court can understand them.[3]

### A. Plaintiff's Allegations

In October of 2017, Plaintiff was injured from a fall on a "damaged and defective staircase" at Sussex II. Second Am. Compl. at 2. Plaintiff claims that Defendants Critton and Rollins refused to provide Plaintiff evidence relating to the fall and threatened Plaintiff that "he would have a hard prison life" at Sussex II and would "end up at Red Onion [State Prison] or Wallens Ridge [State Prison]" if he "persisted in filing any lawsuit." *Id.* In December of 2017, Defendants Carpenter, Critton, Rollins, and White arranged to have Plaintiff "moved in and out of multiple prison gang member pods and cells" in retaliation "for filing prison grievances." *Id.* at 2–3. Plaintiff filed a state-court lawsuit relating to the slip and fall in May of 2018. *Id.* at 3.

Plaintiff began working in the prison kitchen in July of 2018. *Id.* Subsequently, Plaintiff began assisting an attorney who was representing a Sussex II inmate who had allegedly been sexually assaulted at the prison. *Id.* Plaintiff claims that upon prison officials learning that he was assisting and communicating with the attorney in the sexual assault case, he was fired from his job in the kitchen and moved "into the gang member unit pod." *Id.* at 4. When Plaintiff complained, Defendant Adams told him that "he was not going anywhere, nor would he be allowed back into the

---

[3] The Court employs the pagination assigned to the Second Amended Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and grammar in quotations from the Second Amended Complaint.

3

kitchen" unless "he dropped his lawsuit against [Sussex II]." *Id.* Plaintiff claims that he was eventually told he would be allowed to return to his kitchen job but was warned that "he would not be working in the kitchen for long if he did not drop and stop his lawsuits." *Id.*

On February 13, 2019, Plaintiff alleges that Defendant Carpenter learned that Plaintiff had filed a lawsuit naming her and other prison officials as Defendants.[4] *Id.* at 5. Plaintiff claims that on the following day, Defendants Coleman and Turner allowed Plaintiff's cell mate to "rob and steal all of [Plaintiff's] food and property." *Id.* Plaintiff further claims that on May 23, 2019, Defendants Parris and Gill "wrote and . . . processed a false and fraudulent charge of stealing," which resulted in Defendant Poarch firing Plaintiff again from his kitchen job. *Id.* Plaintiff alleges that Defendant Poarch told Plaintiff that Defendant Carpenter wanted him fired for refusing to drop his lawsuits. *Id.*

About one week later, Plaintiff was given an institutional charge of "unauthorized use and abuse of the telephone," relating to a phone call he made to the Virginia Attorney General's office wherein Plaintiff complained about retaliation by prison officials. *Id.* at 6. On June 27, 2019, Defendant Turner had Plaintiff "assigned to the gang member housing unit." *Id.* The following day, Defendant Brown found Plaintiff guilty of the telephone-related charge after Plaintiff again refused to drop his lawsuits. *Id.* at 6–7. Defendant Brown allegedly told Plaintiff that he would find Plaintiff guilty of "every prison disciplinary charge that came across his desk"

---

[4] Plaintiff appears to be referring to the instant action, which was initially filed on December 28, 2018.

and would get Plaintiff's "ass sent to Red Onion since [Plaintiff] wanted to sue every damn body." *Id.* at 7.

Plaintiff alleges that Defendant Brown subsequently found Plaintiff guilty of "3 false prison disciplinary charges," which "were all filed out of retaliation" by prison staff. *Id.* Plaintiff claims that he submitted "complaints and grievances" to Defendants Cabell, Darden, and McDonald regarding these false charges and retaliation, which Plaintiff claims were ignored. *Id.* at 8. Plaintiff also claims that on March 2, 2020, Defendants McDonald, Branch, and White moved a "registered gang member" into Plaintiff's cell in retaliation for Plaintiff's "refusal to drop his pending lawsuits" against prison staff and Plaintiff's "continuous filing [of] multiple prison grievances." *Id.* Plaintiff alleges that this cellmate later sexually assaulted him.[5] *Id.*

Plaintiff claims that on March 19, 2020, "as a result of" Plaintiff's personal injury lawsuit "being granted appellate review by the Virginia Supreme Court" and Plaintiff's "filing [of] further prison grievances and complaints," Defendants McDonald and Foster "moved to have Plaintiff transferred to Red Onion." *Id.* About one year later, on March 24, 2021, Plaintiff was transferred to River North Correctional Center. *Id.*

Plaintiff claims that Defendants violated his First, Eighth, and Fourteenth Amendment Rights. *Id.* at 9–10. Plaintiff seeks injunctive relief as well as compensatory and punitive damages. *Id* at 11.

---

[5] The circumstances surrounding the alleged sexual assault are the subject of a separate suit pending in this Court. *See* Order at 2–5, *Albritton v. Carpenter*, No. 2:20cv463 (E.D. Va. May 2, 2023), ECF No. 20.

B.    **Plaintiff's Claims for Relief**

Plaintiff sets forth four numbered claims for relief in his Second Amended Complaint. *Id.* at 9–10. Within each numbered claim, however, Plaintiff broadly asserts violations of the First, Eighth, and Fourteenth Amendments against several Defendants based upon a host of allegations that may or may not apply to each Defendant listed therein. *See id.* It is therefore difficult to determine the exact nature of the claims against each Defendant.

For brevity and clarity, the Court will only list and address the claims brought against the moving Defendants, i.e., Defendants Adams, Branch, Brown, Cabell, Darden, McDonald, Rollins, and White. With respect to these Defendants, the Court construes Plaintiff's Second Amended Complaint to raise the following claims:

> **(i) First Amendment Claims:** Plaintiff brings First Amendment retaliation claims against Defendants Adams, Branch, Brown, McDonald, Rollins, and White. Plaintiff also brings First Amendment claims against Defendants Cabell, Darden, and McDonald for failing to properly respond to Plaintiff's grievances and complaints.
>
> **(ii) Eighth Amendment Claims:** Plaintiff asserts Eighth Amendment failure to protect claims against Defendants Adams, Branch, McDonald, Rollins, and White. Plaintiff also brings Eighth Amendment claims against Defendants Brown and Rollins stemming from the alleged threats they made to Plaintiff.
>
> **(iii) Fourteenth Amendment Claims:** Plaintiff brings Fourteenth Amendment due process claims against Defendants Cabell, Darden, and McDonald for failing to properly respond to Plaintiff's grievances and complaints, and a second due process claim against Defendant McDonald for moving to have Plaintiff transferred to Red Onion. Plaintiff also brings due process claims against Defendant Adams for refusing to reinstate Plaintiff to his kitchen job and Defendant Brown for threatening to find Plaintiff guilty of false disciplinary charges in order to get Plaintiff sent to Red Onion. Finally, Plaintiff vaguely asserts Fourteenth Amendment claims against Defendants Branch and White.

6

### III.    Rule 12(b)(6) Standard of Review

The moving Defendants move for dismissal of several of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. *See* Mot. Dismiss at 1; Mem. Supp. at 4–5, ECF No. 41.

A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to "allege facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson v. Portfolio Recovery Assocs., LLC,* 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Repub. Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Further, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll,* 107 F.3d 241, 243

(4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

That said, the Court is mindful that, "'where, as here, there is a *pro se* complaint raising civil rights issues,' 'liberal construction of the pleadings is particularly appropriate.'" *Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Moreover, when the Court is analyzing "a Rule 12(b)(6) motion . . . testing the sufficiency of a civil rights complaint, '[the Court] must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (emphasis in original) (quoting *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).

## IV. <u>Analysis</u>

Defendants Cabell and Darden move to dismiss all of Plaintiff's claims against them. Mem. Supp. at 4. Defendant McDonald moves to dismiss Plaintiff's Eighth Amendment failure to protect claim as well as Plaintiff's grievance-related First and Fourteenth Amendment claims. *Id.* at 5. Defendants Brown and Rollins move to dismiss Plaintiff's Eighth Amendment claims; and Defendants Adams, Branch and White move to dismiss Plaintiff's Eighth and Fourteenth Amendment claims.[6] *Id.* In

---

[6] Defendants Adams, Branch, Brown, McDonald, Rollins, and White do not move to dismiss Plaintiff's First Amendment retaliation claims. *See* Mem. Supp. at 3. Nor do Defendants Brown and McDonald seek dismissal of Plaintiff's Fourteenth

response, Plaintiff argues that he "has sufficiently alleged and established his . . . claims for relief" against all Defendants. Resp. at 4, ECF No. 45. The Court will first address Defendants Cabell and Darden's dismissal motion and will then address the remaining Defendants.

### A.     Defendants Cabell and Darden

Defendants Cabell and Darden argue that Plaintiff's First and Fourteenth Amendment claims should be dismissed because Plaintiff has failed to adequately allege that they were personally involved in any violation of his constitutional rights and that their actions in responding to Plaintiff's grievances, standing alone, cannot subject them to liability under § 1983. Mem. Supp. at 5–6. Upon careful review of Plaintiff's Second Amended Complaint, the Court agrees.

To state a viable claim under § 1983, a plaintiff must allege facts that affirmatively show "that the official charged acted *personally* in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (emphasis added) (citation omitted). The only mention of Defendants Cabell and Darden in the "Statement of Facts" section of Plaintiff's Second Amended Complaint is Plaintiff's allegation that they, and Defendant McDonald, "ignored or refused help" in response to Plaintiff's grievances and complaints. *See* Second Am. Compl. at 8.

It is well-settled that prisoners do not have a "constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Therefore, "there is no liability under § 1983 for a

---

Amendment claims regarding their alleged actions to have Plaintiff transferred to Red Onion. *Id.*

prison administrator's response to a grievance or appeal." *Brown v. Virginia Dep't of Corr.*, No. 6:07cv33, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009); *see also Gowen v. Enochs*, No. 7:20cv247, 2021 WL 960702, at *8 (W.D. Va. Mar. 15, 2021) ("[F]ailure to respond to a grievance does not give rise to a constitutional claim." (citing *Booker*, 855 F.3d at 541)). Under these principles, Plaintiff cannot state a First or Fourteenth Amendment claim against Defendants Cabell and Darden for their alleged conduct regarding his prison grievances and complaints.

Further, to the extent Plaintiff intended to assert any other claims against these Defendants, the Court finds that he failed to allege a sufficient factual basis to support such claims. Outside of their actions relating to Plaintiff's grievances, Plaintiff's Second Amended Complaint does not plausibly allege any personal involvement by Defendants Cabell and Darden. While Plaintiff is not required to set forth "detailed factual allegations," he must set forth "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, any additional intended claims against Defendants Cabell and Darden are nothing more than legal conclusions couched as factual allegations and therefore fail to state a claim upon which relief may be granted.[7] *See*

---

[7] The Court notes that Plaintiff does not allege that Defendants Cabell and Darden are liable under a theory of supervisory liability. *See* Second Am. Compl. at 2–10, ECF No. 34. Further, the Court finds that to the extent Plaintiff intended to do so, Plaintiff fails to allege sufficient facts to sustain a claim of supervisory liability even at this stage of review. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth the factors necessary to establish supervisory liability under § 1983); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (explaining that a defendant's mere status as a supervisory employee, without more, is not enough to sustain § 1983 liability).

*Twombly*, 550 U.S. at 555 (explaining that although the Court must accept as true all factual allegations in a complaint, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation").

Accordingly, for the reasons set forth above, Defendants Cabell and Darden's Motion to Dismiss is **GRANTED**, and all of Plaintiff's claims against Defendants Cabell and Darden are **DISMISSED** for failure to state a claim on which relief may be granted.

### B. Defendants Adams, Branch, Brown, McDonald, Rollins, and White

#### 1. First Amendment Claims

Defendant McDonald moves to dismiss Plaintiff's First Amendment claim regarding his alleged failure to properly respond to Plaintiff's grievances. Mem. Supp. at 9. As discussed above, there is no "constitutional entitlement or due process interest in access to a grievance procedure," *Booker*, 855 F.3d at 541, and prison officials' "failure to respond to a grievance does not give rise to a constitutional claim." *Gowen*, 2021 WL 960702, at *8 (citing *Booker*, 855 F.3d at 541). Accordingly, Defendant McDonald's dismissal motion is **GRANTED** with respect to Plaintiff's grievance-related First Amendment claim.

#### 2. Eighth Amendment Claims

Regarding his failure to protect claims, Plaintiff alleges that Defendant McDonald, along with Defendants Branch and White, "moved and placed a registered gang member" into Plaintiff's cell and that this gang member later sexually assaulted Plaintiff. Second Am. Compl. at 8. Plaintiff also claims that Defendants Rollins and

11

White "moved Plaintiff in and out of multiple gang member pods and cells" in order to cause Plaintiff "physical and emotional harm" and that Defendant Adams refused to change Plaintiff's housing assignment and remove him from the "gang member unit pod" when requested to do so. *Id.* at 2–4. These Defendants move to dismiss on the grounds that Plaintiff "does not allege facts from which the court can reasonably infer that [these] Defendants . . . acted with deliberate indifference to [Plaintiff's] safety." Mem. Supp. at 18.

It is well established that the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). However, not every harm caused by another inmate "translates into constitutional liability for prison officials responsible for the [prisoner's] safety." *Id.* at 834. In order to state an Eighth Amendment claim for failure to protect, a plaintiff must allege enough facts to plausibly suggest that (i) he was held in "conditions posing a substantial risk of serious harm," *id.* (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)); and (ii) that prison officials were deliberately indifferent to that danger. *Id.* at 837.

The Court is mindful that "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). And, "[a]ny time an individual is incarcerated, there is some risk that [the individual] may be a victim of violence at the hands of fellow inmates." *Westmoreland v. Brown*, 883 F. Supp. 67, 74 (E.D. Va. 1995). Thus, a baseline risk of assault inherent to prison life cannot support an

12

Eighth Amendment claim. *See Grieveson v. Anderson*, 538 F.3d 763, 776–77 (7th Cir. 2008).

That said, having reviewed Plaintiff's allegations and Defendants' arguments in support of their dismissal motions, the Court finds that Defendants' arguments are more properly addressed in a motion for summary judgment. Accordingly, Defendants Adams, Branch, McDonald, Rollins, and White's dismissal motion regarding Plaintiff's Eighth Amendment failure to protect claims is **DENIED without prejudice**. These Defendants may raise their arguments anew in a motion for summary judgment.

Plaintiff also asserts Eighth Amendment claims against Defendants Brown and Rollins stemming from their alleged threats to Plaintiff. *See* Second Am. Compl. at 2, 7, 10. Specifically, Plaintiff alleges that Defendant Brown threatened to find Plaintiff guilty "of every prison disciplinary charge that came across his desk" and to have Plaintiff sent to Red Onion. *Id.* at 7. Plaintiff likewise alleges that Defendant Rollins threatened him with "a hard prison life" at Sussex II and stated that Plaintiff may "ultimately end up at Red Onion or Wallens Ridge." *Id.* at 2. Defendants Brown and Rollins move to dismiss, arguing that such threats are insufficient to form the basis of an Eighth Amendment violation. Mem. Supp. at 20–21.

As this Court has explained, even "[v]erbal abuse of inmates by prison officials, without more, does not rise to the level of an Eighth Amendment violation." *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010); *see also Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." (citing *Collins v. Cundy*,

13

603 F.2d 825, 827 (10th Cir. 1979))). Accordingly, Defendants Brown and Rollins's dismissal motion is **GRANTED** as to these claims.

### 3. Fourteenth Amendment Claims

With respect to Defendant Adams, Plaintiff claims that Defendant Adams violated his due process rights by failing to reinstate Plaintiff to his job in the kitchen. *See* Second Am. Compl. at 4, 9. Defendant Adams contends that dismissal of this claim is warranted because "[p]risoners have no liberty or property interest in employment while in prison." Mem. Supp. at 22. The Court agrees.

"To state a procedural due process claim, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). A liberty interest may arise from the Constitution itself, or from state or federal laws and policies. *See Wilkinson v. Austin*, 545 U.S. 209, 220–21 (2005).

The United States Supreme Court has held that, with respect to prisoners, "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). In order to state a claim based upon a state-created liberty interest, a plaintiff "must make a threshold showing that the deprivation imposed amounts to an 'atypical and significant hardship' or that it 'inevitably affect[s] the duration of his sentence.'" *Puranda v. Johnson*, No. 3:08cv687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (alteration in original) (quoting *Sandin*, 515 U.S. at 484, 487). If the plaintiff makes this threshold showing, he or she must then identify the state regulatory or statutory

14

language that creates a protected liberty interest in remaining free from such restraint. *See id.* If a plaintiff "fails to identify a protectable liberty or property interest that is placed in jeopardy by a defendant's actions, he fails to establish that he is owed any level of procedural protection." *Williams v. Nesterick*, No. 1:19cv1605, 2021 WL 415133, at *2 (E.D. Va. Feb. 5, 2021) (citing *Wilkinson*, 545 U.S. at 221).

As courts have explained, prisoners have no constitutional right to job opportunities while incarcerated. *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980); *see also Awalt v. Whalen*, 809 F. Supp. 414, 416–17 (E.D. Va. 1992) (recognizing that prisoners do not have a constitutionally-protected right to work while incarcerated, or to remain in a particular job once assigned). "[P]rison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate." *Johnson v. Knable*, 862 F.2d 314 (4th Cir. 1988) (unpublished table decision). Accordingly, Defendant Adams's dismissal motion is **GRANTED** as to this claim.

Plaintiff also claims that Defendant McDonald violated his due process rights by failing to properly address Plaintiff's grievances and complaints. Second Am. Compl. at 8, 10. As discussed above, there is no "constitutional entitlement or due process interest in access to a grievance procedure," *Booker*, 855 F.3d at 541, and prison officials' "failure to respond to a grievance does not give rise to a constitutional claim." *Gowen*, 2021 WL 960702, at *8 (citing *Booker*, 855 F.3d at 541)). Accordingly, Defendant McDonald's dismissal motion is **GRANTED** as to this claim.

Finally, Defendants Branch and White argue that they are entitled to dismissal of any intended Fourteenth Amendment claims against them because

15

"outside of Plaintiff merely stating" that they violated his Fourteenth Amendment rights, "Plaintiff's Second Amended Complaint is devoid of any due process or Equal Protection allegations" against them. Mem. Supp. at 23. The Court agrees. The Court has reviewed all of Plaintiff's allegations and supporting exhibits and can find no basis to support Plaintiff's broad allegations. Accordingly, Defendants Branch and White's dismissal motion is **GRANTED** and Plaintiff's Fourteenth Amendment claims against them are **DISMISSED** for failure to state a claim on which relief may be granted.

## V. Conclusion

For the reasons set forth above, the moving Defendants' Motion to Dismiss, ECF No. 40, is **GRANTED in part** and **DENIED in part**. Specifically, Defendants Cabell and Darden's dismissal motion is **GRANTED** as to all of Plaintiff's claims and Defendants Cabell and Darden are **DISMISSED** from this action; Defendants Adams, Branch, McDonald, Rollins, and White's dismissal motion is **DENIED** as to Plaintiff's Eighth Amendment failure to protect claims; Defendants Brown and Rollins's dismissal motion is **GRANTED** as to Plaintiff's threat-related Eighth Amendment claims; Defendants Adams, Branch, and White's dismissal motion is **GRANTED** as to Plaintiff's Fourteenth Amendment claims; and Defendant McDonald's dismissal motion is **GRANTED** as to Plaintiff's grievance-related First and Fourteenth Amendment claims.

With respect to the Moving Defendants, this action proceeds against Defendants Adams, Branch, Rollins, and White on Plaintiff's First Amendment retaliation claims and Eighth Amendment failure to protect claims; against

Defendant Brown on Plaintiff's First Amendment retaliation claim and Plaintiff's transfer-related Fourteenth Amendment claim; and against Defendant McDonald on Plaintiff's First Amendment retaliation claim, Eighth Amendment failure to protect claims, and transfer-related Fourteenth Amendment claim.

The Clerk is **DIRECTED** to please send a copy of this Order to Plaintiff DeVinche Albritton and to defense counsel.

**IT IS SO ORDERED**.

/s/
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
August 30, 2023