IN THE UNITED STATES DISTRICT COURT
For The Eastern District of VIRGINIA
Norfolk Division

DeVinche J. AlBritton,
　　　　Plaintiff,
V.                                     Civil Action No. 2:18cv689
Lt M. Carpenter, et al,
　　　　Defendant(s)

## Plaintiff's Response to Defendant Tracey Poarch's Motion to Dismiss

COMES NOW, Plaintiff DeVinche J. AlBritton, pro se, who respectfully files this foregoing Response to Defendant Tracey Poarch's pending Motion to Dismiss for review and consideration by this Honorable Court and would therefore move for such to be Denied upon the following;

(1) Defendant Poarch's arguments that Plaintiff AlBritton's claims filed against her are time-barred and subject to dismissal are without merit and fail as a matter of fact and Law, where as clearly stated by Defendant Poarch, Plaintiff's claims against her must have been filed on or before May 23, 2021, This Courts record Docket Text shows and establishes that Plaintiff AlBritton timely filed a motion to Amend his Complaint with his Claims against defendant Poarch on September 16, 2019, which the Court on January 14, 2020, Granted Plaintiff's motion, and thereafter on January 21, 2020, Plaintiff AlBritton filed his Amended Complaint to include his

page 1

pending Constitutional Claim(s) against defendant Poarch as ordered by the Court. See (Exhibit #1, Copy of Civil Docket For Case #2:18cv00689, page(s) 3 and 4 of 5). Accordingly, by defendant Tracey Poarch's own admission via Counsel and established by the Court's record, Plaintiff's pending Claim(s) filed in his Amended Complaint on January 21, 2020, are timely as a matter of fact and Law, which can not be dismissed as time-barred.

(2) Defendant Poarch's argument that Plaintiff Albritton may have failed to exhaust his administrative remedies as they relate to his pending Claim(s) against her is without merit and must fail as a matter of Fact and Law. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies, See > Jones V. Bock, 549 U.S. 199, 127 S.Ct. 910 (2007) ("We conclude that failure to exhaust is an affirmative defense under the Prison Litigation Reform Act (PLRA), and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). The PLRA requires prisoners to exhaust "such administrative remedies as are available" before bringing an action in federal Court regarding Conditions of Confinement. see > Moore V. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Based upon the Common meaning of "available," the Fourth Circuit, in Moore, held that an administrative remedy is not considered to have been available if a prisoner, through no fault of [his] own, was prevented from availing [himself] of it. see > Aquilar-Avellaveda V. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). To be entitled to bring suit in federal Court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison

page 2

officials have been given an opportunity to address the claims administratively. Having done that, a prisoner has exhausted [his] available remedies, even if prison employees do not respond, see>-
-Dole V. Chandler, 438 F.3d 804, 809 (7th Cir. 2006)("Prison authorities may not employ their own mistake to shield them from possible liability, relying upon the likelihood that a prisoner will not know what to do when a timely appeal is never received."). When prison officials prevent inmates from using the administrative process... the process that exists on paper becomes unavailable in reality. See>-
-Hill V. O'Brien, 387 Fed. Appx. 396, 400 (4th Cir. 2010). "To be sure, if prison officials impede a prisoner's attempts to exhaust by... failing to respond to a proper grievance, a prisoner may be excused from exhaustion requirements." > Oliver V. Virginia Dep't of Corr.,-
-2010 WL 1417833, at *6 n.10 (W.D. Va. April 6, 2010). Here, Defendant Poarch has failed to meet her burden in proving Plaintiff's failure to exhaust, where evidence now presented by Plaintiff Albritton establishes that he reasonably and diligently attempted to exhaust his administrative remedies in regards to his claim(s) against defendant Poarch, where despite the fact that False and Fraudulent disciplinary charges are Non-Grievable Issues that can only be addressed through the Offender disciplinary Procedure 861.1, per VDOC Grievance Procedure 866.1 see (Exhibit #2), Plaintiff Albritton in Good faith still filed and sought remedy by first filing his Informal Complaint #SXII-19-INF-02934 (Exhibit #3) and then filing a Regular Grievance which he had his Counselor Notarize and copy as proof when he submitted it, but his Regular Grievance was never Answered or seen again. see>-
-(Exhibit #4, copy of the Regular Grievance Notarized, filed, never seen again)

page 3

Moreover, as a matter of fact defendant Poarch's (codefendant(s)) have recently stated to the Court for the record that the relevant false and fraudulent disciplinary Charge (Offense Code 112B) for which they to include defendant Poarch Identified Plaintiff Al-Britton for "Stealing State or any Person's Property" on May 23, 2019, is still currently pending against Plaintiff ongoing more than 4½ years. See (Exhibit(s) #5, copy of Codefendant(s) Partial Answer, pg 8 at #15, and Exhibit #6, copy of Codefendant(s) Answer, pg 7 at #18, both stating false and fraudulent disciplinary charge still pending against Plaintiff for a hearing). Due to the fact that the defendant(s) false and fraudulent disciplinary charge is still currently pending, there was no available administrative remedy for Plaintiff Al-Britton to use. see > Widener V. City of Bristol, 2014 WL 3058560, at *3-4 (--W.D.Va. July 2, 2014)(denying defendants' summary judgment motion based on non-exhaustion in light of evidence "that the plaintiff attempted to exhaust the administrative remedies available to him before filing this suit" and the defendants' failure to meet their burden of proving that the plaintiff's efforts did not constitute exhaustion). Accordingly, defendant Poarch's failure to exhaust argument fails where the evidence presented establishes that Plaintiff Al-Britton's substantial but futile attempts to exhaust and utilize his grievance process in regards to his current claim(s) against defendant Poarch were clearly frustrated and that such administrative remedies were never available as Plaintiff is not permitted to file any Grievance or Appeal upon a currently pending unadjudicated disciplinary Charge under Va Dept of Correction Rules & Policy.

page 4

## Closing Statement

WHEREFORE, Plaintiff DeVinche J. AlBritton prays this Honorable Court upon the review and consideration of the facts, Law, and Evidence presented in Response to Defendant Tracey Poarch's Motion to Dismiss, to Find that Defendant Poarch has failed to establish Plaintiff's claim(s) against her are time-barred and that Plaintiff's Claim(s) are properly exhausted as required by PLRA, therefore denying defendant Poarch's Motion to Dismiss with prejudice and with costs and fees to defendant and for any such other and further relief as this Court deems just for this case to proceed to jury.

Respectfully Submitted

DeVinche J. AlBritton #1016653
Sussex I State Prison
24414 Musselwhite Dr
Waverly, VA 23891

## Certificate of Service

I, DeVinche J. AlBritton, do swear that a true copy of this foregoing Response to Defendant Tracey Poarch's Motion to Dismiss has been mailed to: Attorney Melissa Y. York (VSB No. 77493) Hannan, Clayton, Corrigan & Wellman, P.O. Box 70280, Richmond, Virginia 23255, for defendant Poarch; and to: Megan L. O'Brien, Office of the VA Attorney General, 202 North 9th Street, Richmond, Virginia 23219, for the remaining defendant(s) on this 6th day of November 2023.

DeVinche J. AlBritton
#1016653

page 5



(Exhibit #2)

**Lt. Parris**
*Reporting Officer May 23, 2019 Sussex II State Prison*

**Defendant**

**Ms. Poarch**
*Former Food Service Contractor Kitche Supervisor Sussex II Prison*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/07/2020 | 27 | Submission by Plaintiff. Request for copy of docket sheet. (Attachments: # 1 Envelope)(jmey, ) (Entered: 08/07/2020) |
| 06/29/2020 | 26 | Submission by Plaintiff. Consent to Magistrate Judge. (jmey, ) (Entered: 06/30/2020) |
| 06/29/2020 | 25 | MOTION to Amend 20 Amended Complaint, by DeVinche Albritton. (Attachments: # 1 Envelope)(jmey, ) (Entered: 06/30/2020) |
| 05/06/2020 | 24 | EMERGENCY MOTION for Preliminary Injunction by DeVinche Albritton. (Attachments: # 1 Letter, # 2 Envelope)(jmey, ) (Entered: 05/06/2020) |
| 04/20/2020 | 23 | MOTION to Amend/Correct 20 Amended Complaint by DeVinche Albritton. (Attachments: # 1 Envelope)(jmey, ) (Entered: 04/22/2020) |
| 03/17/2020 | 22 | MOTION to Amend/Correct 20 Amended Complaint, by DeVinche Albritton. (Attachments: # 1 Proposed Amended Complaint Part 1, # 2 Proposed Amended Complaint Part 2, # 3 Envelope)(jmey, ) (Entered: 03/17/2020) |
| 02/21/2020 | 21 | MOTION for Preliminary Injunction, MOTION for Temporary Restraining Order by DeVinche Albritton. (Attachments: # 1 Letter, # 2 Envelope)(jmey, ) (Entered: 02/24/2020) |
| 01/21/2020 | 20 | AMENDED COMPLAINT against Ms. Adams, Tony Darden, Officer Liggins, Lt. Liptrot, Wanda Rollins, Ms. Taylor, Lt. Melissa Carpenter, Beth Cabell, Anita Critton, Mr. Turner, M. Vandermark, Captain Gill, Mr. Brown, Lt. Parris, Ms. Poarch, filed by DeVinche Albritton. (Attachments: # 1 Proposed Summons, # 2 Envelope)(jmey, ) (Entered: 01/22/2020) |
| 01/14/2020 | 19 | ORDER. It is ORDERED that 13 Motion to Amend/Correct and 17 Motion to Amend/Correct are GRANTED. Plaintiff is ORDERED to file his Amended Complaint within thirty days of the date of entry of this Order. 14 Request for Admission and/or Motion for Issuance of Subpoenas is DENIED without prejudice. 16 Motion to Compel is DENIED without prejudice. The Clerk is DIRECTED to send a copy of this Order to Plaintiff, and to send a copy of the Court's questionnaire to Plaintiff to assist Plaintiff in filing his Amended Complaint. Signed by District Judge Arenda L. Wright Allen on 1/14/2020. Copies mailed |

| | | |
|---|---|---|
| | | 1/15/2020. (Attachments: # 1 Questionnaire) (jmey, ) (Entered: 01/15/2020) |
| 12/09/2019 | 18 | Plaintiff's Request for Admission by DeVinche Albritton. (jmey, ) (Entered: 12/10/2019) |
| 12/09/2019 | 17 | MOTION to Amend and Supplement 1 Complaint by DeVinche Albritton. (Attachments: # 1 Envelope)(jmey, ) (Entered: 12/10/2019) |
| 11/27/2019 | 16 | MOTION to Compel by DeVinche Albritton. (Attachments: # 1 Attachment A, # 2 Attachment B, # 3 Letter, # 4 Envelope)(epri, ) (Entered: 11/27/2019) |
| 09/20/2019 | 15 | Plaintiff's Interrogatories by DeVinche Albritton. (jmey, ) (Entered: 09/23/2019) |
| 09/20/2019 | 14 | Request for Admission and/or MOTION for Issuance of Subpoenas by DeVinche Albritton. (Attachments: # 1 Envelope)(jmey, ) (Entered: 09/23/2019) |
| 09/16/2019 | 13 | MOTION to Amend 1 Complaint by DeVinche Albritton. (Attachments: # 1 Envelope)(jmey, ) (Entered: 09/17/2019) |
| 05/21/2019 | 12 | Initial Partial Filing fee: $ 17.53, receipt number 24683042201 (tlev, ) (Entered: 05/21/2019) |
| 05/03/2019 | 11 | ORDER granting 3 Motion for Leave to Proceed in forma pauperis. The Court DIRECTS Plaintiff to pay an initial partial filing fee of $17.53 within 30 days of the date of entry of this Order. After Plaintiff has submitted the initial partial filing fee, the Clerk is DIRECTED to establish an account for the receipt of installment payments. Signed by District Judge Arenda L. Wright Allen on 5/2/19. (copy mailed 5/3/19) (afar) (Entered: 05/03/2019) |
| 04/15/2019 | 10 | Prisoner Trust Fund Account Statement. (jmey, ) (Entered: 04/15/2019) |
| 04/05/2019 | 9 | Letter to Inmate Financial Accounts Officer, Sussex II State Prison. (jmey, ) (Entered: 04/10/2019) |
| 03/13/2019 | 8 | ORDER. 4 Motion for Non-Joinder of Parties is DENIED without prejudice. 7 Motion for TRO and Preliminary Injunction is DENIED without prejudice. The Clerk is DIRECTED to send a copy of this Order to Plaintiff. Signed by District Judge Arenda L. Wright Allen on 3/12/2019. Copies mailed 3/12/2019.(jmey, ) (Entered: 03/13/2019) |
| 02/27/2019 | 7 | MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction by DeVinche Albritton. (Attachments: # 1 Envelope) (jmey, ) (Entered: 02/28/2019) |
| 02/21/2019 | 6 | Consent to Collection of Fees by DeVinche Albritton. (Attachments: # 1 Envelope)(jmey, ) (Entered: 02/25/2019) |
| 02/11/2019 | 5 | ORDER. If Plaintiff wishes to proceed with this action, he is ORDERED to either sign the enclosed consent to collection of fees form and RETURN IT TO THE COURT or to submit the full filing fee of $350.00 |

*(Exhibit #1)*

| | | | |
|---|---|---|---|
| | | | within thirty (30) days from the date of this Order. The Clerk is DIRECTED to send a copy of "Selected Procedural Information for Prisoners Who Have Filed a Civil Rights Complaint" to Plaintiff. Plaintiff is DIRECTED to comply with the procedural requirements outlined in that document. The Clerk is FURTHER DIRECTED to send a copy of this Order and the Consent to Collection of Fees form to Plaintiff. Signed by District Judge Arenda L. Wright Allen on 2/8/2019. Copies mailed 2/11/2019. (Attachments: # 1 Consent to Collection of Fees and Selected Procedural Information for Prisoners Who Have Filed a Civil Rights Complaint)(jmey, ) (Entered: 02/11/2019) |
| 02/01/2019 | | 4 | MOTION by DeVinche Albritton. (Attachments: # 1 Envelope)(jmey, ) (Entered: 02/07/2019) |
| 01/22/2019 | 🔒 | 3 | MOTION for Leave to Proceed in forma pauperis by DeVinche Albritton. (Attachments: # 1 Envelope)(jmey, ) (Entered: 01/23/2019) |
| 01/04/2019 | | 2 | ORDER. If Plaintiff wishes his submission to be considered by the Court, he is DIRECTED to either remit the statutory filing fee of $350.00 or complete and submit an in forma pauperis application within thirty (30) days from the date of this Order. The Clerk is DIRECTED to send a copy of this Order with a copy of the Court's in forma pauperis application to Plaintiff. Signed by District Judge Arenda L. Wright Allen on 1/4/2019. Copies mailed 1/7/2019. (Attachments: # 1 Affidavit in Support of Request to Proceed in forma Pauperis)(jmey, ) Modified on 1/7/2019 to edit docket text. (jmey, ) (Entered: 01/07/2019) |
| 12/28/2018 | | 1 | COMPLAINT, (Conditionally Filed) against Ms. Adams, Beth Cable, S. Carpenter, Tony Darden, Officer Liggins, Lt. Liptrot, Wanda Rollins, Ms. Taylor, Ms. Wallace, filed by DeVinche Albritton. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Letter, # 28 Envelope) (afar) (Entered: 12/28/2018) |

(Exhibit #2)

VIRGINIA DEPARTMENT OF CORRECTIONS
Offender Grievance Procedure Notification

Effective Date: July 1, 2016
Operating Procedure 866.1 Attachment 1

# Offender Grievance Procedure Notification

This document serves to notify offenders of the grievance procedure which is available to address complaints within the Virginia Department of Corrections (DOC).

Operating Procedure 866.1 *Offender Grievance Procedure* outlines statewide provisions for grievance processes in DOC facilities. Each facility has an Implementation Memorandum which outlines how the grievance process operates at that facility. Each facility also employs an Institutional Ombudsman Grievance Coordinator who is responsible for the day to day operation and overall monitoring of the facility's Offender Grievance Procedure.

Federal and state laws require offenders to exhaust available administrative processes prior to filing lawsuits concerning conditions of incarceration. An offender must complete the REGULAR grievance procedure prior to initiating such litigation; the filing of an emergency grievance does not satisfy the exhaustion requirement.

Each offender is entitled to use the Offender Grievance Procedure. All offenders are to receive an explanation of the facility's Offender Grievance Procedure during orientation.

Offenders are advised they are accountable for how they use the grievance process. Using threatening or vulgar insolent language against employees may be dealt with under Operating Procedure 861.1, *Offender Discipline*. Additionally, offenders using the process other than in good faith may be limited by the Facility Unit Head.

In accordance with Operating Procedure 866.1 *Offender Grievance Procedure*:

- Grievable issues include:
  - Procedures of the facility, region, division and department which affect the grievant personally
  - Actions of individual employees and/or offenders which affect the grievant personally, including any denial of access to the grievance procedure
  - Reprisals against the grievant for filing a grievance or appeal
  - Issues concerning the Department's administration of the Interstate Compact Agreement which affect the grievant personally
  - Any other matters relating to the conditions of care or supervision within the authority of the Department which affect the grievant personally
- Non-grievable issues include:
  - Disciplinary hearing decisions, penalties, and/or procedural errors which may be appealed in accordance with Operating Procedure 861.1, *Offender Discipline*.
  - State and Federal court decisions, laws, and regulations
  - Policies, procedures and decisions of the Parole Board, Board of Corrections, Virginia Department of Transportation (VDOT), and other agencies
  - Other matters beyond the control of the Department
- An offender must try to informally resolve the issue prior to filing a regular grievance. The attempt at informal resolution must be documented by an *Informal Complaint* or other acceptable documentation submitted with the grievance.
- Regular grievance forms are available to all offenders during waking hours.
- An offender has 30 calendar days from the date of incident occurrence to file a regular grievance with the facility where the incident occurred.
- All regular grievances should be submitted by the offender to the Facility Unit Head's Office in accordance with the facility's Implementation Memorandum.
- A grievance regarding an allegation of sexual abuse is exempt from informal resolution requirements, exempt from 30 day filing deadline, and may be initiated by a third party on the victim's behalf.
- There is an emergency grievance procedure for situations which may subject the offender to immediate risk of serious personal injury or irreparable harm. Emergency grievance forms are available on a 24 hour basis. There is an eight (8) hour time limit on this type of grievance due to the serious nature of the complaint.
- Operating Procedure 866.1 and the Implementation Memorandum are available for review in locations accessible to offenders. For details of the grievance process at any facility, please review the Implementation Memorandum and/or consult with the Institutional Ombudsman/Grievance Coordinator.



VIRGINIA
DEPARTMENT OF CORRECTIONS

JUN 12 2019

Exhibit #3
Informal Complaint 866-F3 4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: A. Britton Devinche
Offender Number: 1016653
Housing Assignment: 2 Delta #30

Individuals Involved in Incident: Ms Poarch and Trinity Group Inc
Date/Time of Incident: June 12, 2019 3am

☐ Unit Manager/Supervisor  ☒ Food Service  ☐ Institutional Program Manager
☐ Personal Property  ☐ Commissary  ☐ Mailroom
☐ Medical Administrator  ☒ Other (Please Specify): Warden Cabell

Briefly explain the nature of your complaint (be specific): That on June 12, 2019, my 1st, 8th and 14th Amendment Rights were violated by Employees working for the Trinity Group Inc out of Oldsman Florida, who without cause terminated me from my work assignment in violation of my Due Process Rights where I was never served notice, given a suspension pending a disposition and that I was found not guilty of an alleged false charge, I was terminated out of retaliation and in discrimination of my Rights upon which I will seek damage from Trinity Group Inc if it is not corrected.

Offender Signature: [signature]
Date: June 12, 2019

---

**Offenders - Do Not Write Below This Line**

Date Received: 6/12/19
Response Due: 6/27/19
Tracking #: 62934
Assigned to: Food Service

Action Taken/Response: A Suspension was written. And an termination was written for taking unauthorize items from kitchen

Respondent Signature: [signature]
Printed Name and Title: T Poarch
Date: 6/14/19

**WITHDRAWAL OF INFORMAL COMPLAINT:**
I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____  Date: _____
Staff Witness Signature: _____  Date: _____

Revision Date: 4/28/17

VIRGINIA
DEPARTMENT OF CORRECTIONS

(Exhibit #4)

Regular Grievance 866 F

## REGULAR GRIEVANCE


R. OWEN
NOTARY PUBLIC
Commonwealth of Virginia
Registration #7505929
My Commission Expires 7/31/19

Log Number: _____

| Last Name, First: AlBritton DeVinche | Number: 1016653 | Building: 1 Delta | Cell/Bed Number: 30-B |

Individuals Involved in Incident: Ms Poarch and Trinity Group, Inc

Date/Time of Incident: 6-12-19, 3am

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint response or other documentation of informal process.) That I am dissatisfied with the response given to my Informal Complaint #SXII-19-INF-02934 Stating that my 1st, 8th, and 14th Amendment Rights were Violated by Employees working for Trinity Group, Inc., out of Oldsmar Florida, who without cause terminated me without Due Process based upon a falsely alleged Stealing charge that was later dismissed where the charge was written out of spite and in retaliation and that I was never given no such paperwork of any Suspension or Termination per O.P. 841, as to afford me any opportunity to challenge and prove my Innocence of that charge, where on June 12, 2019 when I went into work upon being told the charge was being dismissed I was told to leave, that I was fired because of the charge which was obviously the result of discriminatory and retaliatory practices condoned by Trinity Group, Inc. which has caused me to suffer loss and position I was never to this day given paperwork or due process prior to being Terminated which was unwarranted.

**What action do you want taken?** I respectfully request that I be reinstated back to my work assignment in the kitchen as the false charge of stealing which was the basis of my Termination was dismissed as I was Innocent and that I be given back pay for the loss of work hours where I could have been working, as I was never given Due Process

Grievant's Signature: _[signature]_   Date: June 21, 2019

Warden/Superintendent's Office: _____

Date Received: _____

1 of 2

Revision Date: 4/28/1

(Exhibit #5)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

DEVINCHE ALBRITTON,

      Plaintiff,

v.                                        CASE NO. 2:18cv689

S. CARPENTER, et al.,

      Defendants.

## PARTIAL ANSWER

Defendants Carpenter, Critton, Turner, Parris and Foster ("Defendants"),[1] by counsel, hereby submit the following Partial Answer to the Plaintiff's Second Amended Complaint (ECF No. 34). Defendants interpret Plaintiff's Second Amended Complaint to allege the following claims against these Defendants as outlined below:[2]

---

[1] On February 6, 2023, Defendants Adams, Branch, Brown, Cabell, Darden, McDonald, Rollins and White filed a motion to dismiss for failure to state a claim. (ECF Nos. 40-41). On the same day, Defendants Adams, Branch, Brown, Gill, McDonald, Rollins, Vandermark and White filed a partial answer. (ECF No. 42). In response to the Court Order entered May 9, 2023 (ECF No. 49), undersigned counsel entered her appearance and accepted service on behalf of Defendants Coleman, Critton, Foster, Liptrot, Parris and Turner on June 5, 2023. (ECF Nos. 54-55). On the same day, undersigned counsel declined to accept service as to Defendants Smith, Carpenter and Poarch. (ECF No. 56). On June 7, 2023, undersigned counsel entered her appearance and accepted service on behalf of Defendant Carpenter. (ECF Nos. 57-58). Accordingly, undersigned counsel currently does not represent Defendants Smith and Poarch and is not addressing the claims alleged against them.

[2] Plaintiff begins stating his claims on page 9 of 12, titled "Plaintiff's Civil Rights Violated." *See* ECF No. 34. Plaintiff names every enumerated paragraph (Claim #1-#4) as a separate claim. Within each paragraph, Plaintiff has written multiple claims against multiple Defendants. At the end of each paragraph, Plaintiff identifies what paragraphs under his "Statement of the Fact(s)" apply to each claim. The undersigned has attempted to discern Plaintiff's claims to the best of her abilities and has established this list of counts. Should the Court identify any additional claims or issues for which it deems a response necessary, Defendants respectfully request an additional opportunity to respond to those allegations. The other claims against Defendants

| | |
|---|---|
| **Count 1:** | Defendants Rollins, White and Adams violated Plaintiff's First Amendment rights by retaliating against him for filing lawsuits and exhausting his administrative remedies through the prison grievance process. (ECF No. 34, at 9, "Claim #1" and ¶¶ 2-3 and 9). |
| **Count 4:** | Defendant Gill violated Plaintiff's First Amendment rights to be free from retaliation by processing a false disciplinary charge against him for stealing. (ECF No. 34, at 9, "Claim #2" and ¶ 16). |
| **Count 5:** | Defendant Gill violated Plaintiff's Fourteenth Amendment rights to due process by processing a false disciplinary charge against him for stealing. (*Id.*). |
| **Count 6:** | Defendants Brown and Vandermark violated Plaintiff's First Amendment rights by retaliating against him for filing lawsuits and grievances. (ECF No. 34, at 10, "Claim #3" and ¶¶ 20-23). |
| **Count 8:** | Defendant Brown violated Plaintiff's Fourteenth Amendment rights to due process when he tried him and found him guilty of multiple false disciplinary charges, including unserved disciplinary charges. (ECF No. 34, at 10, "Claim #3" and ¶¶ 20-23). |
| **Count 9:** | Defendant Vandermark violated Plaintiff's Fourteenth Amendment rights to due process when she charged him with a false disciplinary charge for abuse of the mail. (ECF No. 34, at 10, "Claim #3" and ¶ 22). |
| **Count 11:** | Defendants McDonald, Branch and White violated Plaintiff's First Amendment rights by retaliating against him for filing lawsuits and grievances. (ECF No. 34, at 10, "Claim #4" and ¶¶ 25-27). |
| **Count 14:** | Defendant McDonald violated Plaintiff's Fourteenth Amendment rights to due process by reviewing his good time level and transfer recommended during his Institutional Classification Authority Hearing. (ECF No. 34, at 10, "Claim #4" and ¶ 27).[3] |
| **Count 15:** | Defendants Carpenter and Critton violated Plaintiff's First Amendment rights by retaliating against him for filing lawsuits and exhausting his administrative remedies through the prison grievance process. (ECF No. 34, at 9, "Claim #1-2" and ¶¶ 2-3, 9, 12 and 18). |

---

Liptrot (Count 19), Coleman (Count 22), Carpenter (Counts 17-18), Critton (Count 17) and Turner (Counts 21-22 and 25) are the subject of a Partial Motion to Dismiss and Memorandum in Support filed this same day.

[3] On February 6, 2023, Defendants Rollins, White, Adams, Gill, Brown, Vandermark, McDonald and Branch submitted a partial answer as to the above-stated claims, Counts 1, 4-6, 8-9, 11 and 14. (ECF No. 42).

2

(Exhibit #5)

8.    Plaintiff was housed in general population from September 21, 2018 through April 29, 2020.

9.    There are no keep separates or enemies recorded for Plaintiff.

10.    Defendants deny that disciplinary charges were placed against Plaintiff in retaliation for Plaintiff's litigation, grievance filings, or any other protected speech.

11.    Defendants deny ever having any intent to retaliate against Plaintiff.

12.    Defendants deny threatening and/or harassing Plaintiff.

13.    Defendants deny filing "fabricated" or "false" institutional disciplinary offense(s) against Plaintiff.

14.    On May 23, 2019, an institutional charge of "Stealing State or any Person's Property" (Offense Code 111B) was placed against Plaintiff by Defendant Parris. Defendant Gill admits he was the Officer-in-Charge. Defendant Parris reported that Plaintiff was observed with a bag of dates lying next to his feet during a shakedown in Dining B Hall of kitchen workers getting off of work. Multiple food items were located in the dining hall, and Plaintiff admitted to Defendant Parris that he had taken these items from the dining hall. On or about September 23, 2019, per the reporting officer, Defendant Parris, the charge was dismissed.

★ 15.    On May 23, 2019, an institutional charge of "Stealing State or any Person's Property" (Offense Code 111B) was placed against Plaintiff by Defendant Brown. Defendant Gill admits he was the Officer-in-Charge. Defendant Brown found stolen items dropped from offenders among the dining hall. From review of the rapid eye camera footage, Defendant Brown observed Plaintiff, as identified by Ms. Poarch and Ms. Green, non-party, drop stolen kitchen items from his person. Plaintiff admitted to having stolen items from the kitchen. To date, a hearing officer has not been assigned and there is a pending penalty offer.

8

employed at St. Brides Correctional Center from on or about October 2017 up and until July 9, 2018, was a Corrections Officer at Sussex II from on or about July 10, 2018 up and until September 24, 2019, and was a Lieutenant at Sussex II from on or about September 25, 2019 up and until December 24, 2020 when he promoted to Captain up and until his retirement on January 1, 2023; and Defendant Kenneth Turner was a Unit Manager at Sussex II from on or about October 25, 2018 up and until December 1, 2021 when he retired – prior to being a Unit Manager, Turner was a Lieutenant at Sussex II.

3. On or about September 7, 2017, Plaintiff was transferred to Sussex II State Prison from Sussex I State Prison.

4. Plaintiff was housed in general population from September 7, 2017 until March 23, 2018.

5. From March 23, 2018 until April 7, 2018, Plaintiff was placed in the Restrictive Housing Unit ("RHU") for possessing intoxicants. On or about March 26, 2018, at Plaintiff's Institutional Classification Authority ("ICA") hearing, it was determined that Plaintiff's internal status changed to segregation-pre-hearing detention.

6. From August 3, 2018 until August 17, 2018, Plaintiff was placed in the RHU pending investigation. On or about August 8, 2018, at Plaintiff's ICA hearing, it was determined that Plaintiff would remain on RHU status pending investigation and Plaintiff's internal status changed to segregation-investigation on or about August 9, 2018.

7. From August 30, 2018 until September 21, 2018, Plaintiff was placed in the RHU pending investigation. On or about September 5, 2018, at Plaintiff's ICA hearing, it was determined that Plaintiff's internal status changed to segregation-investigation.

(Exhibit #6)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEVINCHE ALBRITTON,

        Plaintiff,

v.                                        CASE NO. 2:18cv689

S. CARPENTER, et al.,

        Defendants.

## ANSWER

Defendants Adams, Branch, McDonald, Rollins and White ("Defendants"),[1] by counsel, hereby submit the following Answer to the Eighth Amendment failure to protect claims alleged against them in Counts 2 and 12 only, as Defendants' Adams, Branch, Brown, Cabell, Darden, McDonald, Rollins and White motion to dismiss (ECF Nos. 40-41) was partially granted on

---

[1] On February 6, 2023, Defendants Rollins, White, Adams, Gill, Brown, Vandermark, McDonald and Branch submitted a partial answer as to the above-stated claims, Counts 1, 4-6, 8-9, 11 and 14. (ECF No. 42). On the same day, Defendants Adams, Branch, Brown, Cabell, Darden, McDonald, Rollins and White filed a motion to dismiss for failure to state a claim. (ECF Nos. 40-41). In response to the Court Order entered May 9, 2023 (ECF No. 49), undersigned counsel entered her appearance and accepted service on behalf of Defendants Coleman, Critton, Foster, Liptrot, Parris and Turner on June 5, 2023. (ECF Nos. 54-55). On the same day, undersigned counsel declined to accept service as to Defendants Smith, Carpenter and Poarch. (ECF No. 56). On June 7, 2023, undersigned counsel entered her appearance and accepted service on behalf of Defendant Carpenter. (ECF Nos. 57-58). Accordingly, undersigned counsel currently does not represent Defendants Smith and Poarch. On July 10, 2023, Defendants Carpenter, Coleman, Critton, Liptrot and Turner filed a motion to dismiss for failure to state a claim. (ECF Nos. 61-62). On the same day, Defendants Carpenter, Critton, Turner, Parris and Foster filed a Partial Answer. (ECF No. 64). On July 24, 2023, Plaintiff moved for an extension of time to file a response to Defendants' Carpenter, Coleman, Critton, Liptrot and Turner dispositive motion. (ECF No. 65). As of the date of this filing, the Court has not ruled upon Defendants' Carpenter, Coleman, Critton, Liptrot and Turner motion to dismiss for failure to state a claim or Plaintiff's request for additional time to respond to these Defendants' dispositive motion.

*(Exhibit #6)*

13. Defendants deny that disciplinary charges were placed against Plaintiff in retaliation for Plaintiff's litigation, grievance filings, or any other protected speech.

14. Defendants deny ever having any intent to retaliate against Plaintiff.

15. Defendants deny threatening and/or harassing Plaintiff.

16. Defendants deny filing "fabricated" or "false" institutional disciplinary offense(s) against Plaintiff.

17. On May 23, 2019, an institutional charge of "Stealing State or any Person's Property" (Offense Code 111B) was placed against Plaintiff by Defendant Parris. Defendant Gill admits he was the Officer-in-Charge. Defendant Parris reported that Plaintiff was observed with a bag of dates lying next to his feet during a shakedown in Dining B Hall of kitchen workers getting off of work. Multiple food items were located in the dining hall, and Plaintiff admitted to Defendant Parris that he had taken these items from the dining hall. On or about September 23, 2019, per the reporting officer, Defendant Parris, the charge was dismissed.

※ 18. On May 23, 2019, an institutional charge of "Stealing State or any Person's Property" (Offense Code 111B) was placed against Plaintiff by Defendant Brown. Defendant Gill admits he was the Officer-in-Charge. Defendant Brown found stolen items dropped from offenders among the dining hall. From review of the rapid eye camera footage, Defendant Brown observed Plaintiff, as identified by Ms. Poarch and Ms. Green, non-party, drop stolen kitchen items from his person. Plaintiff admitted to having stolen items from the kitchen. To date, a hearing officer has not been assigned and there is a pending penalty offer.

19. On May 30, 2019, an institutional charge of "Unauthorized use or abuse of mail or telephone" (Offense Code 228) was placed against Plaintiff by Correctional Officer Phat, non-party. Officer Phat reported that Plaintiff made a three-way telephone call to an attorney's office in the

7