IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEVINCHE ALBRITTON,

   Plaintiff,

v.                                                  Case No. 2:18-cv-689

LT. M. CARPENTER, et al.,

   Defendants.

### DEFENDANT TRACIE POARCH'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

**I.   INTRODUCTION**

Defendant Tracie Poarch ("Poarch") is entitled to summary judgment. Plaintiff's response contained no evidence to controvert her Motion. Plaintiff failed to respond to Poarch's Statement of Undisputed Material facts, deeming them admitted, and failed to provide his own statement of undisputed facts. Plaintiff instead inappropriately focuses on the future, claiming he will later provide evidence proving claims unrelated to Poarch's Motion. Plaintiff provided no response to the arguments that his claims were time-barred and that he failed to exhaust his administrative remedies. This is insufficient and Poarch is entitled to summary judgment.

**II.   ARGUMENT**

    **a.   Plaintiff failed to produce any evidence to controvert Poarch's Motion.**

Plaintiff has provided no evidence to oppose Poarch's Motion and summary judgment is proper. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 938 (7th Cir. 2021) (internal citation omitted). Plaintiff produces only an affidavit which does not address the arguments in Poarch's

Motion and instead suggests he will prove his claims to a jury at a later date, (ECF Doc. 100, p. 3). This is woefully insufficient. "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Plaintiff has not. Summary judgment is appropriate.

      **b.** **Plaintiff failed to respond to Poarch's statement of undisputed facts and this Court may thereby consider them admitted, especially because he failed to file his own statement of undisputed facts.**

Plaintiff has failed to abide by local rules and Poarch's facts should be deemed admitted. Local Rule 56 requires that "A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." E.D. Va. Loc. R. 56. Plaintiff did neither, instead attaching an affidavit that has no bearing on the arguments in Poarch's Motion. This Court should deem Poarch's facts admitted, determine that there are no facts in dispute, and grant Poarch's Motion.

      **c.** **Plaintiff failed to provide any evidence or law controverting the argument that his claims are time-barred.**

Plaintiff failed to bring his suit relating to his allegations against Poarch in a manner accepted by this Court until well over two years after the alleged incident. Plaintiff provided no evidence to controvert this fact.

Plaintiff alleges that Poarch retaliated against him on May 23, 2019, therefore claims related to this alleged event must have been filed on or before May 23, 2021. Plaintiff filed his Second Amended Complaint, the current operative pleading and first pleading accepted by this Court which stated a claim against Poarch, on January 24, 2022, nearly a year after the statute of limitations had expired. (ECF Doc. 34). This active document contains, for the first time in this litigation, an allegation that Poarch retaliated against Plaintiff, but was filed after the expiration of the statute of limitations. Poarch is entitled to dismissal with prejudice. As Plaintiff provided no evidence to contradict any of Poarch's arguments, Poarch is entitled to summary judgment.

### d. **Plaintiff failed to exhaust his administrative remedies.**

Plaintiff has failed to exhaust his administrative remedies as they relate to Poarch. He filed no grievance relating to Poarch or relating to any conduct on May 23, 2019. A single grievance has appeared in the record that could even obliquely relate to the suit. The informal grievance does not mention Poarch and appears to be unrelated to the suit: it references conduct on June 12, 2019, instead of the alleged May 23, 2019, conduct that is the subject of this suit. "Exhaustion is required… even if the relief sought is not available via the grievance process," *Tucker v. Nash*, No. 1:22CV1286 (RDA/WEF), 2023 WL 3506460, at *2 (E.D. Va. May 17, 2023). Plaintiff did not do exhaust his administrative remedies and Poarch is entitled to summary judgment. Because Plaintiff chose to not address exhaustion in his response Poarch is entitled to summary judgment.

### III.   CONCLUSION

Plaintiff has failed to produce any evidence contradicting Poarch's motion. Plaintiff's suit is time barred and he failed to exhaust his administrative remedies. Poarch is entitled to summary judgment.

**TRACIE POARCH**

By Counsel

/s/
Melissa Y. York (VSB No. 77493)
Counsel for Tracie Poarch
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
myork@hccw.com

# **C E R T I F I C A T E**

      I hereby certify that on the 27th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Vincent Leonard Robertson, Sr
Correctional Litigation
Office of the Attorney General
202 N. 9th Street, Ste 620c
Richmond, VA 23219
804-482-2258
Email: vrobertsonsr@oag.state.va.us

Andrew Russell Page
Office of the Attorney General
Correctional Litigation
202 North Ninth Street
Richmond, VA 23219
757-786-2071
Email: arpage@oag.state.va.us

And a copy was sent via U.S. Mail to the following non-participant in CM/ECF:

DeVinche Albritton
#1016653
VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

/s/_____
Melissa Y. York (VSB No. 77493)
Counsel for Tracie Poarch
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
myork@hccw.com